# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: Association of New Jersey Rifle and Pistol Clubs, Inc. et al. v. Christopher J. Christie, Governor of the State of New Jersey et al.

USCA NO.: 12-1624

LOWER COURT or AGENCY and DOCKET NUMBER:
District of New Jersey 10-cv-271

NAME OF JUDGE: Honorable Joel Pisano, U.S.D.J.

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

(1) The action is brought pursuant to 42 U.S.C. § 1983 for deprivation of civil rights, arising from (i) the direct preemption of New Jersey's handgun rationing law by 15 U.S.C. § 5001(g)(ii); and (ii) the illusory nature and administration of "exemptions" under that law. (2) Appellants are: four individuals who (after prequalifying and waiting months to obtain purchase permits) seek to purchase more than one handgun within a 30 day period, and/or seek to obtain statutory exemptions to New Jersey's one handgun per month restriction; (ii) one licensed retail firearms dealer that seeks to sell more than one handgun per month to prequalified individuals who have obtained permits; and one membership organization with representational standing. Appellees are the Governor and Attorney General of New Jersey, the Superintendent of New Jersey State Police, and a municipality unlawfully restricting the number of handgun purchase permits an applicant may obtain at one time in direct violation of law. (3) Appellants seek declaratory and injunctive relief, attorney's fees, and costs. Appellants do not seek money damages. (4) Appellants appeal from an Opinion and Order entered on 6/14/10 denying Plaintiffs' motion for a preliminary and permanent injunction and granting the motion of the State Defendants to dismiss Counts One and Two of the Amended Complaint; and an Opinion and Final Judgment entered on 2/2/12 granting Defendants' motions to dismiss Plaintiffs' federal claims denying Plaintiffs' summary judgment motion, and declining to exercise supplemental jurisdiction over Plaintiffs' state law claims.

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

Order entered June 14, 2010 (Doc. No. 51)
Opinion dated June 14, 2010 (Doc. No. 50)
Final Judgment and Order entered February 2, 2010 (Doc. No. 104)
Opinion dated February 2, 2010 (Doc. No. 103)

CONCISE SUMMARY OF THE CASE (cont.)

Provide a short statement of the factual and procedural background which you consider important to this appeal:

New Jersey law unlawfully prohibits the sale of more than one handgun in a 30-day period, in violation of an explicit federal preemption contained in 15 U.S.C. § 5001(g)(ii) which prevents states from prohibiting the sale of certain firearms. Yet this is precisely what the law does, because under pre-existing, well-established, and unseverable New Jersey law, such firearms are defined as "handguns." The law is thus preempted by federal law and cannot be saved by severance or a narrowing construction. The law also contains supposed "exemptions" for collectors and competitors. Yet those exemptions, and the forms promulgated by the State Police to implement them, render it impossible for the vast majority of collectors and competitors to actually qualify for the exemptions. This violates the Due Process clause of the Fourteenth Amendment because the law provides no genuine means or procedure to obtain the exemptions.

Identify the issues to be raised on appeal:

Whether, in light of the direct pre-emption by 15 U.S.C. § 5001(g)(ii) of the states' power to prohibit the sale of certain firearms, New Jersey's law prohibiting the sale of more than one "handgun" in a 30-day period is pre-empted.

Whether the State of New Jersey, consistent with the Due Process clause of the Fourteenth Amendment, may purport to provide a right to obtain exemptions to the prohibition on purchasing more than one handgun within a 30 day period without providing a fair means to vindicate that right.

Whether the statutory right to obtain exemptions to the prohibition on purchasing more than one handgun within a 30 day period is a liberty or property interest within the meaning of the Due Process clause of the Fourteenth Amendment.

Whether the District Court should take supplemental jurisdiction of the pleaded state law claims if one or more of the federal claims in this matter are reinstated on appeal.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record this 26th day of March, 20 12 .

/s/ Daniel L. Schmutter

Signature of Counsel

Rev. 04/2010