# United States Court of Appeals

*for the*

# Third Circuit

---

Case No. 12-1624

ASSOCIATION NEW JERSEY RIFLE AND PISTOL CLUBS,
a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A.
JOHNSON; BOBS LITTLE SPORT SHOP, a New Jersey Corporation;
VINCENT FURIO; STEVEN YAGIELLO,

*Appellants,*

— v. —

GOVERNOR OF THE STATE OF NEW JERSEY; ATTORNEY GENERAL
NEW JERSEY; COLONEL RICK FUENTES, Superintendent, Division of New
Jersey State Police; WASHINGTON TOWNSHIP, (Morris County); XYZ
MUNICIPALITIES 1-565; CITY OF HACKENSACK; LITTLE EGG HARBOR
TOWNSHIP; XYZ MUNICIPALITIES 1-563

---

ON APPEAL FROM ORDERS ENTERED IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW JERSEY, TRENTON
AT NO. 3:10-CV-00271 (JAP)

---

## APPENDIX ON BEHALF OF APPELLANTS
## VOLUME II OF II (Pages A28-A299)

---

GREENBAUM, ROWE, SMITH & DAVIS, LLP
*Attorneys for Appellants*
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
dschmutter@greenbaumlaw.com

# APPENDIX TABLE OF CONTENTS

**Volume I:**

Opinion, Filed June 14, 2010.................................................. A1

Order, Filed June 14, 2010.................................................... A12

Opinion, Filed February 2, 2012............................................. A13

Order, Filed February 2, 2012................................................ A25

Notice of Appeal, Filed March 2, 2012 .................................. A26


**Volume II:**

Docket Entries....................................................................... A28

Complaint, Filed January 17, 2010........................................ A50

Plaintiffs' Notice of Motion for Preliminary Injunction, Filed
      February 3, 2010............................................................ A72

Certification of Scott L. Bach, Esq. in Support of Plaintiffs' Motion
      for Preliminary Injunctive Relief, Filed February 3, 2101, with
      the Following Attached Exhibits:.................................... A74

      Exhibit A: State of New Jersey, Executive Department,
      Executive Order No. 145 ................................................ A88

      Exhibit B: Excerpts from Governor's Firearms Advisory Task
      Force Initial Report, Dated November 12, 2009 .......................... A92

Certification of Kaare A. Johnson in Support of Plaintiffs' Motion for
      Preliminary Injunctive Relief, Filed February 3, 2010, with the
      Following Attached Exhibits:.......................................... A94

      Exhibit A: Letter from Maureen A. Guenther to Kaare A.
      Johnson, Dated January 8, 2010 .................................... A98

      Exhibit B: Letter from Maureen A. Guenther to Kaare A.
      Johnson, Dated January 25, 2010 ................................... A99

Certification of Jonathan Friedman, M.D., Filed February 3, 2010 ....... A100

Certification of Steven Yagiello, Filed February 3, 2010 ...................... A102

Certification of Daniel Strachman, Filed February 3, 2010 ................... A105

Certification of Richard Gajda, Filed February 3, 2010 ........................ A108

Certification of Robert Viden in Support of Plaintiffs' Motion for
    Preliminary Injunctive Relief, Filed February 3, 2010 ................ A111

Plaintiffs' Proposed Order Granting Preliminary Injunction.................. A115

State Defendants' Notice of Motion for an Order Dismissing
    Plaintiffs' Complaint, Filed February 24, 2010 .......................... A119

State Defendants' Proposed Order Dismissing Complaint..................... A121

Plaintiffs' Amended Complaint, Filed March 10, 2010 ........................ A123

Plaintiffs' Proposed Order Granting Preliminary Injunction.................. A149

Certification of Vincent Furio in Support of Plaintiffs' Motion for
    Preliminary Injunctive Relief, Filed March 11, 2010, with the
    Following Attached Exhibit: ......................................................... A153

    Exhibit A: E-mail from Debbie Francica to Lieutenant Colonial
    Gilbert, Dated January 27, 2010 ................................................. A158

Stipulation of Settlement Among Plaintiffs and Defendant
    Washington Township, Filed April 14, 2010 .............................. A159

Letter from Larry R. Etzweiler, Senior Deputy Attorney General to
    the Honorable Joel A. Pisano, U.S.D.J., Dated April 16, 2010,
    with the Following Attachment: ................................................... A164

    -Letter from Major Marshall Cradock, Commanding Officer,
    Special Investigations Section, New Jersey State Police, Dated
    March 30, 2010.......................................................................... A166

Cover Letter from Craig M. Pogosky, Esq. to the United States
    District Court, Dated April 16, 2010, Enclosing Defendant, City
    of Hackensack's Motion to Dismiss............................................ A172

Defendant, City of Hackensack's Notice of Motion to Dismiss, Filed
    April 16, 2010............................................................................ A173

Certification of Joseph Zisa, Jr., Esq., Filed April 16, 2010, in Support of Defendant, City of Hackensack's Notice of Motion to Dismiss...................................................................................... A175

Defendant, City of Hackensack's Proposed Order Dismissing Complaint ................................................................................ A177

Letter from Daniel L. Schmutter, Esq. to the Honorable Joel A. Pisano, U.S.D.J., Dated April 30, 2010........................................ A179

Letter from Larry R. Etzweiler, , Senior Deputy Attorney General to the Honorable Joel A. Pisano, U.S.D.J., Dated May 17, 2010, with the Following Attachments: ................................................. A183

-Memorandum from Albert Porroni, Esq. to Paula T. Dow, Attorney General, Dated April 28, 2010 ..................................... A186

-2009 N.J. Laws Chapter 186, Approved January 12, 2010 ........ A187

Order, Filed July 23, 2010 ........................................................ A198

Letter Order, Filed September 3, 2010 .................................... A199

Plaintiffs' Second Amended Complaint, Filed October 1, 2010............ A200

State Defendants' Notice of Motion for an Order Dismissing Plaintiffs' Second Amended Complaint, Filed January 20, 2011 A229

State Defendants' Proposed Order Dismissing Second Amended Complaint .................................................................................... A231

Defendant, City of Hackensack's Notice of Motion to Dismiss Plaintiffs' Second Amended Complaint, Filed January 21, 2011 A233

Defendant, City of Hackensack's Proposed Order Dismissing Second Amended Complaint.................................................................... A235

Plaintiffs' Notice of Motion for Summary Judgment, Filed March 11, 2011 ............................................................................................ A237

Supplemental Certification of Scott Bach, Esq. in Support of
     Plaintiffs' Motion for Summary Judgment and in Opposition to
     Defendants' Motions to Dismiss the Second Amended
     Complaint, Filed March 11, 2011, with the Following Attached
     Exhibit:........................................................................................... A240

     Exhibit A: Forms S.P. 015 and S.P. 016: State of New Jersey,
     Application for Multiple Handgun Purchase Exemption Form
     and Seller/Transferor Certification................................................ A246

Supplemental Certification of Vincent Furio in Support of Plaintiffs'
     Motion for Summary Judgment and in Opposition to
     Defendants' Motions to Dismiss the Second Amended
     Complaint, Filed March 11, 2011, with the Following Attached
     Exhibit:........................................................................................... A250

     Exhibit A: Photo of Signage Stating "Firearm Rule: Applicant
     Can Only Apply for One Pistol Permit Per Month"...................... A254

Certification of Alejandro Alanso, Filed March 11, 2011 ...................... A255

Plaintiffs' Statement of Undisputed Material Facts as Contained in
     Plaintiffs' Brief, Filed March 11, 2011, in Support of Motion
     for Summary Judgment and in Opposition to Defendants'
     Motions to Dismiss the Second Amended Complaint (Brief
     Omitted).......................................................................................... A258

Plaintiffs' Proposed Order Granting Summary Judgment...................... A276

Stipulation of Settlement Among Plaintiffs' and Defendant Little Egg
     Harbor Township, Filed March 15, 2011 ...................................... A280

State Defendants' Response to Plaintiffs' Statement of Undisputed
     Material Facts, Filed April 6, 2011................................................ A283

Declaration of Gregory A. Spellmeyer, Esq. in Support of State
     Defendants' Opposition to Plaintiffs' Motion for Summary
     Judgment and in Support of Defendants' Response to Plaintiffs'
     Statement of Undisputed Material Facts, Filed April 6, 2011 ..... A297

ASSOCIATION OF NEW JERSEY RIFLE AND
PISTOL CLUBS, INC. et al v. CORZINE et al
Assigned to: Judge Joel A. Pisano
Referred to: Magistrate Judge Tonianne J. Bongiovanni
Case in other court: Third Circuit, 12-01624
Cause: 28:2201 Constitutionality of State Statute(s)

Date Filed: 01/17/2010
Date Terminated: 02/02/2012
Jury Demand: None
Nature of Suit: 950 Constitutional -
State Statute
Jurisdiction: Federal Question

**Plaintiff**

**ASSOCIATION OF NEW
JERSEY RIFLE AND PISTOL
CLUBS, INC.**
*a New Jersey Not for Profit
Corporation*

represented by **DANIEL L. SCHMUTTER**
GREENBAUM, ROWE, SMITH &
DAVIS LLP
METRO CORPORATE CAMPUS
ONE
P.O. Box 5600
WOODBRIDGE, NJ 07095-0988
(732) 549-5600
Fax: (732) 549-1881
Email:
dschmutter@greenbaumlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SCOTT L. BACH**

represented by **DANIEL L. SCHMUTTER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**KAARE A. JOHNSON**

represented by **DANIEL L. SCHMUTTER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BOB'S LITTLE SPORT SHOP,
INC.**
*a New Jersey Corporation*

represented by **DANIEL L. SCHMUTTER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**VINCENT FURIO**

represented by **DANIEL L. SCHMUTTER**
(See above for address)

THIS PAGE INTENTIONALLY LEFT BLANK

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STEVEN YAGIELLO**      represented by  **DANIEL L. SCHMUTTER**
(See above for address)
*ATTORNEY TO BE NOTICED*


V.

**Defendant**

**JON S. CORZINE**      represented by  **LARRY ROBERT ETZWEILER**
*Governor of the State of New Jersey*

OFFICE OF THE NJ ATTORNEY
GENERAL
R.J. HUGHES JUSTICE COMPLEX
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625
(609) 633-7786
Email:
larry.etzweiler@dol.lps.state.nj.us
*TERMINATED: 07/30/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**GREGORY A. SPELLMEYER**
OFFICE OF THE NJ ATTORNEY
GENERAL
LEGAL AFFAIRS & EMPLOYEE
RELATIONS
RJ HUGHES JUSTICE COMPLEX
25 MARKET STREET
PO BOX 081
TRENTON, NJ 08625
(609) 292-4478
Fax: (609) 984-9493
Email:
gregory.spellmeyer@dol.lps.state.nj.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**ANNE MILGRAM**      represented by  **LARRY ROBERT ETZWEILER**
*Attorney General of the State of New Jersey*

(See above for address)
*TERMINATED: 07/30/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**GREGORY A. SPELLMEYER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**COLONEL RICK FUENTES**          represented by **LARRY ROBERT ETZWEILER**
*Superintendent, Division of New*                        (See above for address)
*Jersey State Police*                                    *TERMINATED: 07/30/2010*
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **GREGORY A. SPELLMEYER**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**WASHINGTON TOWNSHIP**           represented by **PAULA J. DEBONA**
*(Morris County)*                                        JANSEN & DEBONA LLC
*TERMINATED: 04/14/2010*                                 413 WEST MAIN STREET
                                                         BOONTON, NJ 07005
                                                         973-334-0031
                                                         Email: pdebona@optonline.net
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**XYZ MUNICIPALITIES 1-565**

**Defendant**

**CITY OF HACKENSACK**            represented by **CRAIG M. POGOSKY**
                                                         ZISA & HITSCHERICK
                                                         77 HUDSON STREET
                                                         HACKENSACK, NJ 07601
                                                         (201)342-1103
                                                         Email: craig@zisa-law.com
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**LITTLE EGG HARBOR
TOWNSHIP**
*TERMINATED: 03/15/2011*

**Defendant**

**CHRISTOPHER J. CHRISTIE**       represented by **LARRY ROBERT ETZWEILER**
                                                         OFFICE OF THE NJ ATTORNEY

GENERAL
R.J. HUGHES JUSTICE COMPLEX
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625
(609) 633-1971
Email:
larry.etzweiler@dol.lps.state.nj.us
*TERMINATED: 07/30/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**GREGORY A. SPELLMEYER**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**PAULA T. DOW**                     represented by **LARRY ROBERT ETZWEILER**
(See above for address)
*TERMINATED: 07/30/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**GREGORY A. SPELLMEYER**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**XYZ MUNICIPALITIES 1-563**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/17/2010 | 1 | COMPLAINT against JON S. CORZINE, RICK FUENTES, ANNE MILGRAM, WASHINGTON TOWNSHIP, XYZ MUNICIPALITIES 1-565 ( Filing fee $ 350 receipt number 2905043.), filed by SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., KAARE A. JOHNSON. (Attachments: # 1 Civil Cover Sheet)(eaj) (Entered: 01/19/2010) |
| 01/17/2010 | 2 | Request for Summons to be Issued by SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., KAARE A. JOHNSON as to JON S. CORZINE, RICK FUENTES, ANNE MILGRAM, WASHINGTON TOWNSHIP. (Attachments: # 1 REQUEST FOR |

| | | SUMMONS TO BE ISSUED, # 2 REQUEST FOR SUMMONS TO BE ISSUED, # 3 REQUEST FOR SUMMONS TO BE ISSUED)(eaj). (Entered: 01/19/2010) |
|---|---|---|
| 01/17/2010 | 3 | Corporate Disclosure Statement by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., BOB'S LITTLE SPORT SHOP, INC. identifying NONE as Corporate Parent.. (eaj) (Entered: 01/19/2010) |
| 01/17/2010 | 4 | SUMMONS ISSUED as to JON S. CORZINE, RICK FUENTES, ANNE MILGRAM, WASHINGTON TOWNSHIP with answer to complaint due within 20 days. (eaj) (Entered: 01/19/2010) |
| 02/03/2010 | 5 | MOTION for Preliminary Injunction by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., KAARE A. JOHNSON. (Attachments: # 1 Brief, # 2 Certification of Scott L. Bach, # 3 Exhibit A to Bach Certification, # 4 Exhibit B to Bach Certification, # 5 Certification of Kaare A. Johnson, # 6 Exhibit A to Johnson Certification, # 7 Exhibit B to Johnson Certification, # 8 Certification of Jonathan Friedman, M.D., # 9 Certification of Steven Yagiello, # 10 Certification of Daniel Strachman, # 11 Certification of Richard Gajda, # 12 Certification of Robert Viden, # 13 Text of Proposed Order)(SCHMUTTER, DANIEL) (Entered: 02/03/2010) |
| 02/04/2010 | | Set Deadlines as to 5 MOTION for Preliminary Injunction. Motion set for 3/15/2010 before Judge Pisano will be decided on the papers. No appearance required unless notified by the Court. (mmh) (Entered: 02/04/2010) |
| 02/04/2010 | 6 | BRIEF *(Corrected)* filed by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., KAARE A. JOHNSON. (SCHMUTTER, DANIEL) (Entered: 02/04/2010) |
| 02/04/2010 | 7 | Application and Proposed Order for Clerk's Order to extend time to answer as to Washington Township. Attorney PAULA J. DEBONA for WASHINGTON TOWNSHIP added. (DEBONA, PAULA) (Entered: 02/04/2010) |
| 02/05/2010 | | CLERK'S QUALITY CONTROL MESSAGE: The Corrected Brief 6 filed by Daniel Schmuttter, Esq. on 2/4/2010 was submitted incorrectly as a Brief with the word "corrected" typed in the docket text. The correct event is AMENDED DOCUMENT found under OTHER FILINGS -> OTHER DOCUMENTS. This submission will remain on the docket unless otherwise ordered by the court. (gxh) (Entered: 02/05/2010) |

| | | |
|---|---:|---|
| 02/05/2010 | | CLERKS TEXT ORDER - The Application for a Clerks Order Extending Time to Answer - Document # 7 submitted by Paula Debona, Esq. on 2/4/2010 has been GRANTED. The answer due date has been set for 2/24/2010. (gxh) (Entered: 02/05/2010) |
| 02/05/2010 | 8 | Application and Proposed Order for Clerk's Order to extend time to answer as to defendants Jon Corzine, Anne Milgram, and Colonel Rick Fuentes. Attorney LARRY ROBERT ETZWEILER for JON S. CORZINE,LARRY ROBERT ETZWEILER for RICK FUENTES,LARRY ROBERT ETZWEILER for ANNE MILGRAM added. (ETZWEILER, LARRY) (Entered: 02/05/2010) |
| 02/08/2010 | | CLERKS TEXT ORDER - The Application for a Clerks Order Extending Time to Answer - Document # 8 submitted by Larry Etzweiler on 2/5/2010 has been GRANTED. The answer due date has been set for 2/24/2010. (mmh) (Entered: 02/08/2010) |
| 02/24/2010 | 9 | MOTION to Dismiss for Lack of Jurisdiction by WASHINGTON TOWNSHIP. Responses due by 4/5/2010 (Attachments: # 1 Brief Motion to Dismiss, # 2 Certificate of Service, # 3 Certification Michael Bailey, # 4 Text of Proposed Order, # 5 Civil Cover Sheet Cover Letter)(DEBONA, PAULA) (Entered: 02/24/2010) |
| 02/24/2010 | 10 | MOTION to Dismiss *complaint in lieu of answer for its failure to state a claim and for lack of jurisdiction* by JON S. CORZINE, RICK FUENTES, ANNE MILGRAM. Responses due by 3/22/2010 (Attachments: # 1 Certificate of Service, # 2 Text of Proposed Order, # 3 Brief)(ETZWEILER, LARRY) (Entered: 02/24/2010) |
| 02/25/2010 | | Set Deadlines as to 10 MOTION to Dismiss *complaint in lieu of answer for its failure to state a claim and for lack of jurisdiction*, 9 MOTION to Dismiss for Lack of Jurisdiction. Motion set for 4/5/2010 before Judge Pisano will be decided on the papers. No appearance required unless notified by the Court. (mmh) (Entered: 02/25/2010) |
| 03/01/2010 | 11 | BRIEF in Opposition re 5 MOTION for Preliminary Injunction filed by JON S. CORZINE, RICK FUENTES, ANNE MILGRAM. (Attachments: # 1 Exhibit State Defendants' Brief in Support of Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6) Dismissal, filed February 24, 2010, # 2 Certificate of Service)(ETZWEILER, LARRY) (Entered: 03/01/2010) |
| 03/05/2010 | 12 | Letter from Plaintiffs requesting adjournment of Motion for Preliminary Injunction re Set/Reset Motion and R&R Deadlines/Hearings, 5 MOTION for Preliminary Injunction. (SCHMUTTER, DANIEL) (Entered: 03/05/2010) |
| 03/08/2010 | | CLERK'S QUALITY CONTROL MESSAGE - The 12 Letter and |

| | | |
|---|---|---|
| | | Proposed Order to Extend Motion Date submitted by Daniel Schmutter on 3/5/2010 must be executed by a Judicial Officer before filing. In the future, please forward all proposed orders to the appropriate Judicial Officer in accordance with his/her preferred practice as found on our website. This submission will remain on the docket unless otherwise ordered by the court. This message is for informational purposes only. **Document forwarded to Chambers. (mmh) (Entered: 03/08/2010) |
| 03/09/2010 | 13 | LETTER ORDER adjourning the 5 Motion for Preliminary Injunction to 4/5/2010. Signed by Judge Joel A. Pisano on 3/9/2010. (gxh) (Entered: 03/10/2010) |
| 03/09/2010 | 17 | LETTER ORDER Resetting Deadlines as to 5 MOTION for Preliminary Injunction Motion set for 4/5/2010 before Judge Joel A. Pisano. The motion will be decided on the papers. No appearances required unless notified by the court.. Signed by Judge Joel A. Pisano on 3/9/10. (lk) (Entered: 03/11/2010) |
| 03/10/2010 | | Re-Set Deadlines as to 5 MOTION for Preliminary Injunction. Motion re-set for 4/5/2010 before Judge Joel A. Pisano. The motion will be decided on the papers. No appearances required unless notified by the court. (gxh) (Entered: 03/10/2010) |
| 03/10/2010 | 14 | AMENDED COMPLAINT against RICK FUENTES, WASHINGTON TOWNSHIP, CITY OF HACKENSACK, LITTLE EGG HARBOR TOWNSHIP, CHRISTOPHER J. CHRISTIE, PAULA T. DOW, XYZ MUNICIPALITIES 1-563, filed by SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., KAARE A. JOHNSON, Vincent Furio, Steven Yagiello.(SCHMUTTER, DANIEL) (Entered: 03/10/2010) |
| 03/10/2010 | 15 | Request for Summons to be Issued by Vincent Furio, BOB'S LITTLE SPORT SHOP, INC., ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, Steven Yagiello, KAARE A. JOHNSON as to CITY OF HACKENSACK, LITTLE EGG HARBOR TOWNSHIP. (SCHMUTTER, DANIEL) (Entered: 03/10/2010) |
| 03/11/2010 | | CLERK'S QUALITY CONTROL MESSAGE - Please be advised for future reference that when adding parties to a docket they are to be added in UPPERCASE LETTERS. The Clerk's Office has modified Plaintiffs VINCENT FURIO and STEVEN YAGIELLO. (mmh) (Entered: 03/11/2010) |
| 03/11/2010 | 16 | SUMMONS ISSUED as to CITY OF HACKENSACK, LITTLE EGG HARBOR TOWNSHIP Attached is the official court Summons, please fill out Defendant and Plaintiffs attorney information and serve. Issued By *Melissa M. Haneke* (mmh) (Entered: 03/11/2010) |

| 03/11/2010 | 18 | RESPONSE to Motion re 5 MOTION for Preliminary Injunction *AMENDED PROPOSED FORM OF ORDER* filed by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO. (SCHMUTTER, DANIEL) (Entered: 03/11/2010) |
|---|---|---|
| 03/11/2010 | 19 | CERTIFICATION in Support re 5 MOTION for Preliminary Injunction *CERTIFICATION OF VINCENT FURIO* filed by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO. (Attachments: # 1 Exhibit A to Furio Certification)(SCHMUTTER, DANIEL) (Entered: 03/11/2010) |
| 03/12/2010 | | CLERK'S QUALITY CONTROL MESSAGE - The 18 AMENDED PROPOSED FORM OF ORDER submitted by Daniel Schmutter on 3/11/2010 was filed incorrectly as a RESPONSE to Motion. For future reference, please be advised that proposed Orders are not placed on the docket but should be forwarded to the appropriate Judicial Officer in accordance with his/her preferred practice as found on our website. This submission will remain on the docket unless otherwise ordered by the court. This message is for informational purposes only. (mmh) (Entered: 03/12/2010) |
| 03/12/2010 | 20 | CERTIFICATION in Support re 5 MOTION for Preliminary Injunction *CERTIFICATION OF SERVICE* filed by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO. (SCHMUTTER, DANIEL) (Entered: 03/12/2010) |
| 03/15/2010 | | CLERK'S QUALITY CONTROL MESSAGE - The Certificate of Service 20 filed by D. Schmutter, Esq. on 3/12/2010 was submitted incorrectly as a Certification in Support of Motion. PLEASE RESUBMIT THE CERTIFICATE OF SERVICE USING THE EVENT CERTIFICATE OF SERVICE FOUND UNDER INITIAL PLEADINGS AND SERVICE -> SERVICE OF PROCESS. The Clerk notes, however, that counsel additionally makes reference to serving a Summons and Amended Complaint on a party. Proof of service of a summons should be filed using the event SUMMONS RETURNED EXECUTED found under INITIAL PLEADINGS AND SERVICE -> SERVICE OF PROCESS. This submission will remain on the docket unless otherwise ordered by the court. (gxh) (Entered: 03/15/2010) |
| 03/22/2010 | 21 | *L.Civ.R. 6.1(b) application for extension of time to file reply or otherwise* ANSWER to Amended Complaint by CHRISTOPHER J. |

| | | |
|---|---|---|
| | | CHRISTIE, PAULA T. DOW, RICK FUENTES.(ETZWEILER, LARRY) (Entered: 03/22/2010) |
| 03/22/2010 | 22 | BRIEF in Opposition re 10 MOTION to Dismiss *complaint in lieu of answer for its failure to state a claim and for lack of jurisdiction* filed by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO. (SCHMUTTER, DANIEL) (Entered: 03/22/2010) |
| 03/23/2010 | | CLERK'S QUALITY CONTROL MESSAGE - The 21 Application for an Extension of Time to Answer filed by Larry Etzweiler on 3/22/2010 was submitted incorrectly as an Answer. IN THE FUTURE, please use the event Application for Clerk Order to Extend Answer/ Proposed Order found under Civil - Other Filings - Other Documents. This submission will remain on the docket unless otherwise ordered by the court. (mmh) (Entered: 03/23/2010) |
| 03/23/2010 | | CLERKS TEXT ORDER - The Application for a Clerks Order Extending Time to Answer - Document # 21 submitted by Larry Etzweiler on 3/22/2010 has been GRANTED. The answer due date has been set for 4/6/2010. (mmh) (Entered: 03/23/2010) |
| 03/23/2010 | 23 | Application and Proposed Order for Clerk's Order to extend time to answer as to Defendant Washington Township.. (DEBONA, PAULA) (Entered: 03/23/2010) |
| 03/24/2010 | | CLERKS TEXT ORDER - The Application for a Clerks Order Extending Time to Answer - Document # 23 submitted by Paula Debona on 3/23/2010 has been GRANTED. The answer due date has been set for 4/6/2010. (mmh) (Entered: 03/24/2010) |
| 03/29/2010 | 24 | Joint MOTION for Extension of Time to File *Reply Papers as to Plaintiffs' Preliminary Injunction Motion and State Defendant' Motion to Dismiss* by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., CHRISTOPHER J. CHRISTIE, JON S. CORZINE, PAULA T. DOW, RICK FUENTES, VINCENT FURIO, KAARE A. JOHNSON, ANNE MILGRAM, STEVEN YAGIELLO. (SCHMUTTER, DANIEL) (Entered: 03/29/2010) |
| 03/30/2010 | | CLERK'S QUALITY CONTROL MESSAGE - This message is in reference to the proposed Letter Order 24 submitted by Daniel Schmutter, Esq. on 3/29/2010. Counsel is advised that the event Motion should only be used for motions and that proposed orders must be executed by a Judicial Officer before filing unless filed as an attachment. Please forward to the appropriate Judicial Officer in accordance with his/her preferred practice as found on our website. |

| | | |
|---|---|---|
| | | This submission will remain on the docket unless otherwise ordered by the court. This message is for informational purposes only. The Clerk will terminate the calendar event created by this improper filing and will forward the proposed Letter Order to Chambers. (gxh) (Entered: 03/30/2010) |
| 04/01/2010 | 25 | LETTER ORDER granting request to extend time to file reply briefs (lk) (Entered: 04/01/2010) |
| 04/01/2010 | 26 | Application and Proposed Order for Clerk's Order to extend time to answer as to Defendant, City of Hackensack.. (POGOSKY, CRAIG) (Entered: 04/01/2010) |
| 04/05/2010 | | CLERKS TEXT ORDER - The Application for a Clerks Order Extending Time to Answer - Document # 26 submitted by C. Pogosky on 4/1/2010 has been GRANTED. The answer due date has been set for 4/16/2010. (ss, ) (Entered: 04/05/2010) |
| 04/06/2010 | 27 | BRIEF in Support re 5 MOTION for Preliminary Injunction *REPLY BRIEF* filed by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO. (SCHMUTTER, DANIEL) (Entered: 04/06/2010) |
| 04/06/2010 | 28 | MOTION for Leave to Rely Upon Pending Fed.R.Civ.P. 12(b)(1)/12(b)(6) Motion Seeking Dismissal of the Original Complaint as the State Defendants' Responsive Pleading in Lieu of Answer to the Amended Complaint by CHRISTOPHER J. CHRISTIE, PAULA T. DOW, RICK FUENTES. (Attachments: # 1 Certificate of Service, # 2 Text of Proposed Order, # 3 Statement Pursuant to L.Civ.R. 7.1(d)(4) that No Brief in Support of the Accompanying Motion is Necessary and the Reasons Therefor)(ETZWEILER, LARRY) (Entered: 04/06/2010) |
| 04/06/2010 | 29 | REPLY to Response to Motion re 10 MOTION to Dismiss *complaint in lieu of answer for its failure to state a claim and for lack of jurisdiction* filed by CHRISTOPHER J. CHRISTIE, PAULA T. DOW, RICK FUENTES. (Attachments: # 1 Certificate of Service)(ETZWEILER, LARRY) (Entered: 04/06/2010) |
| 04/07/2010 | | Set Deadlines as to 28 MOTION for Leave to Rely Upon Pending Fed.R.Civ.P. 12(b)(1)/12(b)(6) Motion Seeking Dismissal of the Original Complaint as the State Defendants' Responsive Pleading in Lieu of Answer to the Amended Complaint MOTION for Leave to Rely Upon Pending Fed.R.Civ.P. 12(b)(1)/12(b)(6) Motion Seeking Dismissal of the Original Complaint as the State Defendants' Responsive Pleading in Lieu of Answer to the Amended Complaint MOTION for Leave to Rely Upon Pending Fed.R.Civ.P. 12(b)(1)/12(b)(6) Motion Seeking Dismissal of the Original Complaint |

| | | |
|---|---|---|
| | | as the State Defendants' Responsive Pleading in Lieu of Answer to the Amended Complaint. Motion set for 5/3/2010 before Judge Pisano will be decided on the papers. No appearance required unless notified by the Court. (mmh) (Entered: 04/07/2010) |
| 04/08/2010 | 30 | STIPULATION *of Settlement and Dismissal as to Washington Township only* by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO. (Attachments: # 1 Exhibit A)(SCHMUTTER, DANIEL) (Entered: 04/08/2010) |
| 04/09/2010 | | CLERK'S QUALITY CONTROL MESSAGE - The 30 Stipulation and Proposed Order submitted by Daniel Schmutter on 4/8/2010 must be executed by a Judicial Officer before filing. In the future, please forward to the appropriate Judicial Officer in accordance with his/her preferred practice as found on our website. This submission will remain on the docket unless otherwise ordered by the court. This message is for informational purposes only. **Document forwarded to Chambers. (mmh) (Entered: 04/09/2010) |
| 04/14/2010 | 31 | STIPULATION AND ORDER of Settlement among Pltfs and Deft Washington Township. Signed by Judge Joel A. Pisano on 4/14/2010. (gxh) (Entered: 04/15/2010) |
| 04/16/2010 | 32 | Letter from the State defendants - the Honorable Christopher J. Christie, Governor of the State of New Jersey; the Honorable Paula T. Dow, Attorney General of the State of New Jersey; and Colonel Rick Fuentes, Superintendent, Division of New Jersey State Police - Advising the Court of Facts Raising a Question of Mootness. (Attachments: # 1 Exhibit)(ETZWEILER, LARRY) (Entered: 04/16/2010) |
| 04/16/2010 | 33 | MOTION to Dismiss by CITY OF HACKENSACK. (Attachments: # 1 Notice of Motion, # 2 Certificate of Service, # 3 Brief, # 4 Certification, # 5 Text of Proposed Order)(POGOSKY, CRAIG) (Entered: 04/16/2010) |
| 04/19/2010 | | Set Deadlines as to 33 MOTION to Dismiss. Motion set for 5/17/2010 before Judge Pisano will be decided on the papers. No appearance required unless notified by the Court. (mmh) (Entered: 04/19/2010) |
| 04/27/2010 | 34 | ORDER granting 28 Motion for Leave to Rely Upon Pending Fed.R.Civ.P. 12(b)(1)/12(b)(6) Motion Seeking Dismissal of the Original Complaint as the State Defendants' Responsive Pleading in Lieu of Answer to the Amended Complaint. Signed by Magistrate Judge Tonianne J. Bongiovanni on 4/27/10. (lk) (Entered: 04/27/2010) |

| 04/29/2010 | | COUNSEL DIRECTED TO BE PRESENT FOR THE FOLLOWING PROCEEDING: Motion Hearing re 33 MOTION to Dismiss, 10 MOTION to Dismiss *complaint in lieu of answer for its failure to state a claim*, 5 *MOTION for Preliminary Injunction SET for 5/25/2010 10:00 AM in Trenton - Courtroom 1 before Judge Joel A. Pisano. Counsel to confirm receipt of court notice by letter (e-file) not later than 4/30/2010. (DS) (Entered: 04/29/2010)* |
|---|---|---|
| 04/30/2010 | 35 | Letter from Plaintiffs objecting to late opposition of Hackensack on Motion for Injunctive Relief re 33 MOTION to Dismiss, 5 MOTION for Preliminary Injunction. (SCHMUTTER, DANIEL) (Entered: 04/30/2010) |
| 04/30/2010 | 36 | Letter from Plaintiffs acknowledging notice of oral argument re Set/Reset Motion and R&R Deadlines/Hearings,. (SCHMUTTER, DANIEL) (Entered: 04/30/2010) |
| 04/30/2010 | 37 | Letter from Plaintiffs responding to State Defendants' Letter Identifying Facts Raising Question of Mootness re 32 Letter,. (SCHMUTTER, DANIEL) (Entered: 04/30/2010) |
| 04/30/2010 | 38 | Letter from C. Pogosky re oral argument. (POGOSKY, CRAIG) (Entered: 04/30/2010) |
| 04/30/2010 | 39 | Letter from State Defendants Confirming Receipt of Court Notice of Motion Hearing Set for May 25, 2010, at 10:00 a.m. in Trenton, Courtroom 1, Before the Honorable Joel A. Pisano, U.S.D.J.. (ETZWEILER, LARRY) (Entered: 04/30/2010) |
| 04/30/2010 | 40 | Letter from C. Pogosky, revised re oral argument. (POGOSKY, CRAIG) (Entered: 04/30/2010) |
| 05/04/2010 | 41 | BRIEF in Opposition re 33 MOTION to Dismiss *Letter Brief* filed by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO. (SCHMUTTER, DANIEL) (Entered: 05/04/2010) |
| 05/10/2010 | 42 | MOTION to Dismiss *Reply Brief* by CITY OF HACKENSACK. Responses due by 5/10/2010 (POGOSKY, CRAIG) (Entered: 05/11/2010) |
| 05/11/2010 | | CLERK'S QUALITY CONTROL MESSAGE - The Reply Brief to Opposition to Motion 42 filed by C. Pogosky, Esq. on 5/11/2010 was submitted incorrectly as a Motion. PLEASE RESUBMIT THE Reply Brief to Opposition to Motion USING the event REPLY BRIEF TO OPPOSITION TO MOTION found under MOTIONS AND RELATED FILINGS -> RESPONSES AND REPLIES. This submission will remain on the docket unless otherwise ordered by the court. The Clerk |

| | | |
|---|---|---|
| | | will terminate the calendar event created by this improper filing. (gxh) (Entered: 05/11/2010) |
| 05/14/2010 | 43 | Letter from Plaintiffs re 29 Reply to Response to Motion,. (SCHMUTTER, DANIEL) (Entered: 05/14/2010) |
| 05/17/2010 | 44 | Letter from State Defendants Advising the Court of Recent Developments. (Attachments: # 1 Exhibit, # 2 Exhibit)(ETZWEILER, LARRY) (Entered: 05/17/2010) |
| 05/24/2010 | 45 | SUMMONS Returned Executed by VINCENT FURIO, BOB'S LITTLE SPORT SHOP, INC., ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, STEVEN YAGIELLO, KAARE A. JOHNSON. LITTLE EGG HARBOR TOWNSHIP served on 3/12/2010, answer due 4/5/2010. (SCHMUTTER, DANIEL) (Entered: 05/24/2010) |
| 05/24/2010 | 46 | CERTIFICATE OF SERVICE by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO re QC - Incorrect Event Selected,, 18 Response to Motion, 6 Brief, 19 Certification in Support of Motion, 20 Certification in Support of Motion, 14 Amended Complaint, 5 MOTION for Preliminary Injunction (SCHMUTTER, DANIEL) (Entered: 05/24/2010) |
| 05/24/2010 | 47 | REPLY BRIEF to Opposition to Motion re 33 MOTION to Dismiss filed by CITY OF HACKENSACK. (POGOSKY, CRAIG) (Entered: 05/24/2010) |
| 05/25/2010 | 48 | Minute Entry for proceedings held before Judge Joel A. Pisano: Motion Hearing held on 5/25/2010 re 10 MOTION to Dismiss *complaint - Decision reserved; 33 MOTION to Dismiss filed by CITY OF HACKENSACK - Decision reserved; and 5 MOTION for Preliminary Injunction filed by BOB'S LITTLE SPORT SHOP, INC., ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., KAARE A. JOHNSON, SCOTT L. BACH - Denied in part & Reserved in part. (Court Reporter J. Caruso.) (DS)* (Entered: 05/25/2010) |
| 06/08/2010 | 49 | Letter from Plaintiffs requesting refund of overpayment of filing fee. (SCHMUTTER, DANIEL) (Entered: 06/08/2010) |
| 06/14/2010 | 50 | OPINION. Signed by Judge Joel A. Pisano on 6/14/2010. (gxh) (Entered: 06/15/2010) |
| 06/14/2010 | 51 | ORDER denying 5 Pltf's Motion for Preliminary Injunction; granting 10 the State's Motion to Dismiss as to Counts One and Two; directing the parties to submit a supplemental brief within 21 days of the entry of this Order. Signed by Judge Joel A. Pisano on 6/14/2010. (gxh) |

| | | (Entered: 06/15/2010) |
|---|---|---|
| 06/22/2010 | 52 | Clerk's Order to Refund Fees the sum of $350.00 be refunded through PAY.gov. Clerk's Note: copy of order given to Finance(lk) (Entered: 06/23/2010) |
| 06/25/2010 | 53 | LETTER ORDER granting request for an extension of time, until 7/26/2010, for the State Defendants to file their respective supplemental briefs. Signed by Judge Joel A. Pisano on 6/25/2010. (mmh) (Entered: 06/25/2010) |
| 07/22/2010 | 54 | Letter from all parties requesting time for Plaintiffs to prepare and submit consented to proposed Second Amended Compaint in lieu of supplemental briefing. (SCHMUTTER, DANIEL) (Entered: 07/22/2010) |
| 07/23/2010 | 55 | ORDER that the parties' request is granted; that the pltf. shall have 30 days to amend its complaint; and that all pending motions are terminated 33 Motion to Dismiss, etc.. Signed by Judge Joel A. Pisano on 7/23/10. (lk) (Entered: 07/23/2010) |
| 07/30/2010 | 56 | Substitution of Attorney - Attorney LARRY ROBERT ETZWEILER terminated. Attorney GREGORY A. SPELLMEYER for CHRISTOPHER J. CHRISTIE,GREGORY A. SPELLMEYER for JON S. CORZINE,GREGORY A. SPELLMEYER for PAULA T. DOW,GREGORY A. SPELLMEYER for RICK FUENTES,GREGORY A. SPELLMEYER for ANNE MILGRAM added.. (Attachments: # 1 Certificate of Service)(SPELLMEYER, GREGORY) (Entered: 07/30/2010) |
| 09/01/2010 | 57 | Letter re 55 Order on Motion to Dismiss. (SCHMUTTER, DANIEL) (Entered: 09/01/2010) |
| 09/03/2010 | 58 | LETTER ORDER granting 30 day extension to file second amended complaint. Signed by Judge Joel A. Pisano on 9/3/10. (lk) (Entered: 09/03/2010) |
| 10/01/2010 | 59 | AMENDED COMPLAINT *Second Amended Complaint* against CHRISTOPHER J. CHRISTIE, CITY OF HACKENSACK, PAULA T. DOW, RICK FUENTES, LITTLE EGG HARBOR TOWNSHIP, XYZ MUNICIPALITIES 1-563, filed by VINCENT FURIO, BOB'S LITTLE SPORT SHOP, INC., ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, STEVEN YAGIELLO.(SCHMUTTER, DANIEL) (Entered: 10/01/2010) |
| 10/01/2010 | 60 | Letter from Plaintiffs regarding filing of Second Amended Complaint re 59 Amended Complaint,. (SCHMUTTER, DANIEL) (Entered: 10/01/2010) |

| | | |
|---|---|---|
| 10/29/2010 | 61 | Letter from State Defendants. (SPELLMEYER, GREGORY) (Entered: 10/29/2010) |
| 01/11/2011 | 62 | Letter. (Attachments: # 1 Text of Proposed Order Proposed Scheduling Order)(SCHMUTTER, DANIEL) (Entered: 01/11/2011) |
| 01/19/2011 | 63 | SCHEDULING ORDER. Motion to Dismiss due by 1/20/2011; setting response deadlines. Signed by Magistrate Judge Tonianne J. Bongiovanni on 1/19/2011. (mmh) (Entered: 01/20/2011) |
| 01/20/2011 | 64 | MOTION to Dismiss *Plaintiffs' Second Amended Complaint* by CHRISTOPHER J. CHRISTIE, JON S. CORZINE, PAULA T. DOW, RICK FUENTES, ANNE MILGRAM. Responses due by 2/9/2011 (Attachments: # 1 Brief, # 2 Text of Proposed Order, # 3 Certificate of Service)(SPELLMEYER, GREGORY) (Entered: 01/20/2011) |
| 01/21/2011 | | Set Deadlines as to 64 MOTION to Dismiss *Plaintiffs' Second Amended Complaint*. Motion set for 2/22/2011 before Judge Joel A. Pisano. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 01/21/2011) |
| 01/21/2011 | 65 | MOTION to Dismiss *Plaintiffs' Second Amended Complaint* by CITY OF HACKENSACK. Responses due by 2/9/2011 (Attachments: # 1 Brief, # 2 Certificate of Service, # 3 Text of Proposed Order)(POGOSKY, CRAIG) (Entered: 01/21/2011) |
| 01/21/2011 | 66 | Letter from Craig Pogosky, Esq.. (POGOSKY, CRAIG) (Entered: 01/21/2011) |
| 01/24/2011 | | Set Deadlines as to 65 MOTION to Dismiss *Plaintiffs' Second Amended Complaint*. Motion set for 2/22/2011 before Judge Joel A. Pisano. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 01/24/2011) |
| 01/25/2011 | 67 | LETTER ORDER extending the the City of Hackensacks time to file the Motion to dismiss the second amended complaint until 1/21/2011. Signed by Magistrate Judge Tonianne J. Bongiovanni on 1/24/2011. (eaj) (Entered: 01/25/2011) |
| 03/09/2011 | 68 | Letter from Plaintiffs seeking entry of second scheduling order re 63 Order on Oral Motion, Scheduling Order. (Attachments: # 1 Text of Proposed Order)(SCHMUTTER, DANIEL) (Entered: 03/09/2011) |
| 03/10/2011 | 69 | SECOND SCHEDULING ORDER: Pltfs' opposition to Defts' motions to dismiss and cross-move for summary judgment due by 3/11/2011; that the State Defts and Hackensack's reply in support of their motions to dismiss and opposition to Pltfs' cross-motion are due by 4/5/2011; that Pltfs shall submit a reply in support of their cross-motion by 4/22/2011. Signed by Magistrate Judge Tonianne J. Bongiovanni on |

| | | |
|---|---|---|
| | | 3/10/2011. (gxh) (Entered: 03/10/2011) |
| 03/11/2011 | 70 | Transcript of MOTION HEARING held on 5/25/2010, before Judge JOEL A. PISANO. Court Reporter/Transcriber JOANNE M. CARUSO, Telephone number (908) 334-2472. **NOTICE REGARDING REDACTION OF TRANSCRIPTS:** The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this Transcript. Redaction Request due 4/1/2011. Redacted Transcript Deadline set for 4/11/2011. Release of Transcript Restriction set for 6/9/2011. (mmh) (Entered: 03/11/2011) |
| 03/11/2011 | 71 | STIPULATION of Dismissal *and Settlement as to Little Egg Harbor only* by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO. (SCHMUTTER, DANIEL) (Entered: 03/11/2011) |
| 03/11/2011 | 72 | MOTION for Summary Judgment *and Opposition to Motions to Dismiss* by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO. Responses due by 4/5/2011 (Attachments: # 1 Certification Supplemental Certification of Scott Bach, # 2 Exhibit Supp. Bach Cert. Exhibit A, # 3 Certification Supplemental Certification of Vincent Furio, # 4 Exhibit Supp. Furio Cert. Exhibit A, # 5 Certification of Alejandro Alonso, # 6 Brief in Support of Plaintiffs' Motion for Summary Judgment and in Opposition to Motions to Dismiss, # 7 Text of Proposed Order)(SCHMUTTER, DANIEL) (Entered: 03/11/2011) |
| 03/14/2011 | | Set Deadlines as to 72 MOTION for Summary Judgment *and Opposition to Motions to Dismiss*. Motion set for 5/2/2011 before Judge Joel A. Pisano. The motion will be decided on the papers. No appearances required unless notified by the court. (gxh) (Entered: 03/14/2011) |
| 03/14/2011 | | CLERK'S QUALITY CONTROL MESSAGE - The Brief in Opposition to Motion attached to the Motion for Summary Judgment 72 filed by D. Schmutter, Esq. on 3/11/2011 was submitted incorrectly as an attachment to the Motion. PLEASE RESUBMIT the Brief in Opposition to Motion USING the event BRIEF IN OPPOSTION TO MOTION found under MOTIONS AND RELATED FILINGS -> RESPONSES AND REPLIES. This submission will remain on the docket unless otherwise ordered by the court. (gxh) (Entered: 03/14/2011) |
| 03/14/2011 | 73 | BRIEF in Opposition re 64 MOTION to Dismiss *Plaintiffs' Second Amended Complaint*, 65 MOTION to Dismiss *Plaintiffs' Second* |

| | | |
|---|---|---|
| | | *Amended Complaint and see also Certifications in opposition to motions to dismiss* 72 filed by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO. (SCHMUTTER, DANIEL) (Entered: 03/14/2011) |
| 03/15/2011 | 74 | STIPULATION AND ORDER of settlement among Pltfs and Deft Little Egg Harbor Township. Signed by Judge Joel A. Pisano on 3/15/2011. (gxh) (Entered: 03/15/2011) |
| 03/17/2011 | 75 | Letter from Plaintiffs requesting direction to clerk to calendar all pending motions simultaneously re 72 MOTION for Summary Judgment *and Opposition to Motions to Dismiss*, 64 MOTION to Dismiss *Plaintiffs' Second Amended Complaint*, 65 MOTION to Dismiss *Plaintiffs' Second Amended Complaint*. (SCHMUTTER, DANIEL) (Entered: 03/17/2011) |
| 03/22/2011 | 76 | LETTER ORDER resetting Motions to Dismiss, Docket Entry Nos. 64 and 65 , and Motion for Summary Judgment 72 to 5/2/2011. Signed by Magistrate Judge Tonianne J. Bongiovanni on 3/21/2011. (gxh) (Entered: 03/22/2011) |
| 03/22/2011 | | Re-Set Deadlines as to 65 MOTION to Dismiss *Plaintiffs' Second Amended Complaint*, 72 MOTION for Summary Judgment *and Opposition to Motions to Dismiss*, 64 MOTION to Dismiss *Plaintiffs' Second Amended Complaint*. Motions re-set for 5/2/2011 before Judge Joel A. Pisano. The motions will be decided on the papers. No appearances required unless notified by the court. (gxh) (Entered: 03/22/2011) |
| 04/04/2011 | 77 | Letter from Craig Pogosky, Esq. re 69 Order on Oral Motion,. (Attachments: # 1 Text of Proposed Order)(POGOSKY, CRAIG) (Entered: 04/04/2011) |
| 04/05/2011 | 78 | THIRD SCHEDULING ORDER that Hackensack shall reply in support of their motion to dismiss and oppose Pltfs' cross-motion no later than 4/12/2011; that Pltfs shall submit a reply in support of their cross-motion against Hackensack no later than 4/29/2011. Signed by Magistrate Judge Tonianne J. Bongiovanni on 4/5/2011. (gxh) (Entered: 04/05/2011) |
| 04/05/2011 | 79 | BRIEF in Opposition re 72 MOTION for Summary Judgment *and Opposition to Motions to Dismiss*, 64 MOTION to Dismiss *Plaintiffs' Second Amended Complaint and in Reply to Opposition to Dismiss Plaintiffs' Second Amended Complaint* filed by CHRISTOPHER J. CHRISTIE, JON S. CORZINE, PAULA T. DOW, RICK FUENTES. (Attachments: # 1 Statement, # 2 Declaration, # 3 Certificate of |

| | | |
|---|---|---|
| | | Service)(SPELLMEYER, GREGORY) (Entered: 04/05/2011) |
| 04/06/2011 | | CLERK'S QUALITY CONTROL MESSAGE - The Reply Brief to Opposition to Motion 79 imbedded in the Brief in Opposition to Motion filed by G. Spellmeyer, Esq. on 4/5/2011 was submitted incorrectly as a Brief in Opposition to Motion. PLEASE RESUBMIT the Reply Brief to Opposition to Motion using the event REPLY BRIEF TO OPPOSITION TO MOTION found under MOTIONS AND RELATED FILINGS -> RESPONSES AND REPLIES. This submission will remain on the docket unless otherwise ordered by the court. (gxh) (Entered: 04/06/2011) |
| 04/06/2011 | 80 | REPLY BRIEF to Opposition to Motion re 64 MOTION to Dismiss *Plaintiffs' Second Amended Complaint* filed by CHRISTOPHER J. CHRISTIE, JON S. CORZINE, PAULA T. DOW, RICK FUENTES, ANNE MILGRAM. (Attachments: # 1 Statement in Response to Plaintiffs' Material Facts, # 2 Declaration of Gregory A. Spellmeyer, # 3 Certificate of Service)(SPELLMEYER, GREGORY) (Entered: 04/06/2011) |
| 04/12/2011 | 81 | BRIEF in Opposition re 72 MOTION for Summary Judgment *and Opposition to Motions to Dismiss*, 65 MOTION to Dismiss *Plaintiffs' Second Amended Complaint Reply* filed by CITY OF HACKENSACK. (Attachments: # 1 Certification, # 2 Letter)(POGOSKY, CRAIG) (Entered: 04/12/2011) |
| 04/13/2011 | | CLERK'S QUALITY CONTROL MESSAGE - C. Pogosky, Esq. has designated as confidential materials and restricted access to the Brief in Opposition to Motion 81 filed on 4/12/2011. This document does not appear to be the subject of a motion or order. Please submit a certification stating that this document is to be marked Confidential Material or that this document's access was restricted in error. Please be advised, pursuant to Local Civil Rule 5.3, you must file a motion for leave to have a document sealed. (gxh) (Entered: 04/13/2011) |
| 04/15/2011 | 82 | Quarterly MOTION to Seal Document *81 and 81-1* by CITY OF HACKENSACK. (Attachments: # 1 Certification, # 2 Certificate of Service, # 3 Text of Proposed Order)(POGOSKY, CRAIG) (Entered: 04/15/2011) |
| 04/18/2011 | | Set Deadlines as to 82 Quarterly MOTION to Seal Document *81 and 81-1*. Motion set for 5/16/2011 before Magistrate Judge Tonianne J. Bongiovanni. The motion will be decided on the papers. No appearances required unless notified by the court. (gxh) (Entered: 04/18/2011) |
| 05/11/2011 | 83 | Letter from Plaintiffs re pending motions. (SCHMUTTER, DANIEL) (Entered: 05/11/2011) |

| | | |
|---|---|---|
| 06/13/2011 | 84 | RESPONSE to Motion re 82 Quarterly MOTION to Seal Document *81 and 81-1* filed by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO. (Attachments: # 1 Text of Proposed Order)(SCHMUTTER, DANIEL) (Entered: 06/13/2011) |
| 06/21/2011 | 85 | ORDER administratively terminating the motions to dismiss (Docket Entry Nos. 64 and 65 and for summary judgment (Docket Entry No. 72); that no later than 14 days from the date of this Order, the parties shall submit a proposed scheduling order that shall set a schedule for the completion of the outstanding briefing with respect to the motions; that the motions to dismiss and for summary judgment shall be deemed re-filed as of the date Pltf files the outstanding papers. Signed by Judge Joel A. Pisano on 6/21/2011. (gxh) (Entered: 06/21/2011) |
| 06/22/2011 | 86 | ORDER temporarily granting 82 Motion to Seal Document; that supplemental material addressing the foregoing in accordance with L.Civ.R. 5.3 must be submitted by 7/5/2011 or the Confidential Materials shall be unsealed; that the Confidential Materials remain under Seal until a decision on the supplemental briefing is rendered. Signed by Magistrate Judge Tonianne J. Bongiovanni on 6/22/2011. (gxh) (Entered: 06/22/2011) |
| 06/24/2011 | 87 | Letter from Plaintiffs re Proposed Scheduling Order. (Attachments: # 1 Text of Proposed Order re Scheduling of Reply Papers on Dispositive Motions)(SCHMUTTER, DANIEL) (Entered: 06/24/2011) |
| 06/28/2011 | 88 | FOURTH SCHEDULING ORDER: Pltfs shall submit a reply in support of their cross-motion within 7 days of the entry of this Order. Signed by Magistrate Judge Tonianne J. Bongiovanni on 6/28/2011. (gxh) (Entered: 06/28/2011) |
| 07/05/2011 | 89 | MOTION to Seal Document 86 Order on Motion to Seal Document, *Filing letter of supplemental documents* by CITY OF HACKENSACK. (Attachments: # 1 Brief, # 2 Text of Proposed Order)(POGOSKY, CRAIG) (Entered: 07/05/2011) |
| 07/05/2011 | 90 | RESPONSE re 81 Brief in Opposition to Motion, 80 Reply Brief to Opposition to Motion, 79 Brief in Opposition to Motion,. (SCHMUTTER, DANIEL) (Entered: 07/05/2011) |
| 07/06/2011 | | CLERK'S QUALITY CONTROL MESSAGE - The Letter Brief 89 filed by C. Pogosky, Esq. on 7/5/2011 was submitted incorrectly as a Motion to Seal. PLEASE RESUBMIT the Brief USING the event BRIEF found under MOTIONS AND RELATED FILINGS -> RESPONSES AND REPLIES and be sure to link same appropriately. This submission will remain on the docket unless otherwise ordered by |

| | | |
|---|---|---|
| | | the court. *The Clerk will terminate the calendar event created by this improper filing. (gxh) (Entered: 07/06/2011) |
| 07/06/2011 | 91 | BRIEF *[Pursuant to Docket Entry 86]* filed by CITY OF HACKENSACK. (Attachments: # 1 Text of Proposed Order, # 2 Letter)(POGOSKY, CRAIG) (Entered: 07/06/2011) |
| 07/06/2011 | | CLERK'S QUALITY CONTROL MESSAGE - The Reply Brief 90 filed by D. Schmutter, Esq. on 7/5/2011 was submitted incorrectly as a Response (Not Motion). PLEASE RESUBMIT the Reply Brief USING the event REPLY BRIEF TO OPPOSITION TO MOTION found under MOTIONS AND RELATED FILINGS -> RESPONSES AND REPLIES. This submission will remain on the docket unless otherwise ordered by the court. (gxh) (Entered: 07/06/2011) |
| 07/06/2011 | 92 | BRIEF *(Letter) re Temporary Seal Order 86 seeking modification of language in final seal order* filed by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO. (SCHMUTTER, DANIEL) (Entered: 07/06/2011) |
| 07/07/2011 | 93 | REPLY to Response to Motion re 72 MOTION for Summary Judgment *and Opposition to Motions to Dismiss Reply letter brief (refiled per clerk - see 90 ))* filed by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO. (SCHMUTTER, DANIEL) (Entered: 07/07/2011) |
| 07/27/2011 | 94 | ORDER granting 82 Deft's Motion to Seal; that Deft shall serve on all other parties in this case a copy of the Confidential Materials with the following information redacted: Social Security Number; home telephone number; date of birth, and distinguishing characteristics; that the State Defts reserve any right they may have to seek to compel the disclosure of the redacted information in the future. Signed by Magistrate Judge Tonianne J. Bongiovanni on 7/27/2011. (gxh) (Entered: 07/28/2011) |
| 09/12/2011 | | ATTENTION COUNSEL: Oral argument re 65 MOTION to Dismiss *Plaintiffs' Second Amended Complaint, 72 MOTION for Summary Judgment and Opposition to Motions to Dismiss, & 64 MOTION to Dismiss Plaintiffs' Second Amended Complaint set for 10/12/2011 10:00 AM in Trenton - Courtroom 1 before Judge Joel A. Pisano. Please confirm receipt of court notice by letter (e-file) not later than 9/13/2011. (DS)* (Entered: 09/12/2011) |
| 09/12/2011 | 95 | Letter from Gregory A. Spellmeyer. (SPELLMEYER, GREGORY) |

| | | (Entered: 09/12/2011) |
|---|---|---|
| 09/13/2011 | 96 | Letter from Craig Pogosky, Esq.. (POGOSKY, CRAIG) (Entered: 09/13/2011) |
| 09/14/2011 | 97 | Letter from Daniel Schmutter re receipt of Oral Argument Notice. (SCHMUTTER, DANIEL) (Entered: 09/14/2011) |
| 10/07/2011 | | ATTENTION COUNSEL: Oral argument re 65 MOTION to Dismiss *Plaintiffs' Second Amended Complaint*, 72 MOTION for Summary Judgment *and Opposition to Motions to Dismiss*, 64 MOTION to Dismiss *Plaintiffs' Second Amended Complaint* has been RESET for 10/24/2011 at 10:45 AM in Trenton - Courtroom 1 before Judge Joel A. Pisano. Please confirm receipt of new date & time by letter (E-FILE) not later than 10/11/2011. (DS) (Entered: 10/07/2011) |
| 10/11/2011 | 98 | Letter from Gregory A. Spellmeyer, Deputy Attorney General. (SPELLMEYER, GREGORY) (Entered: 10/11/2011) |
| 10/12/2011 | 99 | Letter from Daniel Schmutter acknowledging receipt of oral argument rescheduling. (SCHMUTTER, DANIEL) (Entered: 10/12/2011) |
| 10/13/2011 | 100 | Letter from Craig Pogosky, Esq.. (POGOSKY, CRAIG) (Entered: 10/13/2011) |
| 10/24/2011 | 101 | Minute Entry for proceedings held before Judge Joel A. Pisano: Motion Hearing held on 10/24/2011 re 72 MOTION for Summary Judgment, 64 MOTION to Dismiss *Plaintiffs' Second Amended Complaint, & 65 MOTION to Dismiss Plaintiffs' Second Amended Complaint - Decision reserved. (Court Reporter J. Caruso.) (DS) (Entered: 10/24/2011)* |
| 01/09/2012 | 102 | Transcript of MOTION HEARING held on 10/24/2011, before Judge JOEL A. PISANO. Court Reporter/Transcriber JOANNE M. CARUSO, Telephone number (908) 334-2472. **NOTICE REGARDING REDACTION OF TRANSCRIPTS:** The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this Transcript. Redaction Request due 1/30/2012. Redacted Transcript Deadline set for 2/9/2012. Release of Transcript Restriction set for 4/9/2012. (mmh) (Entered: 01/09/2012) |
| 02/02/2012 | 103 | OPINION. Signed by Judge Joel A. Pisano on 2/2/2012. (gxh) (Entered: 02/03/2012) |
| 02/02/2012 | 104 | ORDER granting Defts' Motions to Dismiss (Docket Entry Nos. 64 and 65 ) insofar as the motions relate to Pltfs' federal causes of action; denying 72 Pltfs' Motion for Summary Judgment; that the Court declines to exercise supplemental jurisdiction over Pltfs' remaining state law claims; closing case. Signed by Judge Joel A. Pisano on 2/2/2012. (gxh) (Entered: 02/03/2012) |

| 02/02/2012 | | ***Civil Case Terminated. (gxh) (Entered: 02/03/2012) |
|---|---|---|
| 03/02/2012 | 105 | NOTICE OF APPEAL as to 50 Opinion, 51 Order on Motion for Preliminary Injunction, Order on Motion to Dismiss,, 104 Order on Motion to Dismiss,, Order on Motion for Summary Judgment,,, 103 Opinion by ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, BOB'S LITTLE SPORT SHOP, INC., VINCENT FURIO, KAARE A. JOHNSON, STEVEN YAGIELLO. Filing fee $ 455, receipt number 0312-4216168. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (SCHMUTTER, DANIEL) (Entered: 03/02/2012) |
| 03/12/2012 | 106 | USCA Case Number 12-1624 for 105 Notice of Appeal (USCA), Notice of Appeal (USCA), Notice of Appeal (USCA) filed by BOB'S LITTLE SPORT SHOP, INC., STEVEN YAGIELLO, VINCENT FURIO, ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., KAARE A. JOHNSON, SCOTT L. BACH. USCA Case Manager Pamela (Document Restricted - Court Only) (ca3pdb, ) (Entered: 03/12/2012) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/31/2012 11:21:54 | | |
| **PACER Login:** | cp0140 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:10-cv-00271-JAP-TJB Start date: 1/1/1970 End date: 5/31/2012 |
| **Billable Pages:** | 14 | **Cost:** | 1.40 |

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>          Plaintiffs,<br><br>v.<br><br>JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565;<br><br>          Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiffs Association of New Jersey Rifle and Pistol Clubs, Inc., Scott L. Bach, Kaare A. Johnson and Bob's Little Sport Shop, Inc. (collectively "Plaintiffs") by way of Complaint against Defendants Jon S. Corzine, Governor of the State of New Jersey, Anne Milgram, Attorney General of the State of New

Jersey, Colonel Rick Fuentes, Superintendent, Division of New Jersey State Police, Washington Township (Morris County) and XYZ Municipalities 1-565 (collectively, "Defendants"), say:

**INTRODUCTION**

1.   This action concerns the State of New Jersey's unlawful amendments to N.J.S. 2C:58-2 and 2C:58-3 to restrict handgun sales to one every 30 days ("One Gun Law") in violation of an explicit federal preemption contained in 15 U.S.C. §5001(g)(ii).

2.   Additionally, the One Gun Law contains exemptions for collectors, competitors and heirs ("Exempted Individuals") but provides no means to qualify for such exemptions.  Accordingly, Exempted Individuals are unable to engage in lawful transactions of more than one handgun per month.

3.   Finally, certain New Jersey municipalities are restricting the issuance of permits to purchase handguns to one per month in violation of State law.

4.   Accordingly, Plaintiffs seek prospective injunctive and declaratory relief.

**PARTIES**

5.   The Association of New Jersey Rifle and Pistol Clubs (the "Association") is a not for profit membership corporation,

incorporated in the State of New Jersey in 1936 and represents its members. Its address is P.O. Box 353, Pompton Plains, New Jersey 07444. The Association represents the interests of target shooters, hunters, competitors, outdoors people and other law abiding firearms owners. Among the Association's purposes is aiding such persons in every way within its power and supporting and defending the people's right to keep and bear arms, including the right of its members and the public to purchase and possess firearms. The Association brings this action on behalf of its members who have been and will be injured by the invalid One Gun Law and unlawful conduct at issue.

6.    Plaintiff Scott L. Bach ("Bach") is President of the Association and a practicing attorney with prior public service experience, including service with the United States Court of Appeals for the Second Circuit, the United States Attorney for the Southern District of New York, and a United States Congressman. Bach resides in Rockaway Township, Morris County, New Jersey.

7.    Plaintiff Kaare A. Johnson ("Johnson") is a retired middle school teacher and a World War II veteran who resides in Washington Township, Morris County, New Jersey.

8.    Plaintiff Bob's Little Sport Shop ("Bob's") is a federally and State licensed retail dealer of firearms

A52

incorporated in the State of New Jersey in 1986 with its principal place of business in the Borough of Glassboro, Gloucester County, New Jersey.

9.   Defendant Jon S. Corzine ("Corzine") is Governor of the State of New Jersey.

10.   Defendant Anne Milgrim ("Milgram") is Attorney General of the State of New Jersey.

11.   Defendant Colonel Rick Fuentes ("Fuentes") is Superintendent of the Division of New Jersey State Police.

12.   Defendant Washington Township ("Washington") is a municipality located in Morris County, New Jersey and was incorporated in 1798.

13.   Defendants XYZ Municipalities 1-565 are fictitiously named municipalities of the State of New Jersey whose identities are unknown at this time that are engaging in the unlawful acts alleged herein.   Plaintiffs reserve the right to amend the Complaint to name specific municipalities as knowledge of such municipalities' unlawful activity becomes known.

## JURISDICTION AND VENUE

14.   Jurisdiction is founded on 28 U.S.C. §1331 in that this action arises under the Constitution and laws of the United States and under 28 U.S.C. §1343(3) in that the action seeks to redress the deprivation, under color of the laws, statutes,

4

A53

ordinances, regulations, customs and usages of the State of New Jersey and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress. Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

15. This action seeks relief pursuant to 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1983 and N.J.S. 10:6-2. Venue lies in this district by way of 28 U.S.C. §1391(b).

## PRE-EXISTING LAWS GOVERNING PURCHASE OF A HANDGUN IN NEW JERSEY

16. Prior to the enactment of the One Gun Law, New Jersey already had, and still has, among the most restrictive handgun permitting schemes in the United States.

17. Purchasing a handgun in New Jersey requires: (1) undergoing an extensive background investigation to obtain a permit from the police; (2) submitting federal and State forms to the retail dealer; and 3) undergoing a second, federal, background check, after which the dealer enters the purchaser's detailed identifying information in a bound book pursuant to both federal and State law.

18. N.J.S. 2C:58-3(a) already required and still requires a handgun permit for each handgun purchased, which is only issued after an extensive background investigation that in

5

practice already takes months to complete.   N.J.S. 2C:58-3(a)
provides as follows:

> No person shall sell, give, transfer, assign
> or otherwise dispose of, nor receive,
> purchase, or otherwise acquire a handgun
> unless the purchaser, assignee, donee,
> receiver or holder is licensed as a dealer
> under this chapter or has first secured a
> permit to purchase a handgun as provided by
> this section.

19.   N.J.S. 2C:58-3(c) already provided and still provides
that no permit to purchase a handgun ("Handgun Purchase Permit")
shall be issued to any person who is subject to any of a long
list of disabilities, including, but not limited to, conviction
of any crime, conviction of an offense of domestic violence,
drug dependency, mental illness, habitual drunkenness or
alcoholism, and certain physical disabilities and authorizes the
issuing authority to deny a Handgun Purchase Permit to "any
person where the issuance would not be in the interest of the
public health, safety or welfare."

20.   Accordingly, the applicant was previously required and
still is required to provide a broad variety of personal
identifying information including, but not limited to name,
residence, place of business, age, date of birth, occupation,
sex, and physical description, including distinguishing physical
characteristics.

A55

21.  The applicant was previously required and still is required to provide fingerprints and the names and addresses of two references and also to answer numerous questions, including, but not limited to, questions relating to the potential disqualifying disabilities of N.J.S. 2C:58-3(c).

22.  The chief of police of the municipality where the applicant resides, or Superintendent of the New Jersey State Police, as the case may be, receives the application and is required by law to conduct an extensive investigation and to issue the Handgun Purchase Permits unless there is good cause to deny the application.

23.  Both federal and State law previously required and still require strict and extensive record keeping in connection with the purchase of handguns in New Jersey.  Each purchase is registered by the retailer on Form SP-671.  The registration form must include all of the transferee's and dealer's identifying information, as well as complete identifying information for the handgun transferred. A copy is forwarded to the applicant's local police and the Superintendent of the New Jersey State Police, and the dealer must retain a copy.

24.  Both federal and State law previously required and still require each handgun purchase to be recorded in a bound book maintained at the dealer's retail premises.  The bound book must contain the name and address of the transferee, the date of

7

A56

transfer and complete identifying information regarding the handgun.

25. Federal law further requires that a retail dealer perform a background check (a/k/a "Brady" check) pursuant to the National Instant Criminal Background Check System ("NICS") that, in New Jersey, is administered by the State Police, and the purchaser must also must complete a Firearms Transaction Record (Bureau of Alcohol Tobacco and Firearms and Explosives ("ATF") Form 4473) and present government issued identification to confirm the purchaser's identity.

26. Form 4473 specifically and prominently asks the purchaser – who must swear under threat of criminal prosecution to the truthfulness of his answers – whether he is the "actual buyer" of the firearm.

27. Pursuant to 27 C.F.R. 478.126a, if a transaction involves the transfer of multiple handguns to the same purchaser in a five day period, the retail dealer must further record the transaction on ATF Form 3310.4 and forward a copy of the multiple sales form immediately to both ATF and to the chief of police in the community in which their business is located.

28. Thus, prior to the enactment of the One Gun Law, the purchase of a handgun in New Jersey was already subject to extraordinary scrutiny, tracking and recordkeeping - easily among the most restrictive and comprehensive regulatory schemes

8

A57

in the nation.   The extensive background investigation process frequently did and still does result in permit issuance delays of two to six months or longer.

## THE ONE GUN LAW

29.   On or about August 6, 2009, Governor Corzine signed into law the One Gun Law which prohibits the delivery or purchase of more than one handgun within a 30 day period, even for holders of Handgun Purchase Permits.

30.   The One Gun Law amended N.J.S. 2C:58-2(a) to provide:

> (7)   A dealer shall not knowingly deliver more than one handgun to any person within any 30-day period.

31.   Similarly, the One Gun Law amended N.J.S. 2C:58-3(i) to provide:

> Restriction on number of firearms person may purchase.   Only one handgun shall be purchased or delivered on each permit and no more than one handgun shall be purchased within any 30-day period . . .

32.   On or about January 12, 2010, Governor Corzine signed into law amendments to the One Gun Law which created certain exemptions to the 30 day prohibition on transfer of a more than one handgun (the "Exemptions").   The Exemptions, set forth in section 4 of Senate Bill S3104 (not yet codified), provide as follows:

A58

4.(New section)

   a.  The superintendent may grant an exemption from the restriction on the purchase of handguns set forth in subsection i. of N.J.S.2C:58-3 if the applicant demonstrates to the satisfaction of the superintendent that the applicant's request meets one of the following conditions:

   (1) The application is to purchase multiple handguns from a person who obtained the handguns through inheritance or intestacy **[the "Inheritance Exemption"]**;

   (2) The applicant is a collector of handguns and has a need to purchase or otherwise receive multiple handguns in the same transaction or within a 30-day period in furtherance of the applicant's collecting activities. As used in this paragraph, "need" shall include, but not be limited to, situations where there is a reasonable likelihood that the additional handguns sought to be purchased would not be readily available after the 30-day period, that it would not be feasible or practical to purchase the handguns separately, or that prohibiting the purchase of more than one handgun within a 30-day period would have a materially adverse impact on the applicant's ability to enhance his collection . . . **[the "Collector Exemption"]**; or

   (3) The applicant participates in sanctioned handgun shooting competitions and needs to purchase or otherwise receive multiple handguns in a single transaction or within a 30-day period, and the need is related to the applicant's

10

competitive shooting activities, including use in or training for sanctioned competitions **[the "Competitor Exemption"].**

b. The applicant shall certify, on a form prescribed by the superintendent, the specific exemption sought and the particular handguns to be purchased. This form shall be submitted to the superintendent at the same time as the permit to purchase a handgun, along with any pertinent documentation supporting the need for an exemption. . . .

d. Notwithstanding the provisions of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.), the superintendent may adopt, immediately upon filing with the Office of Administrative Law, such temporary regulations as the superintendent deems necessary to implement the provisions of P.L. , c. (C. ) (pending before the Legislature as this bill). The regulations so adopted shall be effective for a period not to exceed 270 days from the date of the filing, but in no case shall those regulations be in effect one year after the effective date of P.L. , c. (C. ) (pending before the Legislature as this bill). The regulations may thereafter be amended, adopted or readopted by the superintendent as the superintendent deems necessary in accordance with the requirements of the "Administrative Procedure Act."

33. Section 5 of Senate Bill S3104, provides as follows:

5. This act shall take effect immediately; provided however, the Superintendent of State Police may take any anticipatory administrative action prior to the effective

11

A60

date   necessary   for   its   timely implementation.

34.   Thus, to obtain any of the Exemptions, a person must make an application to the Superintendent of the New Jersey State Police.

35.   Upon information and belief, at this time there is no established procedure in place by which an applicant can apply for and the Superintendent can grant any of the Exemptions.

**UNDER NEW JERSEY LAW, TRADITIONAL B-B, PELLET AND AIR PISTOLS ARE INCLUDED IN THE DEFINITION OF HANDGUNS**

36.   N.J.S. 2C:39-1(f) provides as follows:

"Firearm" means any handgun, rifle, shotgun, machine gun, automatic or semi-automatic rifle, or any gun, device or instrument in the nature of a weapon from which may be fired or ejected any solid projectable ball, slug, pellet, missile or bullet, or any gas, vapor or other noxious thing, by means of a cartridge or shell or by the action of an explosive or the igniting of flammable or explosive substances. It shall also include, without limitation, any firearm which is in the nature of an air gun, spring gun or pistol or other weapon of a similar nature in which the propelling force is a spring, elastic band, carbon dioxide, compressed or other gas or vapor, air or compressed air, or is ignited by compressed air, and ejecting a bullet or missile smaller than three-eighths of an inch in diameter, with sufficient force to injure a person. [Emphasis added.]

A61

37. N.J.S. 2C:39-1(k) provides as follows:

"Handgun" means any pistol, revolver or other firearm originally designed or manufactured to be fired by the use of a single hand.

38. Courts in this District and New Jersey state courts have held that pursuant the foregoing definitions and New Jersey law, traditional B-B, pellet and air pistols fall within the definition of "handgun."


## COUNT ONE
**(INJUNCTIVE RELIEF - 42 U.S.C. §1983; N.J.S. 10:6-2;
PREEMPTION – 15 U.S.C. §5001(g)(ii))**

39. Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 38 as if fully set forth herein at length.

40. 15 U.S.C. §5001(g)(ii) provides as follows:

(g) Preemption of State or local laws or ordinances; exceptions

The provisions of this section shall supersede any provision of State or local laws or ordinances which provide for markings or identification inconsistent with provisions of this section provided that no State shall-- . . .

(ii) prohibit the sale (other than prohibiting the sale to minors) of traditional B-B, paint ball, or pellet-firing air guns that expel a projectile through the force of air pressure.

A62

41.  Because New Jersey law defines traditional B-B, pellet and air pistols as handguns, the One Gun Law prohibits the sale of traditional B-B, pellet and air guns in violation of 15 U.S.C. §5001(g)(ii).

42.  Accordingly, the One Gun Law is preempted by 15 U.S.C. §5001(g)(ii) and the Supremacy Clause of the United States Constitution and is therefore void.

43.  Members of Plaintiff Association wish to purchase more than one handgun within a 30 day period including, but not limited to, traditional B-B, pellet and/or air pistols, and some have applied for Handgun Purchase Permits to do so, but are prohibited from doing so by the One Gun Law and face prosecution if they do so.

44.  Plaintiff Bach has applied for three Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period, including one or more traditional B-B, pellet and/or air pistols but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

45.  Plaintiff Johnson has applied for two Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

46.  Plaintiff Bob's wishes to sell handguns to customers such as Bach and Johnson, who wish to purchase more than one

14

A63

handgun within a 30 day period, including one or more traditional B-B, pellet and/or air pistols, but is prohibited from doing so by the One Gun Law and faces prosecution if it does so.

47. By virtue of the foregoing, Defendants Corzine, Milgram, and Fuentes have deprived, are depriving and will continue to deprive Plaintiffs of their rights, privileges, and/or immunities secured by the United States Constitution and laws of the United States in violation of 15 U.S.C. §5001(g)(ii).

48. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining the enforcement of the One Gun Law.

<u>COUNT TWO</u>
**(DECLARATORY RELIEF - 28 U.S.C. §§2201 and 2202;
PREEMPTION − 15 U.S.C. §5001(g)(ii))**

49. Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 48 as if fully set forth herein at length.

50. By virtue of the foregoing, pursuant to 28 U.S.C. §§2201 and 2202, Plaintiffs are entitled to declaratory relief holding that the One Gun Law is preempted by 15 U.S.C. §5001(g)(ii) and the Supremacy Clause of the United States Constitution and is therefore void and of no effect.

15

A64

<u>COUNT THREE</u>
**(INJUNCTIVE RELIEF - 42 U.S.C. §1983; N.J.S. 10:6-2;
UNITED STATES CONSTITUTION - AMENDMENT XIV)**

51.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 50 as if fully set forth herein at length.

52.  Members of Plaintiff Association wish to qualify for one or more of the Exemptions.

53.  On or about January 13, 2010, Plaintiff Bach applied for three Handgun Purchase Permits.

54.  Plaintiff Bach wishes to apply for the Collector Exemption so he can purchase more than one handgun within a 30 day period, which purchase would satisfy the statutory criteria for the Collector Exemption.

55.  On or about January 14, 2010, Plaintiff Bach inquired of the State Police as to what procedure is available to apply for the Exemptions.  The State Police told him that there was none at this time.

56.  Upon information and belief, at this time there is no procedure in place by which an applicant can apply for and the Superintendent can grant any of the Exemptions.

57.  Accordingly, certain Plaintiffs and/or Members of Plaintiffs who would qualify for one or more Exemptions, and who would therefore be entitled by law to purchase more than one

16

A65

handgun in a 30 day period are being unlawfully constrained by the One Gun Law, are unable to purchase more than one handgun in a 30 day period, and are unlawfully subject to prosecution if they do so.

58. Therefore, Plaintiffs are being deprived of their liberty and/or property without due process of law in violation of Amendment XIV of the United States Constitution.

59. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining the enforcement of the One Gun Law.

## COUNT FOUR
### (DECLARATORY RELIEF – 28 U.S.C. §§2201 and 2202; UNITED STATES CONSTITUTION – AMENDMENT XIV)

60. Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 59 as if fully set forth herein at length.

61. By virtue of the foregoing, pursuant to 28 U.S.C. §§2201 and 2202, Plaintiffs are entitled to declaratory relief holding that the One Gun Law violates the Due Process Clause of Amendment XIV of the United States Constitution and is therefore void and of no effect.

17

A66

**COUNT FIVE**
**(INJUNCTIVE RELIEF – N.J.S. 10:6-2;**
**NEW JERSEY CONSTITUTION ARTICLE 1, ¶1 – DUE PROCESS)**

62.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 61 as if fully set forth herein at length.

63.  By virtue of the foregoing, the One Gun Law violates the Due Process Clause of Article 1, ¶1 of the New Jersey Constitution as well as the Fundamental Fairness Doctrine, and Plaintiffs are entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining the enforcement of the One Gun Law.

**COUNT SIX**
**(DECLARATORY – 28 U.S.C. §§2201 and 2202;**
**NEW JERSEY CONSTITUTION ARTICLE 1, ¶1 – DUE PROCESS)**

64.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 63 as if fully set forth herein at length.

65.  By virtue of the foregoing, pursuant to 28 U.S.C. §§2201 and 2202, Plaintiffs are entitled to declaratory relief holding that the One Gun Law violates the Due Process Clause of Article 1, ¶1 of the New Jersey Constitution, as well as the Fundamental Fairness Doctrine, and is therefore void and of no effect.

18

A67

**COUNT SEVEN**
**(INJUNCTIVE RELIEF – N.J.S. 10:6-2;**
**N.J.A.C. 13:54-1.4(h))**

66.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 65 as if fully set forth herein at length.

67.  N.J.A.C. 13:54-1.4(h) provides as follows:

> Applicants for a permit to purchase a handgun may apply for more than one permit per application. The number of permits requested, and each permit number shall be entered in the spaces provided on the application.

68.  On or about January 7, 2010, Plaintiff Johnson applied for two Handgun Purchase Permits at the Washington Township (Morris County) Police Department.

69.  Notwithstanding the One Gun Law, Plaintiff Johnson can save time, effort, and expense by applying for multiple Handgun Purchase Permits simultaneously and lawfully using only one Handgun Purchase Permit with any given 30 day period.

70.  On or about January 8, 2010, the Chief of Police of Washington Township notified Plaintiff Johnson by letter that as of January 1, 2010 the New Jersey State Police are only permitting one application for a Handgun Purchase Permit per month and returned the fee for his second Handgun Purchase Permit.

71.  By denying Plaintiff Johnson's right to apply for two Handgun Purchase Permits simultaneously, Defendant Washington

A68

violated N.J.A.C. 13:54-1.4(h), which explicitly authorizes such application.

72. Members of Plaintiff Association have applied for multiple Handgun Purchase Permits and been denied the right to apply for and/or receive more than one Handgun Purchase Permit in a 30 day period.

73. Upon information and belief, some or all of fictitiously named Defendants XYZ Municipalities 1-565 are engaging in the same unlawful rationing of Handgun Purchase Permits.

74. By virtue of the foregoing, Plaintiffs are being deprived of substantive rights, privileges and/or immunities secured by the Constitution and/or laws of the State of New Jersey in violation of N.J.A.C. 13:54-1.4(h).

75. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining Defendants from (1) restricting the number of Handgun Purchase Permits the applicant may apply for or (2) restricting the number of Handgun Purchase Permits a licensing authority will issue at one time.

A69

**COUNT EIGHT**
**(DECLARATORY RELIEF – 28 U.S.C. §§2201 and 2202;**
**N.J.A.C. 13:54-1.4(h))**

76.   Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 75 as if fully set forth herein at length.

77.   By virtue of the foregoing, pursuant to 28 U.S.C. §2201 and 2202, Plaintiffs are entitled to declaratory relief holding that restricting an applicant in the number of Handgun Purchase Permits the applicant may apply for or restricting the number of Handgun Purchase Permits a licensing authority will issue at one time violates N.J.A.C. 13:54-1.4(h) and is unlawful.

**WHEREFORE,** Plaintiffs demand judgment against Defendants:

A.   Enjoining enforcement of the One Gun Law.

B.   Declaring the One Gun Law void and of no force and effect.

C.   Enjoining Defendants from (1) restricting the number of Handgun Purchase Permits an applicant may apply for or (2) restricting the number of Handgun Purchase Permits a licensing authority will issue at one time.

D.   Declaring that Defendants may not (1) restrict the number of Handgun Purchase Permits an applicant may apply for or (2) restrict the number of Handgun Purchase Permits a licensing authority will issue at one time.

21

A70

E.    Awarding reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988 and N.J.S. 10:6-2(f).

F.    Awarding such other and further relief as the Court deems equitable, just and proper.

                              FARER FERSKO,
                              A Professional Association
                              Attorneys for Plaintiffs


                         By: /s/ Daniel L. Schmutter
                              Daniel L. Schmutter

Dated: January 17, 2010


### CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify, on information and belief, that the matter in controversy is not the subject of any other action pending in any court or any pending arbitration or administrative proceeding.

                              /s/ Daniel L. Schmutter
                              Daniel L. Schmutter


Dated: January 17, 2010

A71

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
DS (5786)
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson, and Bob's Little Sport Shop

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>Plaintiffs,<br><br>v.<br><br>JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565;<br><br>Defendants. | Civil Action No.:<br>10—cv-271 (JAP)(TJB)<br><br>**PLAINTIFFS' NOTICE OF MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**RETURN DATE: MARCH 15, 2010** |

**PLEASE TAKE NOTICE**, that on March 15, 2010, at 9:30

a.m. or as soon thereafter as Counsel may be heard,

Plaintiffs, Association of New Jersey Rifle and Pistol

Clubs, Inc., Scott L. Bach, Kaare A. Johnson, and Bob's

A72

Little Sport Shop (collectively "Plaintiffs") shall move before the Honorable Joel A. Pisano, U.S.D.J., at the United States Courthouse, Clarkson S. Fisher Federal Building and U.S. Courthouse, 402 E. State Street, Trenton, New Jersey 08608, for an Order granting a preliminary injunction pursuant to Fed. R. Civ. P. 65.

**PLEASE TAKE FURTHER NOTICE** that Plaintiffs shall rely upon the Certifications of Scott L. Bach, Jonathan Friedman, M.D., Daniel Strachman, Kaare A. Johnson, Robert Viden, Steven Yagiello, and Richard Gajda and Brief in support of this motion.

**PLEASE TAKE FURTHER NOTICE** that Plaintiffs request oral argument.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted herewith.

> FARER FERSKO,
> a Professional Association
> Attorneys for Plaintiffs
> Association of New Jersey Rifle
> and Pistol Clubs, Inc., Scott L.
> Bach, Kaare A. Johnson and Bob's
> Little Sport Shop
>
> By:  /s/ Daniel L. Schmutter
>      Daniel L. Schmutter

Dated: February 3, 2010

A73

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>          Plaintiffs,<br><br>v.<br><br>JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565;<br><br>          Defendants. | Civil Action No.:<br>10-cv-00271 (JAP)(TJB)<br><br>**CERITIFICATION OF SCOTT L. BACH** |

SCOTT L. BACH, hereby certify as follows:

1.  I am both an individual Plaintiff in this action and the President of the Association of New Jersey Rifle and Pistol Clubs, Inc. (the "Association"), another Plaintiff in this action.  I am fully familiar with facts

A74

stated herein, and I submit this certification in support
of Plaintiffs' motion for preliminary injunctive relief.

2.   I am an attorney admitted to practice law in four
jurisdictions.   I have prior public service experience,
including service with the United States Court of Appeals
for the Second Circuit, the United States Attorney for the
Southern District of New York, and a United States
Congressman.   I reside in Rockaway Township, Morris County,
New Jersey.

3.   The Association is a not for profit membership
corporation, incorporated in the State of New Jersey in
1936 and represents its members.   The Association
represents the interests of hundreds of thousands of target
shooters, hunters, competitors, outdoors people and other
law abiding firearms owners.   Among the Association's
purposes is aiding such persons in every way within its
power and supporting and defending the people's right to
keep and bear arms, including the right of its members and
the public to purchase and possess firearms.

### Background of New Jersey Handgun Permitting Law

4.   This lawsuit concerns New Jersey's recently
enacted one gun a month law (the "One Gun Law").

5.   For many years, prior to enactment of the One Gun
Law, New Jersey has had and still continues to have one of

2

A75

the most comprehensive and restrictive handgun permitting schemes in the nation.   Before someone may purchase handguns in New Jersey, a purchaser must first obtain from his or her local police department a separate Permit to Purchase a Handgun ("Handgun Purchase Permit") for each handgun purchased, after undergoing extensive state and federal background checks, during which the applicant must provide comprehensive personal information, employment information, fingerprints and two references.

6.   The background investigation process is lengthy and complex, requiring law enforcement to research the applicant's criminal background, research the applicant's mental health background in state records, process fingerprints at the state and federal level, interact with the applicant's references, and perform other investigative functions to assure that the applicant is not subject to disqualification under a list of possible disqualifiers set by state statute.   This process frequently takes many months (sometimes 6 months or longer) to complete.

7.   The investigating authority is not required to issue the permits applied for, and can refuse to do so for a number of reasons specified by statute, or in the absence of specifics, can do so in the general interest of public safety.   Permit applications can be and frequently are

3

denied.  If permits are granted, they are valid for only 90
days, but can be extended for an additional 90 days in the
discretion of the local police department.  After
expiration, the permits are invalid and can no longer be
used and the entire application process must begin anew.

8.  Assuming that an applicant has passed the
background checks after a months-long investigation period,
and exercises the permits prior to their expiration, he or
she must also undergo a separate federal electronic
National Instant Check ("NICS" or "Brady Check") criminal
background check at the point of purchase, and the retail
dealer must collect and retain both federal and New Jersey
forms containing all of the particulars of the transaction,
including the make, model, caliber and serial number of the
handgun, the date and location of purchase, signatures of
both purchaser and seller, and certifications of purchaser
made under threat of criminal prosecution. Copies are sent
to both the State Police and the local police department
that issued the permits, and additional copies must be
retained by both purchaser and seller.  Much of the same
information is recorded by the retail dealer in a separate
bound book required to be maintained under both federal and
State law, subject to audit at any time by State and
federal authorities.

4

A77

9.   These requirements have been in effect for years and remain in effect after the passage of the One Gun Law, which essentially overlaps and operates redundantly with these pre-existing requirements, and creates additional delays.

## The One Gun Law

10.  On or about August 6, 2009, Governor Corzine signed into law the One Gun Law which prohibits the delivery or purchase of more than one handgun within a 30 day period, even though Handgun Purchase Permits have already been issued pursuant to New Jersey law following months-long background investigations.[1]

11.  On or about June 26, 2009, after passage of the One Gun Law by the New Jersey legislature, but prior to the Governor's signing of the One Gun Law, Governor Corzine issued Executive Order 145, which created the Governor's nine-member Firearms Advisory Task Force (the "Task Force") which was allegedly created, in part, "to ensure that lawful firearms collectors and competitive and recreational firearms users are not adversely affected by the [One Gun

---

[1] Though not directly relevant to the disposition of this matter, advocates of the One Gun Law claimed that the legislation would address illegal gun trafficking by making it more difficult for criminals to buy handguns in bulk. Opponents argued that traffickers already circumvent New Jersey's strict permitting process and, therefore, the law would have no impact on illegal gun trafficking.  The first state to enact such a law in 1975, South Carolina, repealed the law after 29 years of experience.

Law].”   (<u>See</u> Executive Order 145, attached hereto as Exhibit A.)

12.  The membership of the Task Force included State Police Lieutenant Colonel Christopher Andreychak as designee for Defendant Superintendent of State Police Colonel Rick Fuentes.  (<u>See</u> excerpt from Task Force Initial Report, attached hereto as Exhibit B.)

13.  Pursuant to the recommendations of the Task Force, on or about January 12, 2010, Governor Corzine signed into law amendments to the One Gun Law which created extremely limited exemptions to the 30 day prohibition on transfer of a more than one handgun (the “Exemptions”). The Exemptions, set forth in section 4 of Senate Bill S3104 (not yet codified), provide as follows:

> 4.(New section)
> a. The superintendent may grant an exemption from the restriction on the purchase of handguns set forth in subsection i. of N.J.S.2C:58-3 if the applicant demonstrates to the satisfaction of the superintendent that the applicant’s request meets one of the following conditions:
>
> (1) The application is to purchase multiple handguns from a person who obtained the handguns through inheritance or intestacy **[the “Inheritance Exemption”];**

6

A79

(2) The applicant is a collector of handguns and has a need to purchase or otherwise receive multiple handguns in the same transaction or within a 30-day period in furtherance of the applicant's collecting activities. As used in this paragraph, "need" shall include, but not be limited to, situations where there is a reasonable likelihood that the additional handguns sought to be purchased would not be readily available after the 30-day period, that it would not be feasible or practical to purchase the handguns separately, or that prohibiting the purchase of more than one handgun within a 30-day period would have a materially adverse impact on the applicant's ability to enhance his collection . . . **[the "Collector Exemption"]**; or

(3) The applicant participates in sanctioned handgun shooting competitions and needs to purchase or otherwise receive multiple handguns in a single transaction or within a 30-day period, and the need is related to the applicant's competitive shooting activities, including use in or training for sanctioned competitions **[the "Competitor Exemption"]**.

b. The applicant shall certify, on a form prescribed by the superintendent, the specific

7

A80

exemption sought and the particular handguns to be purchased. This form shall be submitted to the superintendent at the same time as the permit to purchase a handgun, along with any pertinent documentation supporting the need for an exemption. . . .

d. Notwithstanding the provisions of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.), the superintendent may adopt, immediately upon filing with the Office of Administrative Law, such temporary regulations as the superintendent deems necessary to implement the provisions of P.L. , c. (C. ) (pending before the Legislature as this bill). The regulations so adopted shall be effective for a period not to exceed 270 days from the date of the filing, but in no case shall those regulations be in effect one year after the effective date of P.L. , c. (C. ) (pending before the Legislature as this bill). The regulations may thereafter be amended, adopted or readopted by the superintendent as the superintendent deems necessary in accordance with the requirements of the "Administrative Procedure Act."

Section 5 of Senate Bill S3104, provides as follows:

5. This act shall take effect immediately; provided however, the Superintendent of State Police may take any anticipatory administrative action prior to the effective date necessary for its timely implementation.

8

A81

14.   In accordance with this legislation, to obtain any of the Exemptions, a person must make an application to the Superintendent of the New Jersey State Police (the "Superintendent").

15.   Despite the presence of the Superintendent's designee on the Task Force for more than six months prior to the effective date of the One Gun Law and the Exemptions, and despite S3104's call for "timely implementation" of the Exemptions and authorization of "anticipatory administrative action" by the Superintendent to that end, at this time there does not appear to be any established procedure in place by which an applicant can apply for and the Superintendent can grant any of the Exemptions.

16.   Personally, I have been a firearms collector for nearly two decades, and I have an extensive collection of firearms.   Among other things, I would like to add to my collection a matched set of pistols.

17.   Typically, much of the value of a matched set is in owning the pieces together.   Thus, a seller is very unlikely to split up a set and sell the pieces individually.

18.  Similarly, a seller with a multi-piece collection to sell usually prefers to sell the collection as a set, rather than break it up and sell the pieces individually.

19.  Accordingly, unless I am able to avail myself of the Exemptions, I, like all law-abiding New Jerseyans who have no involvement whatsoever in the illegal trafficking activities that were the target of the One Gun Law, will be unable to purchase matched sets, collections, or pursue other lawful collection activities.

20.  On or about January 13, 2010 I applied for three Handgun Purchase Permits with the intention of purchasing more than one handgun within a 30 day period, including one or more traditional B-B, pellet and/or air pistols.

21.  I believe I qualify for the Collector Exemption to the One Gun Law; however, there is no prescribed method for me to apply for the Exemption nor is there a procedure in place for the State Police to approve any application that I might make.

22.  On or about January 14, 2010, I telephoned the Division of New Jersey State Police to inquire as to what procedure is available to apply for the Exemptions.  I was directed to speak with Lieutenant David Schlueter in the Firearms Unit.  Lieutenant Schlueter advised me that there

was no procedure in place, and that he did not know when there would be a procedure.

23. Lieutenant Schlueter did not even know that the Exemptions had already been signed into law by the Governor several days earlier. He indicated that he had received no information about the amendments to the law or their content, and suggested that I contact my legislator for information.

24. Lieutenant Schlueter said that until he received the final version of the law there was nothing he could do. He said he needed to prepare a new form and could not do that yet, and he did not know when he would be able to do it.

25. He claimed that all this was done "without our knowledge." Yet, State Police Lieutenant Colonel Christopher Andreychak was a member of the Task Force representing the State Police for more than six months prior to enactment of the Exemptions, and participated in formulating the recommendations that resulted in the Exemptions.

26. Notwithstanding, Lieutenant Colonel Andreychak's participation on the Task Force, the State Police are completely unprepared for the implementation of the Exemptions, despite the legislature's express call in S3104 for "timely implementation" and authorization of

A84

"anticipatory administrative action." The honest persons whom the legislature intended to exempt, who were not the target of the One Gun Law, now have no established procedure or prescribed method to invoke the Exemptions.

27. Also, when I first submitted my application for three Handgun Purchase Permits, the Rockaway Township Police Department initially told me that I could only obtain one <u>permit</u> per month (as opposed to one handgun per month). Because the permit process often takes several months, as a practical matter this could translate into one handgun every four or five months or longer – well beyond the intended statutory limitation.

28. Fortunately, the Rockaway Township Police were diligent and telephoned the State Police and learned that the One Gun Law does not limit the number of permits that can be applied for or issued simultaneously.

29. In fact, New Jersey law elsewhere specifically provides that an individual may apply for multiple permits. As a practical matter, a non-exempt individual can receive six permits at once and use all six lawfully under the One Gun Law; used at the rate of one per month, the first three can be used prior to their 90-day expiration date, and the second three can be extended for the one additional 90-day term that is available.

12

30.   However, the State Police appear to have provided no advance guidance to local police agencies on this issue, leaving applicants at the mercy of their local police to figure out how the law is supposed to work.   With 566 municipalities in New Jersey, this is a recipe for inconsistency and utter chaos, which is becoming increasingly evident with every passing day since enactment of the One Gun Law and the Exemptions. Given their direct involvement on the Task Force, the State Police should have been well prepared for enactment of the One Gun Law and the Exemptions.

31.   As President of the Association I am privy to frequent complaints and reports from Association members regarding the manner in which New Jersey firearms laws are implemented by State and local officials.

32.   The Association has received multiple complaints from its members regarding rationing of permits or permit applications to one per month, or simple confusion and lack of knowledge of local police departments as to whether they can issue multiple permits on a single application (some of which have been provided to the Court in accompanying certifications).

33.   Members of the Association have also made complaints about the lack of any established procedure or

A86

mechanism for invoking the statutory Exemptions, and I have experienced this myself personally, as noted above.

34. It is both grossly unfair and an undue burden for the Association and its law abiding members – who were not the target of the One Gun Law -- to be forced to separately educate 566 different police agencies on the workings of the new law (to the extent they are even willing to be educated by the public). New Jerseyans are entitled to the correct and prompt implementation of new laws, especially where, as here, the law was signed nearly five months before the effective date of January 1, 2010.

35. In view of the foregoing, and for the other reasons cited in the accompanying documents, the Court should grant preliminary injunctive relief enjoining enforcement of the One Gun Law.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on February 2, 2010

_____
Scott L. Bach

A87

EXECUTIVE DEPARTMENT

EXECUTIVE ORDER NO. 145

WHEREAS, protecting the public safety and welfare is the most basic duty of government, and to this end, effective and reasonable measures must be implemented to keep citizens safe from violence; and

WHEREAS, New Jersey has taken a variety of steps to combat gun violence, including requiring prison terms for those who use firearms in crimes; regulating the sale and transfer of guns to ensure that firearms are being purchased only by law-abiding citizens; imposing restrictions on handgun purchases; and barring the sale of assault firearms; and

WHEREAS, effective limitations regarding firearms, as well as other deterrent and enforcement measures, are essential to maintaining the public safety, but necessarily impact all residents of this State, including law-abiding collectors of firearms and competitive and recreational firearms users; and

WHEREAS, in 2007, New Jersey entered into a cooperative agreement, the first of its kind in the nation, forming a partnership with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives to allow New Jersey State Police direct access to "E-TRACE" data, to trace illegal firearms back to their source as yet another measure to uncover gun crimes and deter illegal gun trafficking; and

WHEREAS, it is appropriate to maintain a dialogue with interested parties and experts regarding the effectiveness of our State's firearms laws in combating gun violence and the impact of these restrictions on law-abiding firearms owners;

NOW, THEREFORE, I, JON S. CORZINE, Governor of the State of New Jersey, by virtue of the authority vested in me by the Constitution and by the Statutes of this State, do hereby ORDER and DIRECT:

1. There is hereby established a Task Force to review, evaluate and make recommendations regarding New Jersey's statutory and regulatory schemes and programmatic initiatives to curb the illegal possession, use, and trafficking of firearms and, more specifically, the anticipated passage of "one-handgun-per-month" legislation,

*Printed on recycled paper*

A88

criminal penalties for illegal transfer of guns, programmatic measures to curb illegal transfers of firearms, and the firearm permitting and regulatory processes (collectively, "firearms regulation").

2.   The Task Force recommendations shall address at a minimum the following issues: the permitting processes; the effectiveness of any statutory limitations on the sale and transfer of firearms, including the anticipated passage of one-handgun-per-month legislation and the efficacy of any exceptions contained in that legislation; and measures to deter "straw purchases" and the illegal transport of guns into New Jersey for purposes of transfer.  The recommendations shall include specific suggestions to improve the effectiveness of firearms regulation in these areas and shall include any appropriate recommendations for legislative changes.

3.   The Task Force shall be composed of nine members. Membership shall include the Attorney General or designee, the Superintendent of State Police or designee, and a representative of the County Prosecutors' Association.  Additionally, the Task Force shall include one member representing an association of pistol and rifle clubs operating in New Jersey and one member representing an organization that promotes gun violence prevention, which members are to be appointed by the Governor.  Additionally, the Task Force shall include two member of the Senate, one of whom with experience with firearms and firearms restrictions, to be selected by the President of the Senate; and two members of the General Assembly, one of whom with experience with firearms and firearms restrictions, to be selected by the Speaker of the General Assembly.  Vacancies on the Task Force shall be filled in the same manner as the original selections.  The non-legislative members shall serve at the pleasure of the Governor and without compensation.  The Governor shall appoint the Chair of the Task Force.  The members shall select a Vice-Chair through a majority vote.

4.   The Task Force members shall be appointed and convene within thirty days of the effective date of this Order.  The Task

Printed on recycled paper

A89

Force shall complete an initial report within 90 days of its first meeting.   The initial report shall be served on the Governor and Legislature so as to allow responsive action within the current legislative session.     The initial report shall focus on the anticipated passage of "one-handgun-per-month" legislation in New Jersey, including its impact on firearms collectors and competitive and recreational firearms users.   The initial report shall include recommendations for any appropriate legislative changes to ensure that lawful firearms collectors and competitive and recreational firearms users are not adversely affected by the legislation, including the exceptions to the one-handgun limitation contained in Section 2(i) of General Assembly Bill No. 339 (2008) (First Reprint) and Senate Bill No. 1774 (2008).   The Task Force shall produce its final report no later than 18 months after delivery of its initial report.   At a minimum, the report shall include an analysis of the impact of the one-handgun-per-month legislation on gun crime and the prevalence of illegal firearms in New Jersey.

5.   In furtherance of its mission, the Task Force shall be authorized to call upon any department, office, division, or agency of this State to supply it with any available information, personnel, or assistance as it deems necessary to discharge its duties under this Order.   Each department, office, division, or agency of this State is hereby required, to the extent not inconsistent with law, to cooperate fully with the Task Force and to furnish it with such available information, personnel, or assistance on as timely a basis as is necessary to accomplish the purposes of this Order.   The Task Force may consult with experts or other knowledgeable individuals in the public or private sector on any aspect of its mission.

6.   In order that the Task Force be informed of and consider a broad range of views and experiences in the course of its work, the Task Force shall convene at least one public hearing.

STATE OF NEW JERSEY
EXECUTIVE DEPARTMENT
4

7.    This Order shall take effect immediately.


GIVEN, under my hand and seal this
25th day of June
Two Thousand and Nine, and of
the Independence of the United
States, the Two Hundred and
Thirty-Third.


/s/ Jon S. Corzine

Governor

[seal]


Attest:


/s/ William J. Castner

Chief Counsel to the Governor

*Printed on recycled paper*

A91



# GOVERNOR'S FIREARMS ADVISORY TASK FORCE

# INITIAL REPORT

Jon S. Corzine
Governor

Honorable Robert D. Bernardi
Burlington County Prosecutor
Chairman

Honorable Fred H. Madden, Jr.
New Jersey State Senator, District 4
Vice-Chairman

November 12, 2009

## <u>Members of the Governor's Firearms Advisory Task Force</u>

Honorable Robert D. Bernardi
Burlington County Prosecutor
Chairman

Honorable Fred H. Madden, Jr.
New Jersey State Senator, District 4
Vice-Chairman

Honorable Sandra B. Cunningham
New Jersey State Senator, District 31

Honorable John J. Burzichelli
New Jersey State Assemblyman, District 3

Honorable Gordon M. Johnson
New Jersey State Assemblyman, District 37

Bryan Miller
Executive Director, CeaseFire NJ

Robert A. Nixon
Association of New Jersey Rifle and Pistol Clubs

Ronald Susswein, Esq.
Assistant Attorney General
Designee for Attorney General Anne Milgram

Lt. Col. Christopher Andreychak
New Jersey State Police
Designee for Col. Rick Fuentes
Superintendent of State Police

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>Plaintiffs,<br><br>v.<br><br>JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565;<br><br>Defendants. | Civil Action No.:<br>10-cv-00271 (JAP)(TJB)<br><br>**CERTIFICATION OF KAARE A. JOHNSON** |

I, KAARE A. JOHNSON, hereby certify as follows:

1.   I am a Plaintiff in this action, and I reside in Washington Township, Morris County, New Jersey. I am fully familiar with the facts stated herein, and I submit this

certification in support of Plaintiffs' motion for a preliminary injunction.

2. I am a retired middle school teacher and a World War II veteran. In my retirement, I have taken a part time job with a retail firearms dealer.

3. As a collector of firearms, I have a particular interest in certain vintage Colt revolvers. These revolvers are no longer manufactured, so in every instance I must acquire them used.

4. By working in the store, I see used firearms come into the store on a regular basis. When a firearm that interests me comes in, I like to be in a position to purchase it right away, so that it does not disappear. Particularly nice specimens are snapped up quickly by collectors, so one has to be ready to purchase when these items show up in the store.

5. For this reason, I always like to have two or three active Permits to Purchase a Handgun ("Handgun Purchase Permits") at all times. This way when one of my sought after Colt revolvers appears, I can purchase it immediately instead of having to first apply for my Handgun Purchase Permit and wait three or more months. By the time the Handgun Purchase Permit would be issued, the revolver would be gone.

6.   Significantly, if more than one of the type of revolver I collect arrives in the store within a 30 day period, the new law would prevent me from acquiring both of them.  I would likely have to let one go, as the second one would disappear fairly quickly.

7.   I believe I may qualify for the collector exemption under the new law, but I am unaware of any procedure to apply for the exemption.  Therefore, even though the law specifically provides that I might qualify to buy two such revolvers within a 30 day period if they came in that way, I am still subject to criminal penalties if I do so.

8.   Further, on or about January 7, 2010, I applied to the Washington Township Police Department for two Handgun Purchase Permits.

9.   Attached hereto as Exhibit A is a letter dated January 8, 2010 that I received from the Chief of Police stating that "the New Jersey State Police are only permitting one Application for Permit to Purchase a Handgun per month" and returning my fee for the second permit.

10.   Subsequent to the filing of the Complaint in this matter, Washington sent me a second letter, dated January 25, 2010, in which it indicated that there was a "misunderstanding" and indicated that I could increase the

number of permits for which I am applying. (See Exhibit B.)

11. I should not have to sue my town to get them to apply the law correctly.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on January 29, 2010

Kaare A. Johnson

# WASHINGTON TOWNSHIP
# POLICE DEPARTMENT

### LONG VALLEY, MORRIS COUNTY, NEW JERSEY



**MICHAEL BAILEY**
**CHIEF OF POLICE**

908-876-3232
FAX 908-876-5655

January 8, 2010

Kaare A. Johnson
215 Mission Road
Hackettstown, NJ 07840

Re:  Firearms Permit to Purchase

Dear Mr. Johnson:

As of January 1, 2010 the New Jersey State Police are only permitting one Application for Permit to Purchase a Handgun per month.  Therefore, I am returning $2.00 for the second Permit you requested.

If you have any questions I can be reached at 908-876-8315.  I am sorry for any inconvenience this may have caused.

Respectfully,

Maureen A. Guenther
For
Michael Bailey
Chief of Police

enclosure



**MICHAEL BAILEY**
**CHIEF OF POLICE**

# WASHINGTON TOWNSHIP
# POLICE DEPARTMENT

### LONG VALLEY, MORRIS COUNTY, NEW JERSEY





908-876-3232
FAX 908-876-5666

January 25, 2010

Kaare A. Johnson
215 Mission Road
Hackettstown, NJ 07840

Re:  Firearms Permit to Purchase

Dear Mr. Johnson:

In my previous letter to you dated January 8, 2010, I indicated we are only permitted to issue one "Permit to Purchase a Handgun" per month.  It is my understanding the information I relayed to you was incorrectly interpreted.  You may apply for as many "Permits to Purchase a Handgun", as you like.  You are permitted to purchase one handgun per thirty (30) day period.

I am sorry for any misunderstanding this may have caused.  If you would like to increase the number of "Permits to Purchase a Handgun" before your current application is completed, please submit the $2.00 fee for each additional permit and we will process them for you.

If you have any questions I may be reached at 908-876-8315.

Respectfully,

Maureen A. Guenther
for Michael Bailey
Chief of Police

MB:mag

A99

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>    Plaintiffs,<br><br>v.<br><br>JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565;<br><br>    Defendants. | Civil Action No.:<br>3:10-cv-00271-JAP-TJB<br><br>**CERTIFICATION OF JONATHAN FRIEDMAN, M.D.** |

I, Jonathan Friedman, M.D. hereby certify as follows:

1.  I am an oral and maxillofacial surgeon and a former New York State Trooper.  I live in Mendham, New Jersey, and I am fully familiar with the facts stated herein.

A100

2.    On or about December 21, 2009, I filled out the paperwork for several permits to purchase a handgun, and I asked my wife to drop the paperwork and fees off at the police station.   My application was for two (2) permits. My wife told me that Detective Chris Gobbi informed her that based upon the new one-gun-a-month law, I could only apply for one permit per month.

3.    When I heard this from my wife, I called Detective Gobbi and told him that I believed that he was mistaken about the one permit per month limitation.   He told me that he would check and get back to me.

4.    He called me back the next day and told me that I was, in fact, correct and that he had been mistaken about the one permit per month limitation.   He informed me that upon my application being successfully processed I would receive the two permits.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____ 1. 2 8 ____, 2010

Jonathan Friedman, M.D.

A101

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>            Plaintiffs,<br><br>v.<br><br>JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565;<br><br>            Defendants. | Civil Action No.:<br>10-cv-00271 (JAP)(TJB)<br><br>**CERTIFICATION OF STEVEN YAGIELLO** |

I, STEVEN YAGIELLO, hereby certify as follows:

1.    I am a crew supervisor for the New Jersey Division of Fish and Wildlife, and a resident of Little Egg Harbor Township, New Jersey, and I am fully familiar with the facts stated herein.

A102

2.   On or about December 1, 2009, I submitted an application for a Permit to Purchase a Handgun to the Little Egg Harbor Township Police Department. The application was for three (3) permits.

3.   When I submitted my application, I spoke with Detective Malaga, who examined my application to determine if it was completed fully and correctly.

4.   When Detective Malaga saw that I was applying for three permits, he told me that if the permits were issued before January 1, 2010, they could issue me all three permits. He said, however, that if the permits were issued after January 1, 2010, after the one gun a month law went into effect, he would not be able to issue more than one permit.

5.   When I told Detective Malaga that it was my understanding that I was allowed to apply for more than one permit at a time, Detective Malaga said that they were being told that they could only issue one permit at a time after that.

6.   Detective Malaga told me that 30 days after I purchase my handgun and use my permit, I could then apply for another permit.

7.   Because the application process for a Permit to Purchase a Handgun often takes several months, if the

A103

police department will only let me first apply for another permit 30 days after one permit is used, then, in reality, I will be required to wait three or four months to purchase a second handgun rather than 30 days.

8.   In fact, my paper work did not come back from the State Police until January 7, 2010.  Therefore, the Little Egg Harbor Township Police Department issued me only one permit and refunded me $4.00.

I certify under penalty of perjury that the foregoing is true and correct.


Executed on January ___29___ , 2010


Steven Yagiello

A104

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ 07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>        Plaintiffs,<br><br>v.<br><br>JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565;<br><br>        Defendants. | Civil Action No.:<br>10-cv-00271 (JAP)(TJB)<br><br>**CERTIFICATION OF DANIEL STRACHMAN** |

I, Daniel Strachman hereby certify as follows:

A105

1.   I am a strategic consultant and author of numerous books and articles on investment strategy and financial matters.  I spent more than 15 years working on Wall Street with institutional brokerage firms, mutual funds and investment management companies.  I am a former adjunct professor at New York University School of Continuing Education.  I am a resident of Fanwood, and I volunteer with the Fanwood Rescue Squad.  I am fully familiar with the facts stated herein.

2.   On Sunday January 24, 2010, I appeared at the Fanwood Police Department to submit an application for two permits to purchase a handgun.  I provided the forms and an $18.00 money order and then left.

3.   Approximately one-half hour after I submitted my forms, Sergeant Thomas Jedic called my house and left a message with my wife saying that because of the new one-gun-a-month law, I could only receive one permit to purchase a handgun per month.

4.   Considering that it takes several months to apply for and receive a permit, on Tuesday January 26, 2010, I called the Fanwood Police Department and left a message for

A106

Sergeant Jedic asking him why I was limited to one <u>permit</u> per month, as opposed to simply one <u>purchase</u> per month.

5.   Sergeant Jedic called me back the next day and told me that he had contacted the State Police, and they had informed him that he was mistaken and that he could issue three permits at a time.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on January 31, 2010

Daniel Strachman

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>Plaintiffs,<br><br>v.<br><br>JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565;<br><br>Defendants. | Civil Action No.:<br>10-cv-271 (JAP)(TJB)<br><br>**CERTIFICATION OF RICHARD GAJDA** |

I, Richard Gajda hereby certify as follows:

1.   I am a firearms collector and competitive shooter.   I am an officer in two not-for-profit firearms



A108

clubs, one of which is a collector's organization, The New Jersey Arms Collectors Club, Inc. I am also an active NRA Certified Instructor, and I train approximately 50 students per year. I am fully familiar with the facts stated herein.

2. I am an avid collector, and approximately one-half of my collection consists of handguns. Because of my collecting activities I regularly apply for multiple permits.

3. Most of my collection consists of vintage military pieces from the Civil War, World War I and World War II. I also have more modern pieces in my collection as well as firearms that I use for competition.

4. In December 2009, I applied for multiple permits to purchase a handgun at my local police department in Clinton Township, New Jersey. I am well known to my local police due to my collecting activities.

5. My police department informed me that after January 1, 2010, not only could they issue only one permit per month but they will not even accept an application for a second permit until the first permit is used.

6. Because the handgun permit process typically takes between three and four months, this effectively limits me not to one handgun every 30 days but to three or



A109

<u>four handguns per year</u>, since I cannot even begin an application for a second handgun until after I use my first permit.

7.    Further, I understand that the one-gun-a-month law was amended in early January to include an exemption for collectors.    Although I believe I qualify for the exemption due to the volume of my collecting activities, I am unaware of any method to apply for such an exemption.

8.    Therefore, even though the law allows me to purchase more than one handgun within a 30 day period, I cannot lawfully do so because there appears to be no way for the State Police to grant me the exemption for which I qualify.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on January 31, 2010

Richard Gajda

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation | Civil Action No.: 10-cv-00271 (JAP)(TJB)  CERTIFICATION OF ROBERT VIDEN |
| Plaintiffs, | |
| v. | |
| JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565; | |
| Defendants. | |

I ROBERT VIDEN hereby certify as follows:

1.   I am the owner of Bob's Little Sport Shop, Inc.

("Bob's"),  a  plaintiff  in  this  matter,  and  I  am  fully

familiar with the facts stated herein.    I submit this certification in support of Plaintiffs' motion for a preliminary injunction.

2.    Bob's is a federally and State licensed retail firearms dealer.    We have been in business in Glassboro, New Jersey since 1965

3.    Since the one gun a month law went into effect on January 1, 2010, we have had numerous customers come into the store very confused about how the new law is supposed to work.    Unfortunately, neither the Attorney General nor the State Police have issued any guidance to retailers regarding this new law.

4.    This is especially problematic because I understand that there were exemptions to the law enacted in the beginning of January, yet no one knows how to qualify for those exemptions.

5.    We have collectors and competitors in our store on a regular basis. Collectors often wish to purchase matched pistol sets or multi-gun lots and they now cannot do so, even if they qualify for one of the exemptions.

6.    A matched set is generally a set of two or more handguns that bear some sort of significant relationship to each other.    So, for example, a manufacturer may issue a set of handguns with consecutive serial numbers.    Such a

set is sought after by collectors, and its value depends on purchasing and keeping the two handguns together. Unless someone can qualify for one of the exemptions, we can no longer sell such sets to our customers.

7. Similarly, collections are often sold in lots which the seller will usually not break up. So a purchaser must be in a position to purchase the entire multi-gun lot or forego the collection entirely.

8. Competitors face a similar problem with the new law. Competitors often engage in multi-gun event categories (e.g. a "Three-Gun Match") which require the competitor to have a set of handguns in several specified calibers. Competitors typically need to buy these simultaneously, and the new law makes this impossible.

9. Thus, if they cannot obtain approval from the State Police for these exemptions, collectors and competitors are essentially barred from these types of purchases, even though the law is supposed to allow them.

10. The worst part for retailers like us is that we are left having no idea what to do or what to tell our customers, some of whom we must turn away, even where they would qualify for an exemption that would allow us to sell them more than one handgun at a time.

A113

I certify under penalty of perjury that the foregoing is
true and correct.

Executed on January ___, 2010

Robert Viden

A114

```
FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson and Bob's Little Sport Shop, Inc.
```

<div align="center">

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

</div>

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation | Civil Action No.: 10-cv-271 (JAP)(TJB) |
|           Plaintiffs, | **ORDER GRANTING PRELIMINARY INJUNCTION** |
| v. | |
| JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565; | |
|           Defendants. | |

**THIS MATTER** having been brought before the Court on

the Plaintiffs' Motion for Preliminary Injunction by their

<div align="center">

A115

</div>

attorneys Farer Fersko, P.A. (Daniel L. Schmutter, Esq.

appearing) and Anne Milgram, Attorney General of the State

of New Jersey (_____, Deputy Attorney General)

appearing on behalf of Defendants Jon S. Corzine, Governor

of the State of New Jersey, Anne Milgram, Attorney General

of the State of New Jersey ("Milgram") and Colonel Rick

Fuentes, Superintendent, Division of New Jersey State

Police ("Fuentes"); and Washington Township (Morris County)

appearing by its attorneys Jansen & DeBona, LLC (John

Jansen, Esq.); and the Court having reviewed the papers and

heard the arguments of counsel for the respective parties;

and for good cause shown;

　　　**IT IS**, on this _____ day of _____,

2010, **ORDERED** as follows:

　　　1.　Plaintiffs' Motion for preliminary injunction is

hereby granted in its entirety and without bond;

　　　2.　Defendants and their officers, agents, servants,

employees, attorneys and other persons who are in active

concert or participation with the foregoing are hereby

preliminarily enjoined from enforcing N.J.S. 2C:58-2 and/or

N.J.S. 2C:58-3 and/or any other provision of New Jersey law

to the extent the foregoing provisions of law prohibit or

restrain the purchase, sale, transfer, delivery or

acquisition of more than one (1) handgun within a 30 day period;

    3.   Defendants are hereby enjoined from restricting the number of permits to purchase a handgun a person may apply for and receive at one time as long as such person is qualified to receive one (1) permit to purchase a handgun;

    4.   Defendants Milgram and/or Fuentes (whichever has appropriate jurisdiction and/or authority) shall within two (2) days of the date of this order issue a guidance document and/or notification to all police departments within the State of New Jersey responsible for issuing permits to purchase a handgun stating that persons who qualify to receive a permit to purchase a handgun are not limited in the number of permits to purchase a handgun they may apply for and receive at one time.  A copy of the guidance document and/or notification and an affidavit of service upon all police departments shall be filed with the Court and served upon all counsel within five days of the date of this order;

    5.   While this preliminary injunction is in effect, there shall be no limitation on the number of handguns that may be purchased, sold, transferred or delivered within a 30 day period as long as the purchaser or transferee has

one permit to purchase a handgun for each handgun purchased, sold, transferred or delivered;

6.    The within preliminary injunction shall remain in effect unless otherwise ordered by the Court; and

7.  A copy of this Order shall be served upon the attorneys for all parties within _____ days of this entry.

_____
Hon. Joel A. Pisano, U.S.D.J.

PAULA T. DOW
Attorney General of New Jersey
R. J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for the Governor of the State of New Jersey, the Attorney
    General of the State of New Jersey, and the Superintendent of
    the New Jersey Division of State Police, Defendants

By:  Larry R. Etzweiler
    Senior Deputy Attorney General
    (609) 633-7786
    larry.etzweiler@dol.lps.state.nj.us

---

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| | VICINAGE OF TRENTON |
|     Plaintiffs, | Honorable Joel A. Pisano, U.S.D.J. |
|         v. | |
| JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565; | CIVIL ACTION No. 10-cv-271-JAP-TJB |
| | Notice of Motion for Dismissal of Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6) |
|     Defendants. | |

---

TO:    CLERK OF THIS COURT

        Daniel L. Schmutter, Esq.
        Farer & Fersko, PA
        600 South Avenue
        P.O. Box 580
        Westfield, N.J. 07091-0580
        attorney for plaintiffs

A119

```
AND TO:  Paula J. DeBona
         Jansen & DeBona, LLC
         413 West Main Street
         Boonton, NJ 07005
         attorney for codefendant Washington Township
```

PLEASE TAKE NOTICE that on April 5, 2010, Paula T. Dow, Attorney General of New Jersey, Attorney for the Governor of the State of New Jersey, the Attorney General of the State of New Jersey, and the Superintendent of the New Jersey Division of State Police, defendants in this action, sill move on behalf of these defendants pursuant to <u>Fed.R.Civ.R.</u> 12(b)(1) and <u>Fed.R.Civ.R.</u> 12(b)(6) for an Order dismissing plaintiffs' complaint: (1) with prejudice insofar as it alleges federal claims against these defendants, and (2) without prejudice for the Court's lack of jurisdiction or declination to exercise jurisdiction insofar as it alleges State-law claims against these defendants.

PLEASE TAKE FURTHER NOTICE that these moving defendants will rely upon the accompanying brief. A proposed form of Order is included.

```
                         PAULA T. DOW
                         ATTORNEY GENERAL OF NEW JERSEY


                         BY:   /s/ Larry R. Etzweiler
                               Larry R. Etzweiler
                               Senior Deputy Attorney General
```

Dated: February 24, 2010

A120

PAULA T. DOW
Attorney General of New Jersey
R. J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for the Governor of the State of New Jersey, the Attorney
    General of the State of New Jersey, and the Superintendent of
    the New Jersey Division of State Police, Defendants

By:  Larry R. Etzweiler
     Senior Deputy Attorney General
     (609) 633-7786
     larry.etzweiler@dol.lps.state.nj.us

---

| | | |
|---|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation, | : : : : : : | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY VICINAGE OF TRENTON |
|     Plaintiffs, | : | Honorable Joel A. Pisano, U.S.D.J. |
|           v. | : | |
| JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565; | : : : : : : : | CIVIL ACTION No. 10-cv-271-JAP-TJB ORDER Dismissing Complaint |
|     Defendants. | : | |

---

    The motion of the Governor of the State of New Jersey, the
Attorney General of the State of New Jersey, and the Superintendent
of the New Jersey Division of State Police, defendants in this
action, for dismissal of the complaint in this matter against them
having been submitted to the Court, and the Court having duly

A121

considered the papers submitted and the arguments of counsel, and good cause appearing;

IT IS on this _____ day of _____, 2010, ORDERED that

(1) the complaint be and hereby is dismissed with prejudice insofar as it alleges federal claims against these defendants; and

(2) the complaint be and hereby is dismissed without prejudice for the Court's lack of jurisdiction insofar as it alleges State-law claims against these defendants.


_____
Honorable Joel A. Pisano, U.S.D.J.

–2–

A122

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson, Vincent Furio, Steven Yagiello
and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation | Civil Action No.: 10-cv-00271-JAP-TJB |
| Plaintiffs, | **AMENDED COMPLAINT** |
| v. | |
| CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-563; | |
| Defendants. | |

Plaintiffs Association of New Jersey Rifle and Pistol

Clubs, Inc., Scott L. Bach, Kaare A. Johnson, Vincent Furio,

Steven Yagiello and Bob's Little Sport Shop, Inc. (collectively

A123

"Plaintiffs") by way of Amended Complaint against Defendants Christopher J. Christie[1], Governor of the State of New Jersey, Paula T. Dow, Attorney General of the State of New Jersey, Colonel Rick Fuentes, Superintendent, Division of New Jersey State Police, Washington Township (Morris County), City of Hackensack, Little Egg Harbor Township, and XYZ Municipalities 1-563 (collectively, "Defendants"), say:

## **INTRODUCTION**

1.   This action concerns the State of New Jersey's unlawful amendments to N.J.S. 2C:58-2 and 2C:58-3 to restrict handgun sales to one every 30 days ("One Gun Law") in violation of an explicit federal preemption contained in 15 U.S.C. §5001(g)(ii).

2.   Additionally, the One Gun Law contains exemptions for collectors, competitors and heirs ("Exempted Individuals") but provides no means to qualify for such exemptions.  Accordingly, Exempted Individuals are unable to engage in lawful transactions of more than one handgun per month.

3.   Finally, certain New Jersey municipalities are restricting the issuance of permits to purchase handguns to one per month in violation of State law.

---

[1] Originally, Governor Jon S. Corzine and Attorney General Anne Milgrim were named as defendants.  However, due to the recent change in administrations, the Complaint has been amended to correctly reflect the proper parties.

A124

4.    Accordingly, Plaintiffs seek prospective injunctive and declaratory relief.

<div align="center">**PARTIES**</div>

5.    The Association of New Jersey Rifle and Pistol Clubs (the "Association") is a not for profit membership corporation, incorporated in the State of New Jersey in 1936 and represents its members.  Its address is P.O. Box 353, Pompton Plains, New Jersey 07444.  The Association represents the interests of target shooters, hunters, competitors, outdoors people and other law abiding firearms owners.  Among the Association's purposes is aiding such persons in every way within its power and supporting and defending the people's right to keep and bear arms, including the right of its members and the public to purchase and possess firearms.  The Association brings this action on behalf of its members who have been and will be injured by the invalid One Gun Law and unlawful conduct at issue.

6.    Plaintiff Scott L. Bach ("Bach") is President of the Association and a practicing attorney with prior public service experience, including service with the United States Court of Appeals for the Second Circuit, the United States Attorney for the Southern District of New York, and a United States

A125

Congressman.   Bach resides in Rockaway Township, Morris County, New Jersey.

7.   Plaintiff Kaare A. Johnson ("Johnson") is a retired middle school teacher and a World War II veteran who resides in Washington Township, Morris County, New Jersey.

8.   Plaintiff Vincent Furio ("Furio") is a competitive shooter and hunter who resides in the City of Hackensack, New Jersey.

9.   Plaintiff Steven Yagiello ("Yagiello") is a crew supervisor for the New Jersey Division of Fish and Wildlife and a resident of Little Egg Harbor Township, New Jersey.

10.  Plaintiff Bob's Little Sport Shop ("Bob's") is a federally and State licensed retail dealer of firearms incorporated in the State of New Jersey in 1986 with its principal place of business in the Borough of Glassboro, Gloucester County, New Jersey.

11.  Defendant Christopher J. Christie ("Christie") is the current Governor of the State of New Jersey.

12.  Defendant Paula T. Dow ("Dow") is the current Attorney General of the State of New Jersey.

13.  Defendant Colonel Rick Fuentes ("Fuentes") is Superintendent of the Division of New Jersey State Police.

4

A126

14. Defendant Washington Township ("Washington") is a municipality located in Morris County, New Jersey and was incorporated in 1798.

15. Defendant City of Hackensack ("Hackensack") is a municipality located in Bergen County, New Jersey and was established in 1921.

16. Defendant Little Egg Harbor Township ("Little Egg Harbor") is a municipality located in Ocean County, New Jersey and was first formed in 1740.

17. Defendants XYZ Municipalities 1-563 are fictitiously named municipalities of the State of New Jersey, whose identities are unknown at this time, that are engaging in the unlawful acts alleged herein. Plaintiffs reserve the right to amend the Complaint to name specific municipalities as knowledge of such municipalities' unlawful activity becomes known.

## JURISDICTION AND VENUE

18. Jurisdiction is founded on 28 U.S.C. §1331 in that this action arises under the Constitution and laws of the United States and under 28 U.S.C. §1343(3) in that the action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of New Jersey and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by

5

A127

Acts of Congress.  Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

19.  This action seeks relief pursuant to 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1983 and N.J.S. 10:6-2.  Venue lies in this district by way of 28 U.S.C. §1391(b).

**PRE-EXISTING LAWS GOVERNING PURCHASE OF A HANDGUN IN NEW JERSEY**

20.  Prior to the enactment of the One Gun Law, New Jersey already had, and still has, among the most restrictive handgun permitting schemes in the United States.

21.  Purchasing a handgun in New Jersey requires: (1) undergoing an extensive background investigation to obtain a permit from the police; (2) submitting federal and State forms to the retail dealer; and 3) undergoing a second, federal, background check, after which the dealer enters the purchaser's detailed identifying information in a bound book pursuant to both federal and State law.

22.  N.J.S. 2C:58-3(a) already required and still requires a handgun permit for each handgun purchased, which is only issued after an extensive background investigation that in practice already takes months to complete.  N.J.S. 2C:58-3(a) provides as follows:

> No person shall sell, give, transfer, assign or otherwise dispose of, nor receive, purchase, or otherwise acquire a handgun

A128

> unless the purchaser, assignee, donee, receiver or holder is licensed as a dealer under this chapter or has first secured a permit to purchase a handgun as provided by this section.

23. N.J.S. 2C:58-3(c) already provided and still provides that no permit to purchase a handgun ("Handgun Purchase Permit") shall be issued to any person who is subject to any of a long list of disabilities, including, but not limited to, conviction of any crime, conviction of an offense of domestic violence, drug dependency, mental illness, habitual drunkenness or alcoholism, and certain physical disabilities and authorizes the issuing authority to deny a Handgun Purchase Permit to "any person where the issuance would not be in the interest of the public health, safety or welfare."

24. Accordingly, the applicant was previously required and still is required to provide a broad variety of personal identifying information including, but not limited to name, residence, place of business, age, date of birth, occupation, sex, and physical description, including distinguishing physical characteristics.

25. The applicant was previously required and still is required to provide fingerprints and the names and addresses of two references and also to answer numerous questions, including, but not limited to, questions relating to the potential disqualifying disabilities of N.J.S. 2C:58-3(c).

A129

26. The chief of police of the municipality where the applicant resides, or Superintendent of the New Jersey State Police, as the case may be, receives the application and is required by law to conduct an extensive investigation and to issue the Handgun Purchase Permits unless there is good cause to deny the application.

27. Both federal and State law previously required and still require strict and extensive record keeping in connection with the purchase of handguns in New Jersey. Each purchase is registered by the retailer on Form SP-671. The registration form must include all of the transferee's and dealer's identifying information, as well as complete identifying information for the handgun transferred. A copy is forwarded to the applicant's local police and the Superintendent of the New Jersey State Police, and the dealer must retain a copy.

28. Both federal and State law previously required and still require each handgun purchase to be recorded in a bound book maintained at the dealer's retail premises. The bound book must contain the name and address of the transferee, the date of transfer and complete identifying information regarding the handgun.

29. Federal law further requires that a retail dealer perform a background check (a/k/a "Brady" check) pursuant to the National Instant Criminal Background Check System ("NICS") that,

A130

in New Jersey, is administered by the State Police, and the purchaser must also must complete a Firearms Transaction Record (Bureau of Alcohol Tobacco and Firearms and Explosives ("ATF") Form 4473) and present government issued identification to confirm the purchaser's identity.

30.   Form 4473 specifically and prominently asks the purchaser – who must swear under threat of criminal prosecution to the truthfulness of his answers – whether he is the "actual buyer" of the firearm.

31.   Pursuant to 27 C.F.R. 478.126a, if a transaction involves the transfer of multiple handguns to the same purchaser in a five day period, the retail dealer must further record the transaction on ATF Form 3310.4 and forward a copy of the multiple sales form immediately to both ATF and to the chief of police in the community in which their business is located.

32.   Thus, prior to the enactment of the One Gun Law, the purchase of a handgun in New Jersey was already subject to extraordinary scrutiny, tracking and recordkeeping - easily among the most restrictive and comprehensive regulatory schemes in the nation.  The extensive background investigation process frequently did and still does result in permit issuance delays of two to six months or longer.

A131

## <u>THE ONE GUN LAW</u>

33.  On or about August 6, 2009, then Governor Jon Corzine signed into law the One Gun Law which prohibits the delivery or purchase of more than one handgun within a 30 day period, even for holders of Handgun Purchase Permits.

34.  The One Gun Law amended N.J.S. 2C:58-2(a) to provide:

> (7)  A dealer shall not knowingly deliver more than one handgun to any person within any 30-day period.

35.  Similarly, the One Gun Law amended N.J.S. 2C:58-3(i) to provide:

> Restriction on number of firearms person may purchase.  Only one handgun shall be purchased or delivered on each permit and no more than one handgun shall be purchased within any 30-day period . . .

36.  On or about January 12, 2010, then Governor Corzine signed into law amendments to the One Gun Law which created certain exemptions to the 30 day prohibition on transfer of a more than one handgun (the "Exemptions").  The Exemptions, set forth in section 4 of Senate Bill S3104 (not yet codified), provide as follows:

10

A132

4.(New section)

a. The superintendent may grant an exemption from the restriction on the purchase of handguns set forth in subsection i. of N.J.S.2C:58-3 if the applicant demonstrates to the satisfaction of the superintendent that the applicant's request meets one of the following conditions:

(1) The application is to purchase multiple handguns from a person who obtained the handguns through inheritance or intestacy **[the "Inheritance Exemption"]**;

(2) The applicant is a collector of handguns and has a need to purchase or otherwise receive multiple handguns in the same transaction or within a 30-day period in furtherance of the applicant's collecting activities. As used in this paragraph, "need" shall include, but not be limited to, situations where there is a reasonable likelihood that the additional handguns sought to be purchased would not be readily available after the 30-day period, that it would not be feasible or practical to purchase the handguns separately, or that prohibiting the purchase of more than one handgun within a 30-day period would have a materially adverse impact on the applicant's ability to enhance his collection . . . **[the "Collector Exemption"]**; or

(3) The applicant participates in sanctioned handgun shooting competitions and needs to purchase or otherwise receive multiple handguns in a single transaction or within a 30-day period, and the need is related to the applicant's

11

A133

competitive shooting activities, including use in or training for sanctioned competitions **[the "Competitor Exemption"].**

b. The applicant shall certify, on a form prescribed by the superintendent, the specific exemption sought and the particular handguns to be purchased. This form shall be submitted to the superintendent at the same time as the permit to purchase a handgun, along with any pertinent documentation supporting the need for an exemption. . . .

d. Notwithstanding the provisions of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.), the superintendent may adopt, immediately upon filing with the Office of Administrative Law, such temporary regulations as the superintendent deems necessary to implement the provisions of P.L. , c. (C. ) (pending before the Legislature as this bill). The regulations so adopted shall be effective for a period not to exceed 270 days from the date of the filing, but in no case shall those regulations be in effect one year after the effective date of P.L. , c. (C. ) (pending before the Legislature as this bill). The regulations may thereafter be amended, adopted or readopted by the superintendent as the superintendent deems necessary in accordance with the requirements of the "Administrative Procedure Act."

37. Section 5 of Senate Bill S3104, provides as follows:

5. This act shall take effect immediately; provided however, the Superintendent of State Police may take any anticipatory administrative action prior to the effective

A134

date    necessary    for    its    timely
implementation.

38.  Thus, to obtain any of the Exemptions, a person must make an application to the Superintendent of the New Jersey State Police.

39.  Upon information and belief, at this time there is no established procedure in place by which an applicant can apply for and the Superintendent can grant any of the Exemptions.

**UNDER NEW JERSEY LAW, TRADITIONAL B-B, PELLET AND AIR PISTOLS ARE INCLUDED IN THE DEFINITION OF HANDGUNS**

40.  N.J.S. 2C:39-1(f) provides as follows:

"Firearm" means any handgun, rifle, shotgun, machine gun, automatic or semi-automatic rifle, or any gun, device or instrument in the nature of a weapon from which may be fired or ejected any solid projectable ball, slug, pellet, missile or bullet, or any gas, vapor or other noxious thing, by means of a cartridge or shell or by the action of an explosive or the igniting of flammable or explosive substances. It shall also include, without limitation, any firearm which is in the nature of an air gun, spring gun or pistol or other weapon of a similar nature in which the propelling force is a spring, elastic band, carbon dioxide, compressed or other gas or vapor, air or compressed air, or is ignited by compressed air, and ejecting a bullet or missile smaller than three-eighths of an inch in diameter, with sufficient force to injure a person. [Emphasis added.]

13

A135

41.  N.J.S. 2C:39-1(k) provides as follows:

"Handgun" means any pistol, revolver or other firearm originally designed or manufactured to be fired by the use of a single hand.

42.  Courts in this District and New Jersey state courts have held that pursuant the foregoing definitions and New Jersey law, traditional B-B, pellet and air pistols fall within the definition of "handgun."

<div align="center">

**COUNT ONE**
**(INJUNCTIVE RELIEF - 42 U.S.C. §1983; N.J.S. 10:6-2;**
**PREEMPTION - 15 U.S.C. §5001(g)(ii))**

</div>

43.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 42 as if fully set forth herein at length.

44.  15 U.S.C. §5001(g)(ii) provides as follows:

(g) Preemption of State or local laws or ordinances; exceptions

The provisions of this section shall supersede any provision of State or local laws or ordinances which provide for markings or identification inconsistent with provisions of this section provided that no State shall-- . . .

(ii) prohibit the sale (other than prohibiting the sale to minors) of traditional B-B, paint ball, or pellet-firing air guns that expel a projectile through the force of air pressure.

<div align="center">

A136

</div>

45.  Because New Jersey law defines traditional B-B, pellet and air pistols as handguns, the One Gun Law prohibits the sale of traditional B-B, pellet and air guns in violation of 15 U.S.C. §5001(g)(ii).

46.  Accordingly, the One Gun Law is preempted by 15 U.S.C. §5001(g)(ii) and the Supremacy Clause of the United States Constitution and is therefore void.

47.  Members of Plaintiff Association wish to purchase more than one handgun within a 30 day period including, but not limited to, traditional B-B, pellet and/or air pistols, and some have applied for Handgun Purchase Permits to do so, but are prohibited from doing so by the One Gun Law and face prosecution if they do so.

48.  Plaintiff Bach has applied for three Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period, including one or more traditional B-B, pellet and/or air pistols but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

49.  Plaintiff Johnson has applied for two Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

50.  Plaintiff Furio has applied for three Handgun Purchase Permits and wishes to purchase more than one handgun within a 30

A137

day period but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

51. Plaintiff Yagiello has applied for three Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

52. Plaintiff Bob's wishes to sell handguns to customers such as Bach, Johnson, Furio and Yagiello, who wish to purchase more than one handgun within a 30 day period, including one or more traditional B-B, pellet and/or air pistols, but is prohibited from doing so by the One Gun Law and faces prosecution if it does so.

53. By virtue of the foregoing, Defendants Christie, Dow, and Fuentes have deprived, are depriving and will continue to deprive Plaintiffs of their rights, privileges, and/or immunities secured by the United States Constitution and laws of the United States in violation of 15 U.S.C. §5001(g)(ii).

54. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining the enforcement of the One Gun Law.

A138

## COUNT TWO
### (DECLARATORY RELIEF - 28 U.S.C. §§2201 and 2202; PREEMPTION – 15 U.S.C. §5001(g)(ii))

55. Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 54 as if fully set forth herein at length.

56. By virtue of the foregoing, pursuant to 28 U.S.C. §§2201 and 2202, Plaintiffs are entitled to declaratory relief holding that the One Gun Law is preempted by 15 U.S.C. §5001(g)(ii) and the Supremacy Clause of the United States Constitution and is therefore void and of no effect.

## COUNT THREE
### (INJUNCTIVE RELIEF - 42 U.S.C. §1983; N.J.S. 10:6-2; UNITED STATES CONSTITUTION - AMENDMENT XIV)

57. Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 56 as if fully set forth herein at length.

58. Members of Plaintiff Association wish to qualify for one or more of the Exemptions.

59. On or about January 13, 2010, Plaintiff Bach applied for three Handgun Purchase Permits.

60. Plaintiff Bach wishes to apply for the Collector Exemption so he can purchase more than one handgun within a 30 day period, which purchase would satisfy the statutory criteria for the Collector Exemption.

A139

61.  On or about January 14, 2010, Plaintiff Bach inquired of the State Police as to what procedure is available to apply for the Exemptions.  The State Police told him that there was none at this time.

62.  Plaintiff Furio wishes to apply for the Competitor Exemption so he can purchase more than one handgun within a 30 day period, which purchase would satisfy the statutory criteria for the Competitor Exemption.

63.  In or about February 2010, Furio inquired of the State Police as to what procedure is available to apply for the Exemptions.  The State Police told him that there was none at this time.

64.  Upon information and belief, at this time there is no procedure in place by which an applicant can apply for and the Superintendent can grant any of the Exemptions.

65.  Accordingly, certain Plaintiffs and/or Members of Plaintiffs who would qualify for one or more Exemptions, and who would therefore be entitled by law to purchase more than one handgun in a 30 day period are being unlawfully constrained by the One Gun Law, are unable to purchase more than one handgun in a 30 day period, and are unlawfully subject to prosecution if they do so.

18

A140

66.   Therefore,   Plaintiffs   are   being   deprived   of   their liberty and/or property without due process of law in violation of Amendment XIV of the United States Constitution.

67.   Plaintiffs   are   therefore   entitled   to   preliminary   and permanent   injunctive   relief,   including,   but   not   limited   to, relief enjoining the enforcement of the One Gun Law.

## COUNT FOUR
### (DECLARATORY RELIEF – 28 U.S.C. §§2201 and 2202; UNITED STATES CONSTITUTION - AMENDMENT XIV)

68.   Plaintiffs repeat and reassert each of the allegations in   paragraphs   1   through   67   as   if   fully   set   forth   herein   at length.

69.   By   virtue   of   the   foregoing,   pursuant   to   28   U.S.C. §§2201   and   2202,   Plaintiffs   are   entitled   to   declaratory   relief holding that the One Gun Law violates the Due Process Clause of Amendment XIV of the United States Constitution and is therefore void and of no effect.

## COUNT FIVE
### (INJUNCTIVE RELIEF - N.J.S. 10:6-2; NEW JERSEY CONSTITUTION ARTICLE 1, ¶1 – DUE PROCESS)

70.   Plaintiffs   repeat   and   reassert   each   of   the   allegations in   paragraphs   1   through   69   as   if   fully   set   forth   herein   at length.

A141

71.  By virtue of the foregoing, the One Gun Law violates the Due Process Clause of Article 1, ¶1 of the New Jersey Constitution as well as the Fundamental Fairness Doctrine, and Plaintiffs are entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining the enforcement of the One Gun Law.

**COUNT SIX**
**(DECLARATORY - 28 U.S.C. §§2201 and 2202;**
**NEW JERSEY CONSTITUTION ARTICLE 1, ¶1 – DUE PROCESS)**

72.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 71 as if fully set forth herein at length.

73.  By virtue of the foregoing, pursuant to 28 U.S.C. §§2201 and 2202, Plaintiffs are entitled to declaratory relief holding that the One Gun Law violates the Due Process Clause of Article 1, ¶1 of the New Jersey Constitution, as well as the Fundamental Fairness Doctrine, and is therefore void and of no effect.

**COUNT SEVEN**
**(INJUNCTIVE RELIEF – N.J.S. 10:6-2;**
**N.J.A.C. 13:54-1.4(h))**

74.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 73 as if fully set forth herein at length.

A142

75.  N.J.A.C. 13:54-1.4(h) provides as follows:

Applicants for a permit to purchase a handgun may apply for more than one permit per application. The number of permits requested, and each permit number shall be entered in the spaces provided on the application.

76.  On or about January 7, 2010, Plaintiff Johnson applied for two Handgun Purchase Permits at the Washington Township (Morris County) Police Department.

77.  Notwithstanding the One Gun Law, Plaintiff Johnson can save time, effort, and expense by applying for multiple Handgun Purchase Permits simultaneously and lawfully using only one Handgun Purchase Permit with any given 30 day period.

78.  On or about January 8, 2010, the Chief of Police of Washington Township notified Plaintiff Johnson by letter that as of January 1, 2010 the New Jersey State Police are only permitting one application for a Handgun Purchase Permit per month and returned the fee for his second Handgun Purchase Permit.

79.  By denying Plaintiff Johnson's right to apply for two Handgun Purchase Permits simultaneously, Defendant Washington violated N.J.A.C. 13:54-1.4(h), which explicitly authorizes such application.

80.  On or about January 25, 2010, subsequent to the filing of the original Complaint herein, the Chief of Police of Washington Township notified Plaintiff Johnson by letter that

A143

its denial of Johnson's right to apply for more than one permit per month was erroneous under New Jersey law and offered Johnson the opportunity to increase the number of permits applied for by Johnson.

81.  On or about February 23, 2010, Plaintiff Furio applied for three Handgun Purchase Permits at the Hackensack Police Department.

82.  Notwithstanding the One Gun Law, Plaintiff Furio can save time, effort, and expense by applying for multiple Handgun Purchase Permits simultaneously and lawfully using only one Handgun Purchase Permit with any given 30 day period.

83.  Sergeant Richard Levis informed Plaintiff Furio that the Hackensack Police Department had received conflicting information from the New Jersey State Police regarding the issuance of more than one Handgun Purchase Permit per month.

84.  Sergeant Levis further informed Plaintiff Furio that the Hackensack Police Department will not issue more than one permit per month until they receive clear direction from the State police allowing them to do so.

85.  By denying Plaintiff Furio's right to apply for three Handgun Purchase Permits simultaneously, Defendant Hackensack violated N.J.A.C. 13:54-1.4(h), which explicitly authorizes such application.

22

A144

86. On or about December 1, 2009, Plaintiff Yagiello applied for three Handgun Purchase Permits at the Little Egg Harbor Township Police Department.

87. Notwithstanding the One Gun Law, Plaintiff Yagiello can save time, effort, and expense by applying for multiple Handgun Purchase Permits simultaneously and lawfully using only one Handgun Purchase Permit with any given 30 day period.

88. Detective Malaga from the Little Egg Harbor Township Police Department informed Plaintiff Yagiello that if the permits were issued before January 1, 2010, the Township police department could issue all three permits.

89. Detective Malaga stated, however, that if the permits were issued after January 1, 2010, after the One Gun Law went into effect, the police department would not be able to issue more than one permit.

90. Detective Malaga further informed Plaintiff Yagiello that the Little Egg Harbor Township Police Department had been instructed to issue only one permit at a time after January 1, 2010 and that 30 days after Plaintiff Yagiello purchased his handgun and used his permit, he could then apply for another permit.

91. By denying Plaintiff Yagiello's right to apply for three Handgun Purchase Permits simultaneously, Defendant Little

A145

Egg Harbor violated N.J.A.C. 13:54-1.4(h), which explicitly authorizes such application.

92. Members of Plaintiff Association have applied for multiple Handgun Purchase Permits and been denied the right to apply for and/or receive more than one Handgun Purchase Permit in a 30 day period.

93. Upon information and belief, some or all of fictitiously named Defendants XYZ Municipalities 1-563 are engaging in the same unlawful rationing of Handgun Purchase Permits.

94. By virtue of the foregoing, Plaintiffs are being deprived of substantive rights, privileges and/or immunities secured by the Constitution and/or laws of the State of New Jersey in violation of N.J.A.C. 13:54-1.4(h).

95. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining Defendants from (1) restricting the number of Handgun Purchase Permits the applicant may apply for or (2) restricting the number of Handgun Purchase Permits a licensing authority will issue at one time.

24

A146

**COUNT EIGHT**
**(DECLARATORY RELIEF – 28 U.S.C. §§2201 and 2202;**
**N.J.A.C. 13:54-1.4(h))**

96.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 95 as if fully set forth herein at length.

97.  By virtue of the foregoing, pursuant to 28 U.S.C. §2201 and 2202, Plaintiffs are entitled to declaratory relief holding that restricting an applicant in the number of Handgun Purchase Permits the applicant may apply for or restricting the number of Handgun Purchase Permits a licensing authority will issue at one time violates N.J.A.C. 13:54-1.4(h) and is unlawful.

**WHEREFORE,** Plaintiffs demand judgment against Defendants:

A.   Enjoining enforcement of the One Gun Law.

B.   Declaring the One Gun Law void and of no force and effect.

C.   Enjoining Defendants from (1) restricting the number of Handgun Purchase Permits an applicant may apply for or (2) restricting the number of Handgun Purchase Permits a licensing authority will issue at one time.

D.   Declaring that Defendants may not (1) restrict the number of Handgun Purchase Permits an applicant may apply for or (2) restrict the number of Handgun Purchase Permits a licensing authority will issue at one time.

25

A147

E.   Awarding reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988 and N.J.S. 10:6-2(f).

F.   Awarding such other and further relief as the Court deems equitable, just and proper.

<div style="margin-left: 40%">

FARER FERSKO,
A Professional Association
Attorneys for Plaintiffs


By: <u>/s/ Daniel L. Schmutter</u>
    Daniel L. Schmutter

</div>

Dated: March 10, 2010


## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify, on information and belief, that the matter in controversy is not the subject of any other action pending in any court or any pending arbitration or administrative proceeding.

<div style="margin-left: 40%">

<u>/s/ Daniel L. Schmutter</u>
Daniel L. Schmutter

</div>

Dated: March 10, 2010

26

A148

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson, Vincent Furio, Steven Yagiello
and Bob's Little Sport Shop, Inc.

<div align="center">

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

</div>

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation | Civil Action No.: 10-cv-271 (JAP)(TJB) |
| Plaintiffs, | **ORDER GRANTING PRELIMINARY INJUNCTION** |
| v. | |
| CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-563; | |
| Defendants. | |

A149

**THIS MATTER** having been brought before the Court on the Plaintiffs' Motion for Preliminary Injunction by their attorneys Farer Fersko, P.A. (Daniel L. Schmutter, Esq. appearing) and Paula T. Dow, Attorney General of the State of New Jersey  (Larry R. Etzweiler, Senior Deputy Attorney General) appearing on behalf of Defendants Christopher J. Christie, Governor of the State of New Jersey ("Christie"), Paula T. Dow, Attorney General of the State of New Jersey ("Dow") and Colonel Rick Fuentes, Superintendent, Division of New Jersey State Police ("Fuentes"); Washington Township (Morris County) appearing by its attorneys Jansen & DeBona, LLC (John Jansen, Esq.); City of Hackensack appearing by its attorneys _____;
Little Egg Harbor Township appearing by its attorneys _____; and the Court having reviewed the papers and heard the arguments of counsel for the respective parties; and for good cause shown;

**IT IS**, on this _____ day of _____, 2010, **ORDERED** as follows:

1.   Plaintiffs' Motion for preliminary injunction is hereby granted in its entirety and without bond;

2.   Defendants and their officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with the foregoing are hereby

A150

preliminarily enjoined from enforcing N.J.S. 2C:58-2 and/or

N.J.S. 2C:58-3 and/or any other provision of New Jersey law

to the extent the foregoing provisions of law prohibit or

restrain the purchase, sale, transfer, delivery or

acquisition of more than one (1) handgun within a 30 day

period;

3.    Defendants are hereby enjoined from restricting

the number of permits to purchase a handgun a person may

apply for and receive at one time as long as such person is

qualified to receive one (1) permit to purchase a handgun;

4.    Defendants Dow and/or Fuentes (whichever has

appropriate jurisdiction and/or authority) shall within two

(2) days of the date of this order issue a guidance

document and/or notification to all police departments

within the State of New Jersey responsible for issuing

permits to purchase a handgun stating that persons who

qualify to receive a permit to purchase a handgun are not

limited in the number of permits to purchase a handgun they

may apply for and receive at one time.  A copy of the

guidance document and/or notification and an affidavit of

service upon all police departments shall be filed with the

Court and served upon all counsel within five days of the

date of this order;

5.    While this preliminary injunction is in effect, there shall be no limitation on the number of handguns that may be purchased, sold, transferred or delivered within a 30 day period as long as the purchaser or transferee has one permit to purchase a handgun for each handgun purchased, sold, transferred or delivered;

6.    The within preliminary injunction shall remain in effect unless otherwise ordered by the Court; and

7.    A copy of this Order shall be served upon the attorneys for all parties within _____ days of this entry.


_____
Hon. Joel A. Pisano, U.S.D.J.

A152

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson, Vincent Furio, Steven Yagiello
and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>          Plaintiffs,<br><br>v.<br><br>CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-563;<br><br>          Defendants. | Civil Action No.:<br>10-cv-271 (JAP)(TJB)<br><br>**CERTIFICATION OF VINCENT FURIO** |

I, Vincent Furio, hereby certify as follows:

A153

1.   I am a Plaintiff in this action, and I reside in Hackensack, New Jersey. I am fully familiar with the facts stated herein, and I submit this certification in support of Plaintiffs' motion for a preliminary injunction.

2.   I am a Vice President of Sales for Euler Hermes ACI, selling business credit insurance.

3.   I am also a competitive shooter and hunter, and I am aware that New Jersey has passed legislation restricting the sale and purchase of handguns to one handgun per month ("One Gun Law").

4.   As a competitive shooter, I take part in sanctioned handgun shooting competitions, and I have need from time to time to purchase multiple handguns in a 30 day period for training and competition purposes.

5.   I understand that the One Gun Law was amended in early January to include an exemption for competitive shooters. Although I believe I qualify for the competitor exemption, I am unaware of any procedure to apply for the exemption.

6.   In late January, I spoke with Sergeant Rossi at the Firearms Unit of the New Jersey State Police, and I was told that there is not yet any procedure in place for anyone to apply for an exemption under the One Gun Law.

A154

7.   I then called my State Senator, Loretta Weinberg, and spoke with her chief of staff Debbie Francica.   I explained to her my desire to obtain the competitor exemption and my frustration in there being no means to do so.   Accordingly, Ms. Francica copied me on an e-mail she sent to Lieutenant Colonel Gilbert at the State Police on my behalf inquiring as to the availability of the competitor exemption (see Exhibit A, attached hereto).   Ms. Francia told me that the response she received from the State Police was that there is no means in place to obtain any of the exemptions.

8.   Therefore, even though the law specifically provides that I likely qualify to purchase more than one handgun within a 30 day period, I cannot lawfully do so because there appears to be no procedure allowing me to apply for the exemption.

9.   Further, on or about February 23, 2010, I tried to apply for three permits to purchase a handgun ("Handgun Purchase Permits") at my local police department in Hackensack, New Jersey.

10.  Because the permit process typically takes considerable time, I usually apply for more than one permit at a time.

11. The records clerk at the Hackensack Police Department informed me that I can only apply for <u>one permit</u> per month.

12. I then spoke with Sergeant Richard Levis, who informed me that the Hackensack Police Department has received conflicting advice from the New Jersey State Police regarding the issuance of more than one permit per month.

13. Sergeant Levis stated that the Hackensack Police Department will not issue more than one permit per month until they receive clear direction from the State Police allowing them to do so.

14. Therefore, even if the State were to implement a process by which I could apply for the competitor exemption, I would still be unable to purchase more than one handgun per month because the Hackensack Police Department will not allow me to apply for multiple permits at a time.

15. Further, whether or not I obtain the competitor exemption, I am allowed by law to save time and expense by obtaining more than one permit at a time and using them in compliance with the One Gun Law. Yet, the erroneous policy of the Hackensack Police Department increases the cost and difficulty of applying for permits and further restricts

the number of handguns I can purchase beyond the restrictions in the One Gun Law.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on March 11, 2010

Vincent Furio

**From:** Weinberg, Sen. D.O.
**To:** lpgilbt@gw.njsp.org
**Cc:** Vinmeganaga@gmail.com
**Sent:** Wednesday, January 27, 2010 5:40 PM
**Subject:** Constituent Question: Vincent Furio/Hackensack - S3104 -- One handgun a month law

Dear Lt. Col. Gilbert,

Vincent Furio of Hackensack (201) 407-9988, contacted our District office regarding the exemption that is contained in the One Gun a Month Law.

There is an exemption that states *"the Superintendent of the State Police may grant an exemption from the restriction on the purchase of handguns if the applicant participates in sanctioned handgun shooting competitions and needs to purchase or otherwise receive multiple handguns in a single transaction within a 30 day period and the need is related to the applicant's competitive shooting activities, including use in or training for sanctioned competitions."*

Mr. Furio is a competitive shooter.  He tried contacting the state police at 609-882-2000 (ext 6619) to ask about the required application for a competitive shooter to receive this exemption and the state police told him that they had no such application.

We would appreciate it if you could give us some guidance so that we can advise Mr. Furio how to proceed.  Thank you in advance for any assistance you can offer concerning this matter.

Debbie Francica
Chief of Staff, Senator Loretta Weinberg
District 37

3/11/2010

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson, Vincent Furio, Steven Yagiello
and Bob's Little Sport Shop, Inc.

RECEIVED

APR 1 4 2010

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASSOCIATION Of NEW JERSEY RIFLE
AND PISTOL CLUBS, INC., a New
Jersey Not for Profit
Corporation; SCOTT L. BACH; KAARE
A. JOHNSON; VINCENT FURIO; STEVEN
YAGIELLO and BOB'S LITTLE SPORT
SHOP, INC., a New Jersey
Corporation,

             Plaintiffs,

v.

CHRISTOPHER J. CHRISTIE, Governor
of the State of New Jersey; PAULA
T. DOW, Attorney General of the
State of New Jersey; COLONEL RICK
FUENTES, Superintendent, Division
of New Jersey State Police;
WASHINGTON TOWNSHIP (Morris
County); CITY OF HACKENSACK;
LITTLE EGG HARBOR TOWNSHIP and
XYZ MUNICIPALITIES 1-563;

             Defendants.

Civil Action No.:
10-cv-00271-JAP-TJB

**STIPULATION OF SETTLEMENT AMONG
PLAINTIFFS AND DEFENDANT
WASHINGTON TOWNSHIP**

RECEIVED

APR 1 4 2010

AT 8:30_____M
WILLIAM T. WALSH
CLERK

### STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") is entered into among (i) Plaintiffs, Association of Rifle and Pistol Clubs, Inc., Scott L. Bach, Kaare A. Johnson, Vincent Furio, Steven Yagiello and Bob's Little Sports Shop, Inc. (collectively, the "Plaintiffs"), and (ii) Defendant, Washington Township ("Washington"), by and through their undersigned attorneys.

WHEREAS, on January 7, 2010, Plaintiff Kaare A. Johnson ("Johnson") applied to the Washington Township Police Department for multiple Permits to Purchase a Handgun ("Permits"); and

WHEREAS, on January 8, 2010, Johnson received a letter from the office of the Chief of Police of Washington Township, refusing to issue to Johnson more than one Permit per month; and

WHEREAS, on January 17, 2010, Plaintiffs commenced this action against Washington, alleging a violation of N.J.A.C. 13:54-1.4(h); and

WHEREAS, subsequent to the filing of the Complaint in this matter, Washington sent Johnson a second letter, dated January 25, 2010, attached hereto as Exhibit A, in which Washington indicated that it would allow applicants to apply for and receive more than one Permit at one time.

2

A160

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Plaintiffs and Washington, by and through their duly authorized counsel:

1.   The claims raised in the above-captioned matter against Washington are dismissed without prejudice and without costs or fees to any party, based upon the terms and conditions set forth in this Stipulation;

2.   Defendant Washington Township shall pay to Plaintiffs the total sum of one thousand dollars ($1,000) within ten (10) days of signing this Stipulation;

3.   All parties to this Stipulation have been represented by counsel and have agreed to the execution of this document after being advised by counsel.   The persons signing this Stipulation have authority to bind their respective clients; and

4.   Signatures to this Stipulation may be made via facsimile and in counterparts.

[SIGNATURE PAGE FOLLOWS]

A161

We hereby agree to this Stipulation and the terms contained herein:

**ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT L. BACH, KAARE A. JOHNSON, VINCENT FURIO, STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., PLAINTIFFS**

**By:**                                  Dated:


  /s/ Daniel L. Schmutter          April 7, 2010
**Daniel L. Schmutter, Esq.**
**Farer Fersko, a Professional Association**
**600 South Avenue**
**P.O. Box 580**
**Westfield, NJ 07091-0580**
**(908) 789-8550**
**Attorneys for Plaintiffs**




**WASHINGTON TOWNSHIP, DEFENDANT**

**By:**                                  Dated:


/s. John P. Jansen                  April 2, 2010
**John P. Jansen, Esq.**
**Jansen & DeBona, LLC**
**413 West Main Street**
**Boonton, NJ 07005**
**(973) 334-0031**
**Attorneys for Defendant, Washington Township**


SO ORDERED:                       This terminates the
                                  motion at docket
                                  entry # 9.

_____
HON. JOEL PISANO, U.S.D.J.

4

A162



**MICHAEL BAILEY
CHIEF OF POLICE**

# WASHINGTON TOWNSHIP
# POLICE DEPARTMENT
### LONG VALLEY, MORRIS COUNTY, NEW JERSEY





**908-876-3232
FAX 908-876-5688**

January 25, 2010

Kaare A. Johnson
215 Mission Road
Hackettstown, NJ 07840

Re:  Firearms Permit to Purchase

Dear Mr. Johnson:

In my previous letter to you dated January 8, 2010, I indicated we are only permitted to issue one "Permit to Purchase a Handgun" per month.  It is my understanding the information I relayed to you was incorrectly interpreted.  You may apply for as many "Permits to Purchase a Handgun", as you like.  You are permitted to purchase one handgun per thirty (30) day period.

I am sorry for any misunderstanding this may have caused.  If you would like to increase the number of "Permits to Purchase a Handgun" before your current application is completed, please submit the $2.00 fee for each additional permit and we will process them for you.

If you have any questions I may be reached at 908-876-8315.

Respectfully,

Maureen A. Guenther
for Michael Bailey
Chief of Police

MB:mag

A163

# State of New Jersey

CHRIS CHRISTIE
Governor

KIM GUADAGNO
Lt. Governor

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

PAULA T. DOW
Attorney General

ROBERT M. HANNA
Director

April 16, 2010

Honorable Joel A. Pisano, U.S.D.J.
Clarkson S. Fisher Federal Building & United States Courthouse
Room 341
402 East State Street
Trenton, N.J. 08608

            Re:  Association of New Jersey Rifle and Pistol
                 Clubs, Inc. v. Christie
                 Docket No. 3:10-cv-00271-JAP-TJB

    LETTER ADVISING COURT OF FACTS RAISING A QUESTION OF MOOTNESS

Dear Judge Pisano:

     I am a Senior Deputy Attorney General employed by the New
Jersey Division of Law, Department of Law and Public Safety, and I am
assigned to represent the State defendants - the Honorable
Christopher J. Christie, Governor of the State of New Jersey; the
Honorable Paula T. Dow, Attorney General of the State of New
Jersey; and Colonel Rick Fuentes, Superintendent, Division of New
Jersey State Police - in the above-captioned matter. Because "[i]t
is the duty of counsel to bring to the federal tribunal's
attention, without delay, facts that may raise a question of
mootness," Arizonans for Official English v. Ariz., 520 U.S. 43, 68
(1997), I bring the following facts to the Court's attention and,
as instructed by Chambers on April 14, 2010, do so by this letter
filed with the Court.

     On April 6, 2010, the New Jersey Division of State Police
promulgated the forms by which applicants may apply for the
exemptions from the One Handgun Per Month Law that the Legislature
effected in 2009 N.J. Laws c. 168 (approved January 3, 2010), and
in 2009 N.J. Laws c. 186 (approved January 12, 2010) (neither of



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 633-7786 • FAX: (609) 984-6446
New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable

A164

April 16, 2010
Page 2

these Session laws has yet been officially codified).  See Application for Multiple Handgun Purchase Exemption (SP-015), Application for Multiple Handgun Purchase Exemption Continuation Page (SP-015A), Application for Multiple Handgun Purchase Exemption Seller/Transferor Certification (SP-016), and Application for Multiple Handgun Purchase Exemption Seller/Transferor Certification Continuation Page (SP-016A), available at http://www.njsp.org/info/forms.html#firearms (last visited April 14, 2010).

Additionally, the Division of State Police sent to every municipality having a chief of police a copy of the letter that is appended hereto as Exhibit 1.  Page 5 of that letter advised as follows:

> Please note, regardless of an applicant's submission or declination of submission for exemption to the recently enacted legislation, your agency is not authorized to, and cannot limit the number of Permits to Purchase a Handgun to an applicant.  Those applicants issued multiple permits without exemption are required to comply with the current law, more specifically the purchase of no more than one handgun in a thirty day period.

This information raises a question of mootness with respect to Counts Three, Four, Five, Six, Seven, and Eight of plaintiffs' amended complaint.

Sincerely yours,

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
Attorney for the State defendants

By:    /s/ Larry R. Etzweiler
Larry R. Etzweiler
Senior Deputy Attorney General

c:  Daniel L. Schmutter, Esq. (by e-filing)
Paula J. DeBona, Esq. (by e-filing)
Michael J. Gilmore, Esq. (by regular mail and e-mail addressed to mjg@gm-law.net)
Craig M. Pogosky, Esq. (by e-filing)

A165

March 30, 2010

Dear Chief:

This letter is intended to provide your department with guidance and direction as to the proper administration of, and procedures to follow regarding the recently enacted legislation concerning the purchase of one handgun every thirty days, and the proper submission of applications for those seeking exemption to the law. Full context of this legislation can be found at www.njleg.state.nj.us. Chapter laws and statutes are found on the lower left side of the page under the heading "LAWS AND CONSTITUTION." Click on "Chapter Laws." On the page which appears, click on "Chapter Laws 2009," and scroll down to each particular piece of legislation as delineated below. The specific legislation as it pertains to one gun per thirty days is identified as:

P.L., 2009 Chapter 104
P.L., 2009 Chapter 168
P.L., 2009 Chapter 186

Be advised the following handgun transfers are not subject to the purchase of one handgun every thirty days law and thus the transactions *DO NOT* require the completion of the new "Application for Multiple Handgun Purchase Exemption" form (S.P. 015) and the new "Seller/Transferor Certification" form (S.P. 016):

Handguns passing to heirs or legatees (N.J.S. 2C:58-3j).

A federal, state, or local law enforcement officer or agency purchasing handguns for use by officers in the actual performance of their law enforcement duties.

A collector of handguns as curios or relics as defined in Title 18, United States Code, section 921(a)(13) who has in his possession a valid Collector of Curios and Relics License issued by the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives.

Transfers of handguns between licensed retail dealers.

Any transaction where the person has purchased a handgun from a licensed retail dealer and has returned that handgun to the dealer in exchange for another handgun within 30 days of the original transaction, provided the retail dealer reports the exchange transaction to the superintendent.

A166

Gifted Handguns (person to person transfers only).

Completion by both the purchaser/transferee and the seller/transferor of the new "Application for Multiple Handgun Purchase Exemption" form (S.P. 015) and the new "Seller/Transferor Certification" form (S.P. 016) *IS* required for the following exemptions (N.J.S. 2C:58-3.4):

The application is to purchase multiple handguns from a person who obtained the handguns through inheritance or intestacy.

The applicant is a collector of handguns and has a need to purchase or otherwise receive multiple handguns in the same transaction or within a 30-day period in furtherance of the applicant's collecting activities.  As used in this paragraph, "need" shall include, but not be limited to, situations where there is a reasonable likelihood that the additional handguns sought to be purchased would not be readily available after the 30-day period, that it would not be feasible or practical to purchase the handguns separately, or that prohibiting the purchase of more than one handgun within a 30-day period would have a materially adverse impact on the applicant's ability to enhance his collection. As used in this paragraph, "collector" shall include any person who devotes time and attention to acquiring firearms for the enhancement of the person's collection: as curios; for inheritance; for historical, investment, training and competitive, recreational, educational, scientific, or defensive purposes; or any or other lawful related purpose. If an applicant is a member of an organized gun club; firearms competitors organization; firearms collectors organization; or any other organization dedicated to the acquisition, preservation, or use of firearms for historical, investment, training and competitive, recreational, educational, scientific, or defensive purposes, or any other lawful related purpose, such membership shall be considered in determining whether the applicant qualifies as a collector.

The applicant participates in sanctioned handgun shooting competitions and needs to purchase or otherwise receive multiple handguns in a single transaction or within a 30-day period, and the need is related to the applicant's competitive shooting activities, including use in, or training for, sanctioned competitions.

The "Application for Multiple Handgun Purchase Exemption" form (S.P. 015) and the new "Seller/Transferor Certification" form (S.P. 016) are available on the New Jersey State Police web site at www.njsp.org, Services, Firearms Information, Forms to Download.

Directions for use and completion of the "Application for Multiple Handgun Purchase Exemption" form (S.P. 015) and the new "Seller/Transferor Certification" form (S.P. 016), as well as procedures to be followed by the applicant and issuing law enforcement agency have been established as follows:

**Application for Multiple Handgun Purchase Exemption Form (S.P. 015)**

Applicants expressing a desire to apply for an exemption to the "One Handgun every Thirty Days" law  are to be provided with the "Application for Multiple Handgun Purchase Exemption Form" (S.P. 015), as well as the requisite number of "Application for Multiple Handgun Purchase Exemption - Seller/Transferor Certification Forms(s)" (S.P.016) at the same time the applicant is provided the "Application for Firearms Purchaser Identification Card and/or Handgun Purchase Permit" (S.T.S. 033).

All information on this form is to be completed by the applicant.  The application is to be completed legibly and shall contain all required information.  ***Exemption applications deemed incomplete or illegible by your agency are not to be accepted and are to be returned to the applicant without review.***

Applicant is to place a check in the appropriate box for the exemption being sought.

Applicant is to list in detail all required information pertaining to the seller information and full identification of the handgun(s) being purchased.  ***Legibility is particularly crucial to capture accurate handgun identification information.***

Applicant is to sign and date the form as provided in the "Affirmation of Applicant."

If necessary, the applicant is to use the authorized "Application for Multiple Handgun Purchase Exemption Continuation Page" (S.P. 015A).

Applicant is to provide any documentation, if applicable, in support of the exemption request.  This documentation should be attached to the "Application for Multiple Handgun Purchase Exemption" form.

## Application for Multiple Handgun Purchase Exemption Seller/Transferor Certification Form (S.P. 016)

Applicant is to legibly complete "Purchaser/Transferee Information" blocks.

Applicant is to have the seller/transferor complete all other blocks on this form.  It is important to stress to the applicant that the seller must complete all blocks legibly, and include complete and accurate information.  **Seller Certification forms deemed incomplete or illegible by your agency are not to be accepted and are to be returned to the applicant without review.**

Seller is to complete "Seller/Transferor Information."

Seller is to complete "Handguns to be Purchased/Transferred" block for all handguns being sold to the purchaser.

Seller is to complete the block "Number of Handguns being purchased/transferred."

Seller is to sign and date the form as provided in the "Affirmation of Seller/Transferor."

If necessary, the seller is to use the authorized "Application for Multiple Handgun Purchase Exemption Seller/Transferor Certification" Continuation Page (S.P. 016A).

## Departmental Procedures

**An applicant has two options when desiring to apply for a multiple handgun purchase exemption.  The applicant may either apply at the time of submission of his/her "Application for Firearms Purchaser Identification Card and/or Handgun Purchase Permit" (S.T.S. 033)," or may apply at any time following the issuance of approved permits to purchase a handgun.  Note these permits must still be**

A168

**valid when application is made for a multiple handgun purchase exemption. Procedures to be implemented by your department for each option are outlined below.**

**Concurrent submission of both the "Application for Multiple Handgun Purchase Exemption (S.P. 015) and the "Application for Firearms Purchaser Identification Card and/or Handgun Purchase Permit (S.T.S. 033)."**

Applicant is to submit both the completed "Application for Multiple Handgun Purchase Exemption" (S.P. 015) and the "Application for Multiple Handgun Purchase Exemption Seller/Transferor Certification" (S.P. 016) forms at the time his/her "Application for Firearms Purchaser Identification Card and/or Handgun Purchase Permit" (S.T.S. 033) is submitted to your agency. As the amended statute also provides "If the information concerning the particular handguns to be purchased is not available when the form is submitted, that information shall be provided to the superintendent as soon as practicable thereafter," your agency is to retain the exemption application and all seller certification forms until the missing information is provided. *It is strongly recommended your agency advise the applicant the submission of any forms with incomplete information will delay processing of the application and permits.*

Your agency is to retain both the "Application for Multiple Handgun Purchase Exemption" (S.P. 015) and the "Application for Multiple Handgun Purchase Exemption Seller/Transferor Certification" (S.P. 016) forms until your firearms investigation has been completed, and a determination is made by your agency to approve or deny the applicant's permits to purchase a handgun.

On denial of an applicant's application for permits to purchase a handgun, all completed forms are to be retained by your agency.

On approval of an applicant's application for permits to purchase a handgun, your agency is to immediately forward **only** the "Application for Multiple Handgun Purchase Exemption" form (S.P. 015) and the "Application for Multiple Handgun Purchase Exemption Seller/Transferor Certification" form(s) (S.P. 016) to the New Jersey State Police, Post Office Box 7068, West Trenton, New Jersey 08628. Attention Firearms Investigation Unit - Building 8.

*Your agency is to issue to, and provide the applicant all permits in excess of those requested specifically for, and under the exemption application. Your department will retain the requisite number of approved and valid permits as requested in the applicant's exemption request until such time as the completed and approved (or denied) application for exemption is returned to you.*

On review of the exemption application and all supporting documentation, the New Jersey State Police Firearms Investigation Unit will either approve or deny the exemption application.

On return of an approved (or denied) exemption application, your agency will provide a copy of the application form to the applicant, and return to him/her all permits to purchase a handgun previously retained by your department.

Your agency is to retain a signed copy of the approved (or denied) "Application for Multiple Handgun Purchase Exemption" form for your records.

**Submission of the "Application for Multiple Handgun Purchase Exemption (S.P. 015)" subsequent to issuance of permits to purchase a handgun.**

Note: The permits to purchase a handgun being provided by the applicant under this option *must be valid* at the time his/her application is made.

Applicant is to submit to your agency the completed "Application for Multiple Handgun Purchase Exemption" (S.P. 015) form, the "Application for Multiple Handgun Purchase Exemption Seller/Transferor Certification" (S.P. 016) form(s), and the requisite number of previously approved, and still valid permits to purchase a handgun issued by your department. As the amended statute also provides "If the information concerning the particular handguns to be purchased is not available when the form is submitted, that information shall be provided to the superintendent as soon as practicable thereafter," your agency is to retain the exemption application and all seller certification forms until the missing information is provided. *It is strongly recommended your agency advise the applicant the submission of any forms with incomplete information will delay processing of the application and permits.*

*Your department will retain the approved and valid permits provided you by the applicant until such time as the completed and approved (or denied) application for exemption is returned to you.*

Your agency is to immediately forward **only** the "Application for Multiple Handgun Purchase Exemption" form (S.P. 015) and the "Application for Multiple Handgun Purchase Exemption Seller/Transferor Certification" form(s) (S.P. 016) to the New Jersey State Police, Post Office Box 7068, West Trenton, New Jersey 08628. Attention Firearms Investigation Unit - Building 8.

On review of the exemption application and all supporting documentation the New Jersey State Police Firearms Investigation Unit will either approve or deny the exemption application.

On return of an approved (or denied) exemption application, your agency will provide a copy of the application form to the applicant, and return to him/her all permits to purchase a handgun previously retained by your department.

Your agency is to retain a signed copy of the approved (or denied) "Application for Multiple Handgun Purchase Exemption" form for your records.

**Miscellaneous**

Please note, regardless of an applicant's submission or declination of submission for exemption to the recently enacted legislation, your agency is not authorized to, and cannot limit the number of Permits to Purchase a Handgun to an applicant. Those applicants issued multiple permits without exemption are required to comply with the current law, more specifically the purchase of no more than one handgun in a thirty day period.

A170

Thank you in advance for your cooperation regarding this matter. Should you have any questions, please feel free to contact Lieutenant David B. Schlueter, Firearms Investigation Unit Supervisor, at (609) 882-2000, extension 2555.

<div style="text-align: center">Sincerely,</div>

FOR COLONEL JOSEPH R. FUENTES
     SUPERINTENDENT

Major Marshall Cradock
Commanding Officer
Special Investigations Section

LAW OFFICES
# ZISA & HITSCHERICH
77 HUDSON STREET
HACKENSACK, NEW JERSEY 07601

JOSEPH C. ZISA, JR. *
ROBERT J. HITSCHERICH **

CRAIG M. POGOSKY

TEL: 201-342-1103
FAX: 201-342-4799

* Member of N.J. and Fla. Bar
** Member of N.J. and N.Y. Bar

April 16, 2010

United States District Court
Clarkson S. Fisher Federal Building
& Courthouse
402 E. State Street
Trenton, New Jersey 08608

Re:   Association of New Jersey Rifle and Pistol Clubs, Inc. vs.
      Christopher J. Christie, Paula Dow, Colonel Fuentes and
      Washington Township, City of Hackensack, et al.
      Civil Action No.: 3:10-cv-271

Dear Sir or Madam:

Enclosed herewith for filing, please find my Notice of Motion to Dismiss, Letter Brief, Certification of Joseph Ziza, Esq and proposed form of order.

Please note this is our initial pleading (other than a request for an extension of time to respond). Please allow this letter brief to serve as opposition to plaintiffs' motion for injunctive relief pending before Judge Pisano.

Thank you for your consideration.

Respectfully Submitted,
ZISA & HITSCHERICH, ESQS.

/S/ CRAIG M. POGOSKY, ESQ.
BY: CRAIG M. POGOSKY, ESQ.

CMP/da:

A172

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**ZISA & HITSCHERICH**
77 HUDSON STREET
HACKENSACK, NJ 07601
(201) 342-1103
Attorneys for Defendant, City of Hackensack
_____

| | |
|---|---|
| **ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation** | **CIVIL ACTION No.: 3:10-cv-271** **NOTICE OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) 12(b)(6), and 12(h)(3)** |

                        **Plaintiff(s),**

**Vs.**

| | |
|---|---|
| **CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-535,** | **ORAL ARGUMENT NOT REQUESTED RETURNABLE:   MAY 17, 2010** |

                        **Defendant(s).**

_____

     **PLEASE TAKE NOTICE** that on May 17, 2010 at 9:30 a.m. or as soon thereafter as Counsel may be heard, Defendant, City of Hackensack, a municipal corporation of the State of New Jersey, ("Hackensack") shall move before the Honorable Joel A. Pisano, U.S.D.J., at the United Stated Courthouse, Clarkson S. Fisher Federal Building and U.S. Courthouse, 402 E. State Street, Trenton, New Jersey 08608, for an Order dismissing Plaintiff's, Association of New Jersey Rifle and Pistol Clubs, Inc., Scott L Bach,

A173

Kaare A. Johnson, and Bob's Little Sport Shop (collectively, "Plaintiffs") Complaint against the City of Hackensack in its entirety pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6) and 12(h)(3).

**PLEASE TAKE FURTHER NOTICE** that Defendant, City of Hackensack shall rely upon its moving brief in the within action, in support of this motion.

**PLEASE TAKE FURTHER NOTICE** that a proposed for of Order is submitted herewith.

                                        **ZISA & HITSCHERICH, ESQS.**
                                        Attorneys for Defendant,
                                        City of Hackensack

                                        /s Craig M. Pogosky
                                        _____
                                        BY: CRAIG M. POGOSKY, ESQ. (5849)

Dated: April 16, 2010

A174

**ZISA AND HITSCHERICH, ESQS.**
77 HUDSON STREET
HACKENSACK, NEW JERSEY 07601
(201) 342-1103
Attorneys for Defendant, City of Hackensack

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

**ASSOCIATION OF NEW JERSEY RIFLE
AND PISTOL CLUBS, INC., a New Jersey
Jersey Not for Profit Corporation;
SCOTT L. BACH; KAARE A. JOHNSON
VINCENT FURIO; STEVEN YAGIELLO
and BOB'S LITTLE SPORT SHOP, INC.,
a New Jersey Corporation,**

                          **Plaintiffs,**

**v.**

**CHRISTOPHER J. CHRISTIE, Govenor
Of the State of New Jersey; PAULA T.
DOW, Attorney General of the State of
New Jersey; COLONEL RICK FUENTES,
Superintendent, Division of New Jersey
State Police; WASHINGTON TOWNSHIP
(Morris County); CITY OF HACKENSACK;
LITTLE EGG HARBOR TOWNSHIP and
XYZ MUNICIPALITIES 1-535,**

                          **Defendants**

_____

**HONORABLE Joel A. Pisano, U.S.D.J.**

**Civil Action No.: 3:10-cv-271 (JAP-TJB)**

**CERTIFICATION OF JOSEPH ZISA, JR.**

I, Joseph C. Zisa, Jr., hereby certify as follows:

      1.      I am the City Attorney for the City of Hackensack and am familiar with the facts contained herein.

2.       I first became aware of the within litigation on or about Friday, March 12, 2010, when a copy of the Amended Complaint was received at City Hall.  I met with officers of the Hackensack Police Department on Tuesday, March 16, 2010 (The City was still recovering from power outages due to the storm on Monday, March 15, 2010).  At that time, the procedure was corrected to ensure that applications for multiple handgun permits would be received within two or three days of same, I advised plaintiff's counsel of same, and requested that the within action be dismissed.

3.       I certify that the foregoing statements made by me are true, and if willfully false, I am subject to punishment.


BY:   __/s Joseph C. Zisa Jr._____
          JOSEPH C. ZISA, JR.

Dated: April 16, 2010

A176

**ZISA AND HITSCHERICH, ESQS.**
77 HUDSON STREET
HACKENSACK, NEW JERSEY 07601
(201) 342-1103
Attorneys for Defendant, City of Hackensack

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| **ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation,** | **HONORABLE Joel A. Pisano, U.S.D.J.** <br><br> **Civil Action No.: 3:10-cv-271 (JAP-TJB)** |
| **Plaintiffs,** | |
| | **ORDER DISMISSING COMPLAINT AS TO DEFENDANT, CITY OF HACKENSACK** |
| **v.** | |
| **CHRISTOPHER J. CHRISTIE, Govenor Of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-535,** | |
| **Defendants** | |

_____

    **THIS MATTER** having been opened to the Court by the law firm of ZISA &

HITSCHERICH, Attorneys for the Defendant, City of Hackensack, for an Order dismissing the

A177

Complaint pursuant to Fed R. Civ. P 12 (b)(1), 12(b)(6) and 12 (h)(3) and the court having considered the moving papers, and any opposition thereto, and for good cause shown;

**IT IS** on this _____ day of _____ , 2010,

**OR D E R E D**, that the Amended Complaint against the City of Hackensack is hereby dismissed with prejudice, and it is further

**O R D E R E D**, that a copy of this order shall be served upon all parties within _____ days of the entry hereof.

_____
Hon. Joel A. Pisano, USDJ

# FARER FERSKO

A PROFESSIONAL ASSOCIATION ATTORNEYS AT LAW

April 30, 2010

Via ECF

Honorable Joel A. Pisano, U.S.D.J.
Clarkson S. Fisher Federal Building
  and U.S. Courthouse
402 East State Street
Trenton, NJ  08608

Henry Farer
Jack Fersko
David B. Farer
Richard J. Ericsson
Ann M. Waeger
Jay A. Jaffe
John J. Reilly*
Daniel L. Schmutter
Susan C. Karp
Marcie R. Horowitz
John H. Hague
Regina E. Schneller

Counsel
Anthony Giountikos
Maura E. Blau

Keith P. McManus
Marjan F. Disler

*Certified by the Supreme
Court of New Jersey
as a Civil Trial Attorney

Re:    ANJRPC, et al.  v. Christopher J. Christie, Governor of New Jersey et al.
       Docket No.: 3:10-cv-00271-JAP-TJB
       Our File No.: 011901

Dear Judge Pisano:

We represent the Plaintiffs in the above-referenced matter.

Please accept this letter in response to the State Defendants' Letter Advising Court of Facts Raising Question of Mootness dated April 16, 2010 ("Mootness Letter").

The State Defendants provide two sets of facts which they allege raise questions of mootness.  First they identify the recent promulgation of forms (the "Exemption Forms") by the State Police to be used to apply for the statutory exemptions (the "Exemptions") under the One Gun per Month Law ("One Gun Law").  Second they identify a letter said to be sent to municipal police chiefs (the "Permit Guidance Letter") purporting to provide guidance as to the issuance of multiple Permits to Purchase a Handgun ("Handgun Purchase Permits").

Yet nowhere in the Mootness Letter do the State Defendants provide any legal analysis or argument as to why these facts might raise a question of mootness. Rather, they merely allege facts and summarily conclude:

> This information raises a question of mootness with
> respect to Counts Three, Four, Five, Six, Seven, and
> Eight of plaintiffs' amended complaint.

Thus, the Court really has no record before it upon which it could make a determination as to mootness.  Any action in this regard would require a motion by State Defendants and the opportunity for Plaintiffs to be fully heard.

The facts the State Defendants allege do not demonstrate mootness, and to assist the Court in this regard, Plaintiffs provide the following informal discussion.  This

A179

FARER FERSKO

A PROFESSIONAL ASSOCIATION ATTORNEYS AT LAW

Honorable Joel A. Pisano, U.S.D.J.
April 30, 2010

Page   2

is not intended as a substitute for a full brief of the issue.  Rather, it is intended to
demonstrate that any dismissal of one or more Counts of the Amended Complaint on the
ground of mootness would require a full record with briefs and affidavits.

**Counts One and Two**

As an initial matter, Plaintiffs note that the Mootness Letter addresses only Counts 3
through 8.  There is nothing in the Mootness Letter as to Counts 1 and 2 (which allege
that the One Gun Law is preempted by federal law and therefore must be struck down in
its entirety).  Plaintiffs' motion seeking injunctive relief is fully briefed and ready for oral
argument on May 25, 2010, and there is nothing in the Mootness Letter that should
prevent the expeditious disposition of that motion, at least as to Counts 1 and 2.

Further, since there are no issues of fact raised by Defendants in their papers, Counts 1
and 2, at least, are ripe for final disposition.  Thus, granting permanent injunctive and
declaratory relief as to Counts 1 and 2 would be dispositive of the entire case (except for
statutory counsel fee claims).  Therefore, the expeditious resolution of Plaintiffs' pending
motion as to Counts 1 and 2 would obviate resolution of the mootness allegations.

**The Exemption Forms**

Presumably, State Defendants' discussion of the Exemption Forms is intended to raise a
question of mootness as to Counts 3 through 6, which allege that the failure of the State
Police to have promulgated such forms violated the Due Process provisions of the
Fourteenth Amendment and the New Jersey Constitution by depriving Plaintiffs of the
ability to enjoy the exemptions specifically provided them by the New Jersey Legislature.

However, the promulgation of the Exemption Forms does not render Counts 3 through
6 moot, because the Exemption Forms, as written, in fact render the Exemptions a
nullity.  Rather than facilitating the process of obtaining Exemptions for qualified
persons, the Exemption Forms act as a block, making it nearly impossible for such
persons to obtain and make use of Exemptions except in the rarest possible
circumstances.   The Exemption Forms accordingly fail to perform the function for
which they exist.  The Exemption Forms are fatally defective and the promulgation of
such forms has actually made Plaintiffs' Due Process claims underline{stronger.}  Instead of having
no forms, Plaintiffs now have useless forms.  At least before the forms were promulgated,
State Defendants could (and did) try to argue that they should have a reasonable period of

A180

FARER FERSKO

A PROFESSIONAL ASSOCIATION ATTORNEYS AT LAW

Honorable Joel A. Pisano, U.S.D.J.
April 30, 2010

Page 3

time to prepare such forms. Now that they have promulgated forms which fail to accomplish the express intent of the Legislature, State Defendants have cemented the Due Process claims in place. To put it simply, fundamentally flawed forms are worse than no forms at all.

Accordingly, Plaintiffs need only (and intend to) seek leave to amend Counts 3 through 6 in order to allege the new facts which support those Counts. The claims remain. The only things that have changed are the facts that give rise to those claims.

### The Permit Guidance Letter

The State Defendants also point to the Permit Guidance Letter as a fact that raises a question of mootness. Presumably (although not articulated) this aspect of the Mootness Letter is directed at Counts 7 and 8, which allege that various municipalities, including but not limited to the municipal defendants herein, are unlawfully restricting Handgun Purchase Permits to one per 30 days. As Plaintiffs have argued, the One Gun Law does not allow this, and in fact, this practice is explicitly prohibited under existing law. Presumably, the State Defendants are suggesting that, because the Permit Guidance Letter advises municipal police chiefs that they may not restrict the number Handgun Purchase Permits issued, therefore Counts 7 and 8 are moot. This is incorrect.

First, the State Defendants have provided the Court with nothing to indicate whether or not municipalities are actually complying with or will comply with the Permit Guidance Letter. And even if most will, that does not guarantee that all will. At least one Defendant in this case, Little Egg Harbor, has given no indication one way or another as to what its intentions are on this issue. Further, Plaintiffs have reason to believe that at least one large municipality may intend to defy or may actually be defying the guidance set forth in the Permit Letter, and the Plaintiffs may be seeking leave to amend on that basis as well.

Accordingly, while it was not inappropriate for the State Defendants to advise the Court and counsel of the information set forth in the Mootness Letter, the informal letter-writing process does not provide an appropriate record for treatment of issues that may be raised, or Court action in that regard. If the State Defendants move to dismiss on the basis of mootness, Plaintiffs will vigorously oppose such a motion and should have an opportunity to fully brief the issue.

A181

FARER FERSKO

A PROFESSIONAL ASSOCIATION ATTORNEYS AT LAW

Honorable Joel A. Pisano, U.S.D.J.
April 30, 2010

Page   4

Thank you for your attention in this regard.

Respectfully submitted,

Daniel L. Schmutter
DLS:amh

cc:     Larry Etzweiler, Esq. (Via ECF)
        Joseph C. Zisa, Esq. (Via ECF)
        Michael Gilmore, Esq. (Via Fax and Regular Mail)

A182

## State of New Jersey

CHRIS CHRISTIE
Governor

KIM GUADAGNO
Lt. Governor

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

PAULA T. DOW
Attorney General

ROBERT M. HANNA
Director

May 17, 2010

Honorable Joel A. Pisano, U.S.D.J.
Clarkson S. Fisher Federal Building & United States Courthouse
Room 341
402 East State Street
Trenton, N.J. 08608

Re:  Association of New Jersey Rifle and Pistol
Clubs, Inc. v. Christie
Docket No. 3:10-cv-00271-JAP-TJB

LETTER ADVISING THE COURT OF RECENT
DEVELOPMENTS

(NOTE: ORAL ARGUMENT IN THIS MATTER IS SCHEDULED FOR **MAY 25, 2010**)

Dear Judge Pisano:

I am a Senior Deputy Attorney General employed by the New Jersey Division of Law, Department of Law and Public Safety, and I am assigned to represent the State defendants - the Honorable Christopher J. Christie, Governor of the State of New Jersey; the Honorable Paula T. Dow, Attorney General of the State of New Jersey; and Colonel Rick Fuentes, Superintendent, Division of New Jersey State Police - in the above-captioned matter, in which the Court has scheduled oral argument to occur on **May 25, 2010**.  By leave of Chambers, I submit this letter with two appended exhibits for the purpose of advising the Court of arguably relevant recently-occurring developments.

Plaintiffs' initial and amended complaints faulted the State defendants' alleged tardiness in promulgating forms by which persons may seek the exemptions from the One Handgun Per Month Law



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 633-7786 • FAX: (609) 984-6446
New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable

A183

May 17, 2010
Page 2

that were provided in 2009 <u>N.J. Laws</u> <u>c.</u> 168 and in 2009 <u>N.J. Laws</u> <u>c.</u> 186.  As part of its rebuttal, the State defendants, in three documents submitted to this Court during the course of this litigation, have noted that the statutory language of <u>c.</u> 186 clashes in form (although not in substance) with the statutory language of <u>c.</u> 168, as a consequence of which there was (at the time these documents were filed) no official statutory codification of <u>c.</u> 186, which, because of the clashing language, would need to be effected by the harmonization provisions of <u>N.J.S.A.</u> 1:3-1 (prescribing the statutory-codification procedure when the Legislature enacts statutory provisions that clash in form but not in substance with each other).  <u>See</u> <u>Brief on Behalf of the Governor of the State of New Jersey, the Attorney General of the State of New Jersey, and the Superintendent of the New Jersey Division of State Police, Defendants in this Action, in Support of Their Motion Seeking Dismissal of Complaint</u>, filed February 24, 2010, at pp. 4, 26 to 28 (DDE # 10-3 at pp. 11, 33 to 35); <u>Brief on Behalf of the Governor of the State of New Jersey, the Attorney General of the State of New Jersey, and the Superintendent of the New Jersey Division of State Police, Defendants in this Action, in Opposition to Plaintiffs' Motion for a Preliminary Injunction</u>, filed March 1, 2010, at pp. 25 to 26 (DDE # 11 at pp. 30 to 31); <u>Reply Brief on Behalf of the Governor of the State of New Jersey, the Attorney General of the State of New Jersey, and the Superintendent of the New Jersey Division of State Police, Defendants in this Action, in Further Support of Their Motion Seeking Dismissal of the Original and the Amended Complaint</u>, filed April 6, 2010, at p. 12 n.8 (DDE # 29 at p. 16 n.8).  The State defendants also noted that, despite the absence of an official codification, LexisNexis provided in its database publication of <u>N.J.S.A.</u> 2C:58-3(i) an unofficial codification of <u>c.</u> 186 that resolved the clash, but did so in a manner that the State defendants predicted would not survive the official codification.  <u>Brief on Behalf of the Governor of the State of New Jersey, the Attorney General of the State of New Jersey, and the Superintendent of the New Jersey Division of State Police, Defendants in this Action, in Support of Their Motion Seeking Dismissal of Complaint</u>, <u>supra</u> at p. 27 n.5 (DDE # 10-3 at p. 34 n.5).

The purpose of this letter is to apprize the Court that, in accordance with <u>N.J.S.A.</u> 1:3-1, on April 28, 2010, the Legislative Counsel of the Office of Legislative Services proposed a harmonization of <u>c.</u> 168 with <u>c.</u> 186; and that on May 7, 2010, the Attorney General concurred in that proposal.  I attach hereto as Exhibit 1 a copy of the <u>Reconciliation of Conflicting Amendments</u> that includes the signatures of the Legislative Counsel and of the Attorney General; and as Exhibit 2 a copy of the official,

May 17, 2010
Page 3

harmonized codification of the statute that the Legislative Counsel proposed and with which the Attorney General concurred.

I note as well that, as the State defendants predicted, the official codification of <u>N.J.S.A.</u> 2C:58-3(i) differs from the unofficial codification that LexisNexis published in its database. That is, as the State defendants predicted, the official codification places the rule of construction effected by <u>c.</u> 168, § 2, after (rather than before) the <u>c.</u> 186 exemptions, which are placed at the end of all of the <u>N.J.S.A.</u> 2C:58-3(i) exemptions, thus manifesting the Legislature's intent to apply this rule of construction to all of the exemptions in <u>N.J.S.A.</u> 2C:58-3(i).

Sincerely yours,

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
Attorney for the State defendants

By:   <u>  /s/ Larry R. Etzweiler          </u>
Larry R. Etzweiler
Senior Deputy Attorney General

c:  Daniel L. Schmutter, Esq. (by e-filing)
    Paula J. DeBona, Esq. (by e-filing)
    Michael J. Gilmore, Esq. (by regular mail and e-mail addressed to
        mjg@gm-law.net)
    Craig M. Pogosky, Esq. (by e-filing)

A185

**Office of Legislative Services**



Legislative Counsel

(609) 292-4625

Memorandum

TO:   Paula T. Dow
      Attorney General

FROM:   Albert Porroni
        Legislative Counsel

DATE:   APR 2 8 2010

SUBJECT:   P.L.2009, c.186
           (SCS for S.3104)
           RECONCILIATION OF CONFLICTING AMENDMENTS

Pursuant to R.S.1:3-1, as amended, we hereby direct that the correction(s) set forth on the attached page(s) be made in preparing P.L.2009, c.186 for printing in the Pamphlet Laws.

These corrections are being made in order to incorporate inadvertently omitted provisions of N.J.S.2C:58-3 as amended by P.L.2009, c.168, s.2.

By:   _____
      Albert Porroni
      Legislative Counsel

I concur: _____

_____
Paula T. Dow
Attorney General

Dated:   5/7/10

A186

**CHAPTER 186**

**An Act** concerning handgun sales and purchases, amending N.J.S.2C:58-2, N.J.S.2C:58-3 and N.J.S.2C:39-10 and supplementing Title 2C of the New Jersey Statutes.

**Be It Enacted** *by the Senate and General Assembly of the State of New Jersey:*

1. N.J.S.2C:58-2 is amended to read as follows:

Retailing of firearms; licensing of dealers and their employees.

2C:58-2. a. Licensing of retail dealers and their employees. No retail dealer of firearms nor any employee of a retail dealer shall sell or expose for sale, or possess with the intent of selling, any firearm unless licensed to do so as hereinafter provided. The superintendent shall prescribe standards and qualifications for retail dealers of firearms and their employees for the protection of the public safety, health and welfare.

Applications shall be made in the form prescribed by the superintendent, accompanied by a fee of $50 payable to the superintendent, and shall be made to a judge of the Superior Court in the county where the applicant maintains his place of business. The judge shall grant a license to an applicant if he finds that the applicant meets the standards and qualifications established by the superintendent and that the applicant can be permitted to engage in business as a retail dealer of firearms or employee thereof without any danger to the public safety, health and welfare. Each license shall be valid for a period of three years from the date of issuance, and shall authorize the holder to sell firearms at retail in a specified municipality.

In addition, every retail dealer shall pay a fee of $5 for each employee actively engaged in the sale or purchase of firearms. The superintendent shall issue a license for each employee for whom said fee has been paid, which license shall be valid for so long as the employee remains in the employ of said retail dealer.

No license shall be granted to any retail dealer under the age of 21 years or to any employee of a retail dealer under the age of 18 or to any person who could not qualify to obtain a permit to purchase a handgun or a firearms purchaser identification card, or to any corporation, partnership or other business organization in which the actual or equitable controlling interest is held or possessed by such an ineligible person.

All licenses shall be granted subject to the following conditions, for breach of any of which the license shall be subject to revocation on the application of any law enforcement officer and after notice and hearing by the issuing court:

(1) The business shall be carried on only in the building or buildings designated in the license, provided that repairs may be made by the dealer or his employees outside of such premises.

(2) The license or a copy certified by the issuing authority shall be displayed at all times in a conspicuous place on the business premises where it can be easily read.

(3) No firearm or imitation thereof shall be placed in any window or in any other part of the

A187

premises where it can be readily seen from the outside.

(4) No rifle or shotgun, except antique rifles or shotguns, shall be delivered to any person unless such person possesses and exhibits a valid firearms purchaser identification card and furnishes the seller, on the form prescribed by the superintendent, a certification signed by him setting forth his name, permanent address, firearms purchaser identification card number and such other information as the superintendent may by rule or regulation require. The certification shall be retained by the dealer and shall be made available for inspection by any law enforcement officer at any reasonable time.

(5) No handgun shall be delivered to any person unless:

(a) Such person possesses and exhibits a valid permit to purchase a firearm and at least seven days have elapsed since the date of application for the permit;

(b) The person is personally known to the seller or presents evidence of his identity;

(c) The handgun is unloaded and securely wrapped;

(d) Except as otherwise provided in subparagraph (e) of this paragraph, the handgun is accompanied by a trigger lock or a locked case, gun box, container or other secure facility; provided, however, this provision shall not apply to antique handguns. The exemption afforded under this subparagraph for antique handguns shall be narrowly construed, limited solely to the requirements set forth herein and shall not be deemed to afford or authorize any other exemption from the regulatory provisions governing firearms set forth in chapter 39 and chapter 58 of Title 2C of the New Jersey Statutes; and

(e) On and after the first day of the sixth month following the date on which the list of personalized handguns is prepared and delivered pursuant to section 3 of P.L.2002, c.130 (C.2C:58-2.4), the handgun is identified as a personalized handgun and included on that list or is an antique handgun. The provisions of subparagraph (d) of this section shall not apply to the delivery of a personalized handgun.

(6) The dealer shall keep a true record of every handgun sold, given or otherwise delivered or disposed of, in accordance with the provisions of subsections b. through e. of this section and the record shall note whether a trigger lock, locked case, gun box, container or other secure facility was delivered along with the handgun.

(7) A dealer shall not knowingly deliver more than one handgun to any person within any 30-day period. This limitation shall not apply to:

(a) a federal, State, or local law enforcement officer or agency purchasing handguns for use by officers in the actual performance of their law enforcement duties;

(b) a collector of handguns as curios or relics as defined in Title 18, United States Code, section 921 (a) (13) who has in his possession a valid Collector of Curios and Relics License issued by the federal Bureau of Alcohol, Tobacco, Firearms and Explosives;

-2-

A188

(c) transfers of handguns among licensed retail dealers, registered wholesale dealers and registered manufacturers;

(d) any transaction where the person has purchased a handgun from a licensed retail dealer and has returned that handgun to the dealer in exchange for another handgun within 30 days of the original transaction, provided the retail dealer reports the exchange transaction to the superintendent; or

(e) any transaction where the superintendent issues an exemption from the prohibition in this subsection pursuant to the provisions of section 4 of P.L.2009, c.186 (C.2C:58-3.4).

b. Records. Every person engaged in the retail business of selling, leasing or otherwise transferring a handgun, as a retail dealer or otherwise, shall keep a register in which shall be entered the time of the sale, lease or other transfer, the date thereof, the name, age, date of birth, complexion, occupation, residence and a physical description including distinguishing physical characteristics, if any, of the purchaser, lessee or transferee, the name and permanent home address of the person making the sale, lease or transfer, the place of the transaction, and the make, model, manufacturer's number, caliber and other marks of identification on such handgun and such other information as the superintendent shall deem necessary for the proper enforcement of this chapter. The register shall be retained by the dealer and shall be made available at all reasonable hours for inspection by any law enforcement officer.

c. Forms of register. The superintendent shall prepare the form of the register as described in subsection b. of this section and furnish the same in triplicate to each person licensed to be engaged in the business of selling, leasing or otherwise transferring firearms.

d. Signatures in register. The purchaser, lessee or transferee of any handgun shall sign, and the dealer shall require him to sign his name to the register, in triplicate, and the person making the sale, lease or transfer shall affix his name, in triplicate, as a witness to the signature. The signatures shall constitute a representation of the accuracy of the information contained in the register.

e. Copies of register entries; delivery to chief of police or county clerk. Within five days of the date of the sale, assignment or transfer, the dealer shall deliver or mail by certified mail, return receipt requested, legible copies of the register forms to the office of the chief of police of the municipality in which the purchaser resides, or to the office of the captain of the precinct of the municipality in which the purchaser resides, and to the superintendent. If hand delivered a receipt shall be given to the dealer therefor.

Where a sale, assignment or transfer is made to a purchaser who resides in a municipality having no chief of police, the dealer shall, within five days of the transaction, mail a duplicate copy of the register sheet to the clerk of the county within which the purchaser resides.

2. N.J.S.2C:58-3 is amended to read as follows:

Purchase of firearms.

-3-

A189

2C:58-3. a. Permit to purchase a handgun. No person shall sell, give, transfer, assign or otherwise dispose of, nor receive, purchase, or otherwise acquire a handgun unless the purchaser, assignee, donee, receiver or holder is licensed as a dealer under this chapter or has first secured a permit to purchase a handgun as provided by this section.

b. Firearms purchaser identification card. No person shall sell, give, transfer, assign or otherwise dispose of nor receive, purchase or otherwise acquire an antique cannon or a rifle or shotgun, other than an antique rifle or shotgun, unless the purchaser, assignee, donee, receiver or holder is licensed as a dealer under this chapter or possesses a valid firearms purchaser identification card, and first exhibits said card to the seller, donor, transferor or assignor, and unless the purchaser, assignee, donee, receiver or holder signs a written certification, on a form prescribed by the superintendent, which shall indicate that he presently complies with the requirements of subsection c. of this section and shall contain his name, address and firearms purchaser identification card number or dealer's registration number. The said certification shall be retained by the seller, as provided in paragraph (4) of subsection a. of N.J.S.2C:58-2, or, in the case of a person who is not a dealer, it may be filed with the chief of police of the municipality in which he resides or with the superintendent.

c. Who may obtain. No person of good character and good repute in the community in which he lives, and who is not subject to any of the disabilities set forth in this section or other sections of this chapter, shall be denied a permit to purchase a handgun or a firearms purchaser identification card, except as hereinafter set forth. No handgun purchase permit or firearms purchaser identification card shall be issued:

(1) To any person who has been convicted of any crime, or a disorderly persons offense involving an act of domestic violence as defined in section 3 of P.L.1991, c.261 (C.2C:25-19), whether or not armed with or possessing a weapon at the time of such offense;

(2) To any drug dependent person as defined in section 2 of P.L.1970, c.226 (C.24:21-2), to any person who is confined for a mental disorder to a hospital, mental institution or sanitarium, or to any person who is presently an habitual drunkard;

(3) To any person who suffers from a physical defect or disease which would make it unsafe for him to handle firearms, to any person who has ever been confined for a mental disorder, or to any alcoholic unless any of the foregoing persons produces a certificate of a medical doctor or psychiatrist licensed in New Jersey, or other satisfactory proof, that he is no longer suffering from that particular disability in such a manner that would interfere with or handicap him in the handling of firearms; to any person who knowingly falsifies any information on the application form for a handgun purchase permit or firearms purchaser identification card;

(4) To any person under the age of 18 years for a firearms purchaser identification card and to any person under the age of 21 years for a permit to purchase a handgun;

(5) To any person where the issuance would not be in the interest of the public health, safety or welfare;

-4-

A190

(6) To any person who is subject to a restraining order issued pursuant to the "Prevention of Domestic Violence Act of 1991," P.L.1991, c.261 (C.2C:25-17 et seq.) prohibiting the person from possessing any firearm;

(7) To any person who as a juvenile was adjudicated delinquent for an offense which, if committed by an adult, would constitute a crime and the offense involved the unlawful use or possession of a weapon, explosive or destructive device or is enumerated in subsection d. of section 2 of P.L.1997, c.117 (C.2C:43-7.2); or

(8) To any person whose firearm is seized pursuant to the "Prevention of Domestic Violence Act of 1991," P.L.1991, c.261 (C.2C:25-17 et seq.) and whose firearm has not been returned.

d. Issuance. The chief of police of an organized full-time police department of the municipality where the applicant resides or the superintendent, in all other cases, shall upon application, issue to any person qualified under the provisions of subsection c. of this section a permit to purchase a handgun or a firearms purchaser identification card.

Any person aggrieved by the denial of a permit or identification card may request a hearing in the Superior Court of the county in which he resides if he is a resident of New Jersey or in the Superior Court of the county in which his application was filed if he is a nonresident. The request for a hearing shall be made in writing within 30 days of the denial of the application for a permit or identification card. The applicant shall serve a copy of his request for a hearing upon the chief of police of the municipality in which he resides, if he is a resident of New Jersey, and upon the superintendent in all cases. The hearing shall be held and a record made thereof within 30 days of the receipt of the application for such hearing by the judge of the Superior Court. No formal pleading and no filing fee shall be required as a preliminary to such hearing. Appeals from the results of such hearing shall be in accordance with law.

e. Applications. Applications for permits to purchase a handgun and for firearms purchaser identification cards shall be in the form prescribed by the superintendent and shall set forth the name, residence, place of business, age, date of birth, occupation, sex and physical description, including distinguishing physical characteristics, if any, of the applicant, and shall state whether the applicant is a citizen, whether he is an alcoholic, habitual drunkard, drug dependent person as defined in section 2 of P.L.1970, c.226 (C.24:21-2), whether he has ever been confined or committed to a mental institution or hospital for treatment or observation of a mental or psychiatric condition on a temporary, interim or permanent basis, giving the name and location of the institution or hospital and the dates of such confinement or commitment, whether he has been attended, treated or observed by any doctor or psychiatrist or at any hospital or mental institution on an inpatient or outpatient basis for any mental or psychiatric condition, giving the name and location of the doctor, psychiatrist, hospital or institution and the dates of such occurrence, whether he presently or ever has been a member of any organization which advocates or approves the commission of acts of force and violence to overthrow the Government of the United States or of this State, or which seeks to deny others their rights under the Constitution of either the United States or the State of New Jersey, whether he has ever been convicted of a crime or disorderly persons offense, whether the person is subject to a restraining order issued

-5-

A191

pursuant to the "Prevention of Domestic Violence Act of 1991," P.L.1991, c.261 (C.2C:25-17 et seq.) prohibiting the person from possessing any firearm, and such other information as the superintendent shall deem necessary for the proper enforcement of this chapter. For the purpose of complying with this subsection, the applicant shall waive any statutory or other right of confidentiality relating to institutional confinement. The application shall be signed by the applicant and shall contain as references the names and addresses of two reputable citizens personally acquainted with him.

Application blanks shall be obtainable from the superintendent, from any other officer authorized to grant such permit or identification card, and from licensed retail dealers.

The chief police officer or the superintendent shall obtain the fingerprints of the applicant and shall have them compared with any and all records of fingerprints in the municipality and county in which the applicant resides and also the records of the State Bureau of Identification and the Federal Bureau of Investigation, provided that an applicant for a handgun purchase permit who possesses a valid firearms purchaser identification card, or who has previously obtained a handgun purchase permit from the same licensing authority for which he was previously fingerprinted, and who provides other reasonably satisfactory proof of his identity, need not be fingerprinted again; however, the chief police officer or the superintendent shall proceed to investigate the application to determine whether or not the applicant has become subject to any of the disabilities set forth in this chapter.

f. Granting of permit or identification card; fee; term; renewal; revocation. The application for the permit to purchase a handgun together with a fee of $2, or the application for the firearms purchaser identification card together with a fee of $5, shall be delivered or forwarded to the licensing authority who shall investigate the same and, unless good cause for the denial thereof appears, shall grant the permit or the identification card, or both, if application has been made therefor, within 30 days from the date of receipt of the application for residents of this State and within 45 days for nonresident applicants. A permit to purchase a handgun shall be valid for a period of 90 days from the date of issuance and may be renewed by the issuing authority for good cause for an additional 90 days. A firearms purchaser identification card shall be valid until such time as the holder becomes subject to any of the disabilities set forth in subsection c. of this section, whereupon the card shall be void and shall be returned within five days by the holder to the superintendent, who shall then advise the licensing authority. Failure of the holder to return the firearms purchaser identification card to the superintendent within the said five days shall be an offense under subsection a. of N.J.S.2C:39-10. Any firearms purchaser identification card may be revoked by the Superior Court of the county wherein the card was issued, after hearing upon notice, upon a finding that the holder thereof no longer qualifies for the issuance of such permit. The county prosecutor of any county, the chief police officer of any municipality or any citizen may apply to such court at any time for the revocation of such card.

There shall be no conditions or requirements added to the form or content of the application, or required by the licensing authority for the issuance of a permit or identification card, other than those that are specifically set forth in this chapter.

A192

g. Disposition of fees. All fees for permits shall be paid to the State Treasury if the permit is issued by the superintendent, to the municipality if issued by the chief of police, and to the county treasurer if issued by the judge of the Superior Court.

h. Form of permit; quadruplicate; disposition of copies. The permit shall be in the form prescribed by the superintendent and shall be issued to the applicant in quadruplicate. Prior to the time he receives the handgun from the seller, the applicant shall deliver to the seller the permit in quadruplicate and the seller shall complete all of the information required on the form. Within five days of the date of the sale, the seller shall forward the original copy to the superintendent and the second copy to the chief of police of the municipality in which the purchaser resides, except that in a municipality having no chief of police, such copy shall be forwarded to the superintendent. The third copy shall then be returned to the purchaser with the pistol or revolver and the fourth copy shall be kept by the seller as a permanent record.

i. Restriction on number of firearms person may purchase. Only one handgun shall be purchased or delivered on each permit and no more than one handgun shall be purchased within any 30-day period, but this limitation shall not apply to:

(1) a federal, State or local law enforcement officer or agency purchasing handguns for use by officers in the actual performance of their law enforcement duties;

(2) a collector of handguns as curios or relics as defined in Title 18, United States Code, section 921 (a) (13) who has in his possession a valid Collector of Curios and Relics License issued by the federal Bureau of Alcohol, Tobacco, Firearms and Explosives;

(3) transfers of handguns among licensed retail dealers, registered wholesale dealers and registered manufacturers

(4) transfers of handguns from any person to a licensed retail dealer or a registered wholesale dealer or registered manufacturer.

(5) any transaction where the person has purchased a handgun from a licensed retail dealer and has returned that handgun to the dealer in exchange for another handgun within 30 days of the original transaction, provided the retail dealer reports the exchange transaction to the superintendent; or

(6) any transaction where the superintendent issues an exemption from the prohibition in this subsection pursuant to the provisions of section 4 of P.L.2009, c.186 (C.2C:58-3.4).

The provisions of this subsection shall not be construed to afford or authorize any other exemption from the regulatory provisions governing firearms set forth in chapter 39 and chapter 58 of Title 2C of the New Jersey Statutes;

A person shall not be restricted as to the number of rifles or shotguns he may purchase, provided he possesses a valid firearms purchaser identification card and provided further that he signs the certification required in subsection b. of this section for each transaction.

A193

j. Firearms passing to heirs or legatees. Notwithstanding any other provision of this section concerning the transfer, receipt or acquisition of a firearm, a permit to purchase or a firearms purchaser identification card shall not be required for the passing of a firearm upon the death of an owner thereof to his heir or legatee, whether the same be by testamentary bequest or by the laws of intestacy. The person who shall so receive, or acquire said firearm shall, however, be subject to all other provisions of this chapter. If the heir or legatee of such firearm does not qualify to possess or carry it, he may retain ownership of the firearm for the purpose of sale for a period not exceeding 180 days, or for such further limited period as may be approved by the chief law enforcement officer of the municipality in which the heir or legatee resides or the superintendent, provided that such firearm is in the custody of the chief law enforcement officer of the municipality or the superintendent during such period.

k. Sawed-off shotguns. Nothing in this section shall be construed to authorize the purchase or possession of any sawed-off shotgun.

l. Nothing in this section and in N.J.S.2C:58-2 shall apply to the sale or purchase of a visual distress signalling device approved by the United States Coast Guard, solely for possession on a private or commercial aircraft or any boat; provided, however, that no person under the age of 18 years shall purchase nor shall any person sell to a person under the age of 18 years such a visual distress signalling device.

3. N.J.S.2C:39-10 is amended to read as follows:

Violation of the regulatory provisions relating to firearms; false representation in applications.

2C:39-10. Violation of the regulatory provisions relating to firearms; false representation in applications.

a. (1) Except as otherwise provided in paragraph (2) of this subsection, any person who knowingly violates the regulatory provisions relating to manufacturing or wholesaling of firearms (section 2C:58-1), retailing of firearms (section 2C:58-2), permits to purchase certain firearms (section 2C:58-3), permits to carry certain firearms (section 2C:58-4), licenses to procure machine guns or assault firearms (section 2C:58-5), or incendiary or tracer ammunition (section 2C:58-10), except acts which are punishable under section 2C:39-5 or section 2C:39-9, is guilty of a crime of the fourth degree.

(2) A licensed dealer who knowingly violates the provisions of subparagraph (d) of paragraph (5) of subsection a. of N.J.S.2C:58-2 is a disorderly person.

b. Any person who knowingly violates the regulatory provisions relating to notifying the authorities of possessing certain items of explosives (section 2C:58-7), or of certain wounds (section 2C:58-8) is a disorderly person.

c. Any person who gives or causes to be given any false information, or signs a fictitious name or address, in applying for a firearms purchaser identification card, a permit to purchase a handgun, a permit to carry a handgun, a permit to possess a machine gun, a permit to possess an assault

firearm, or in completing the certificate or any other instrument required by law in purchasing or otherwise acquiring delivery of any rifle, shotgun, handgun, machine gun, or assault firearm or any other firearm, is guilty of a crime of the third degree.

d. Any person who gives or causes to be given any false information in registering an assault firearm pursuant to section 11 of P.L.1990, c.32 (C.2C:58-12) or in certifying that an assault firearm was rendered inoperable pursuant to section 12 of P.L.1990, c.32 (C.2C:58-13) commits a crime of the fourth degree.

e. Any person who knowingly sells, gives, transfers, assigns or otherwise disposes of a firearm to a person who is under the age of 18 years, except as permitted in section 14 of P.L.1979, c.179 (C.2C:58-6.1), is guilty of a crime of the third degree. Notwithstanding any other provision of law to the contrary, the sentence imposed for a conviction under this subsection shall include a mandatory minimum three-year term of imprisonment, during which the defendant shall be ineligible for parole.

f. Unless the recipient is authorized to possess the handgun in connection with the performance of official duties under the provisions of N.J.S.2C:39-6, any person who knowingly sells, gives, transfers, assigns or otherwise disposes of a handgun to a person who is under the age of 21 years, except as permitted in section 14 of P.L.1979, c.179 (C.2C:58-6.1), is guilty of a crime of the third degree.

g. Any person who knowingly gives or causes to be given any false information or knowingly engages in any other fraudulent conduct in applying for an exemption to purchase more than one handgun in a 30-day period in violation of the provisions of section 4 of P.L.2009, c.186 (C.2C:58-3.4) shall be guilty of a crime of the third degree. The presumption of nonimprisonment set forth in N.J.S.2C:44-1 shall not apply to persons convicted under the provisions of this subsection.

C.2C:58-3.4 Exemption on restriction of purchase of handguns.

4. a. The superintendent may grant an exemption from the restriction on the purchase of handguns set forth in subsection i. of N.J.S.2C:58-3 if the applicant demonstrates to the satisfaction of the superintendent that the applicant's request meets one of the following conditions:

(1) The application is to purchase multiple handguns from a person who obtained the handguns through inheritance or intestacy;

(2) The applicant is a collector of handguns and has a need to purchase or otherwise receive multiple handguns in the same transaction or within a 30-day period in furtherance of the applicant's collecting activities. As used in this paragraph, "need" shall include, but not be limited to, situations where there is a reasonable likelihood that the additional handguns sought to be purchased would not be readily available after the 30-day period, that it would not be feasible or practical to purchase the handguns separately, or that prohibiting the purchase of more than one handgun within a 30-day period would have a materially adverse impact on the

applicant's ability to enhance his collection. As used in this paragraph, "collector" shall include any person who devotes time and attention to acquiring firearms for the enhancement of the person's collection: as curios; for inheritance; for historical, investment, training and competitive, recreational, educational, scientific, or defensive purposes; or any or other lawful related purpose. If an applicant is a member of an organized gun club; firearms competitors organization; firearms collectors organization; or any other organization dedicated to the acquisition, preservation, or use of firearms for historical, investment, training and competitive, recreational, educational, scientific, or defensive purposes, or any other lawful related purpose, such membership shall be considered in determining whether the applicant qualifies as a collector; or

(3) The applicant participates in sanctioned handgun shooting competitions and needs to purchase or otherwise receive multiple handguns in a single transaction or within a 30-day period, and the need is related to the applicant's competitive shooting activities, including use in or training for sanctioned competitions.

b. The applicant shall certify, on a form prescribed by the superintendent, the specific exemption sought and the particular handguns to be purchased. This form shall be submitted to the superintendent at the same time as the permit to purchase a handgun, along with any pertinent documentation supporting the need for an exemption. If the information concerning the particular handguns to be purchased is not available when the form is submitted, that information shall be provided to the superintendent as soon as practicable thereafter. The superintendent shall consider the veracity, accuracy, and completeness of the information provided in determining whether the applicant meets the requirements for an exemption pursuant to this section. In considering whether an applicant qualifies as a collector under paragraph (2) of subsection a. of this section, the superintendent shall not consider the number of guns in the applicant's collection. In considering an exemption sought under paragraph (2) of subsection a. of this section, the superintendent shall not consider the merit or validity of the applicant's collecting activities.

The superintendent shall not grant an exemption if he finds a reasonable likelihood that the public safety would be endangered by granting the exemption, including but not limited to instances where the applicant may be purchasing a handgun to give, sell or distribute to a person who would not qualify to purchase or otherwise acquire a handgun under the provisions of this chapter.

The exemptions set forth in this section shall not be construed and are not intended to authorize multiple handgun purchases where the sole justification set forth by the applicant is that the seller offers a discount for the purchase of more than one handgun.

c. Any person aggrieved by the denial of a request for an exemption pursuant to this paragraph may request a hearing in the Superior Court. The request for a hearing shall be made within 30 days of the denial of the application for an exemption. The applicant shall serve a copy of his request for a hearing upon the superintendent. The hearing shall be held and a record made thereof within 30 days of the receipt for the application for such a hearing by the judge of the

-10-

A196

Superior Court. The judge shall grant the request for the exemption if the judge finds that the denial of the applicant's request was an abuse of discretion, arbitrary or capricious, or a misapplication of the requirements for an exemption as a matter of law.

d. Notwithstanding the provisions of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.), the superintendent may adopt, immediately upon filing with the Office of Administrative Law, such temporary regulations as the superintendent deems necessary to implement the provisions of P.L.2009, c.186 (C.2C:58-3.4 et al.). The regulations so adopted shall be effective for a period not to exceed 270 days from the date of the filing, but in no case shall those regulations be in effect one year after the effective date of P.L.2009, c.186 (C.2C:58-3.4 et al.). The regulations may thereafter be amended, adopted or readopted by the superintendent as the superintendent deems necessary in accordance with the requirements of the "Administrative Procedure Act."

5. This act shall take effect immediately; provided however, the Superintendent of State Police may take any anticipatory administrative action prior to the effective date necessary for its timely implementation.

Approved January 12, 2010.

-11-

A197

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                                  :
ASSOCIATION OF NEW JERSEY RIFLE  :
AND PISTOL CLUBS, INC., et al.            :
                                                  :
                    Plaintiffs,              :
          v.                                     :          Civil Action No. 10-271 (JAP)
                                                  :
                                                  :
CHRISTOPHER CHRISTIE, Governor     :
of the State of New Jersey, et al.           :
                                                  :          **ORDER**
                    Defendants.             :
_____:


       Presently before the Court is a joint request by the parties to suspend the additional

briefing previously requested by the Court in connection with certain pending motions and

"allow 30 days for a proposed Second Amended Complaint to be presented to the Court."

Docket Entry No. 54.  The Court has considered the parties' submission and,

       IT IS on this 23rd day of July 2010

       ORDERED that the parties' request is GRANTED, and it is further

       ORDERED that Plaintiffs shall have 30 days from the filing of this Order to move to

amend its complaint; and it is further

       ORDERED that all pending motions are hereby DISMISSED WITHOUT PREJUDICE to

being refiled following the filing of an amended complaint or being renewed upon the denial of a

motion to amend.


                        /s/ JOEL A. PISANO
                        United States District Judge

# FARER FERSKO

A PROFESSIONAL ASSOCIATION ATTORNEYS AT LAW

August 31, 2010

*So ordered*

Via ECF and Fax

Honorable Joel A. Pisano, U.S.D.J.
Clarkson S. Fisher Federal Building
 and U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Henry Farer
Jack Fersko
David B. Farer
Richard J. Ericsson
Ann M. Waeger
Jay A. Jaffe
John J. Reilly*
Daniel L. Schmutter
Susan C. Karp
Marcie R. Horowitz
John H. Hague
Regina E. Schneller

Counsel
Anthony Giountikos
Maura E. Blau

Marjan F. Disler

*Certified by the Supreme
Court of New Jersey
as a Civil Trial Attorney

Re:   ANJRPC, et al.  v. Christopher J. Christie, Governor of New Jersey et al.
       Docket No.: 3:10-cv-00271-JAP-TJB
       Our File No.: 011901

Dear Judge Pisano:

We represent the Plaintiffs in the above-referenced matter.

On July 22, 2010, Your Honor entered an Order providing for a 30 day time period for a Second Amended Complaint to be presented to the Court by consent of the parties. The purpose of the Second Amended Complaint was to obviate the need for the additional briefing required by the Court in its opinion and order dated June 14, 2010. The Second Amended Complaint was to resolve the open issues for which the Court required the additional briefing.

We write to request that the Court extend the deadline by an additional 30 days to September 22, 2010. We have run into some delay caused by unexpected research needs.

All counsel have consented to this request. Thank you for your attention in this regard.

Respectfully submitted,

**RECEIVED**

/s/ Daniel L. Schmutter
Daniel L. Schmutter
DLS:amd

**SEP 0 3 2010**

AT 8:30_____M
WILLIAM T. WALSH
CLERK

cc:   Gregory Spellmeyer, Esq. (Via ECF)
      Craig Pogosky, Esq. (Via ECF)
      Michael Gilmore, Esq. (Via Fax and Regular Mail)

600 South Avenue, PO Box 580, Westfield, NJ 07091  tel 908.789.8550  fax 908.789.8660  farerlaw.com

A199

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson, Vincent Furio, Steven Yagiello,
and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP; and XYZ MUNICIPALITIES 1-563<br><br>Defendants. | Civil Action No.:<br>10-cv-00271-JAP-TJB<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiffs Association of New Jersey Rifle and Pistol Clubs, Inc., Scott L. Bach, Kaare A. Johnson, Vincent Furio, Steven Yagiello, and Bob's Little Sport Shop, Inc. (collectively

A200

"Plaintiffs") by way of Second Amended Complaint against Defendants Christopher J. Christie[1], Governor of the State of New Jersey, Paula T. Dow, Attorney General of the State of New Jersey, Colonel Rick Fuentes, Superintendent, Division of New Jersey State Police, Washington Township (Morris County), City of Hackensack, Little Egg Harbor Township, and XYZ Municipalities 1-563 (collectively, "Defendants"), say:

## INTRODUCTION

1.   This action concerns the State of New Jersey's unlawful amendments to N.J.S. 2C:58-2 and 2C:58-3 to restrict handgun sales to one every 30 days ("One Gun Law") in violation of an explicit federal preemption contained in 15 U.S.C. §5001(g)(ii).

2.   Additionally, the One Gun Law contains exemptions for collectors, competitors and heirs ("Exempted Individuals") but the statute and forms promulgated to permit Exempted Individuals to qualify for such exemptions actually make it virtually impossible for all but a select sub-class of the entire class of Exempted Individuals to so qualify. Accordingly, most Exempted Individuals are unable to engage in lawful transactions of more than one handgun per month.

---

[1] Originally, Governor Jon S. Corzine and Attorney General Anne Milgrim were named as defendants. However, due to the recent change in administrations, the Complaint has been amended to correctly reflect the proper parties.

A201

3.    Finally,   certain   New   Jersey   municipalities   are
restricting  the  issuance  of  permits  to  purchase  handguns  to  one
per month in violation of State law.

4.    Accordingly,   Plaintiffs   seek   prospective   injunctive
and declaratory relief.

## **PARTIES**

5.    The  Association  of  New  Jersey  Rifle  and  Pistol  Clubs
(the  "Association")  is  a  not  for  profit  membership  corporation,
incorporated  in  the  State  of  New  Jersey  in  1936  and  represents
its  members.   Its  address  is  P.O.  Box  353,  Pompton  Plains,  New
Jersey  07444.    The  Association  represents  the  interests  of
target  shooters,  hunters,  competitors,  outdoors  people  and  other
law  abiding  firearms  owners.   Among  the  Association's  purposes
is  aiding  such  persons  in  every  way  within  its  power  and
supporting  and  defending  the  people's  right  to  keep  and  bear
arms,  including  the  right  of  its  members  and  the  public  to
purchase  and  possess  firearms.   The  Association  brings  this
action  on  behalf  of  its  members  who  have  been  and  will  be
injured  by  the  invalid  One  Gun  Law  and  unlawful  conduct  at
issue.

6.    Plaintiff  Scott  L.  Bach  ("Bach")  is  President  of  the
Association  and  a  practicing  attorney  with  prior  public  service
experience,  including  service  with  the  United  States  Court  of

A202

Appeals for the Second Circuit, the United States Attorney for the Southern District of New York, and a United States Congressman.  Bach resides in Rockaway Township, Morris County, New Jersey.

7.  Plaintiff Kaare A. Johnson ("Johnson") is a retired middle school teacher and a World War II veteran who resides in Washington Township, Morris County, New Jersey.

8.  Plaintiff Vincent Furio ("Furio") is a competitive shooter and hunter who resides in the City of Hackensack, New Jersey.

9.  Plaintiff Steven Yagiello ("Yagiello") is a crew supervisor for the New Jersey Division of Fish and Wildlife and a resident of Little Egg Harbor Township, New Jersey.

10.  Plaintiff Bob's Little Sport Shop ("Bob's") is a federally and State licensed retail dealer of firearms incorporated in the State of New Jersey in 1986 with its principal place of business in the Borough of Glassboro, Gloucester County, New Jersey.

11.  Defendant Christopher J. Christie ("Christie") is the current Governor of the State of New Jersey.

12.  Defendant Paula T. Dow ("Dow") is the current Attorney General of the State of New Jersey.

13.  Defendant Colonel Rick Fuentes ("Fuentes") is Superintendent of the Division of New Jersey State Police.

A203

14. Defendant Washington Township ("Washington") is a municipality located in Morris County, New Jersey and was incorporated in 1798.

15. Defendant City of Hackensack ("Hackensack") is a municipality located in Bergen County, New Jersey and was established in 1921.

16. Defendant Little Egg Harbor Township ("Little Egg Harbor") is a municipality located in Ocean County, New Jersey and was first formed in 1740.

17. Defendants XYZ Municipalities 1-563 are fictitiously named municipalities of the State of New Jersey, whose identities are unknown at this time, that are engaging in the unlawful acts alleged herein. Plaintiffs reserve the right to amend the Complaint to name specific municipalities as knowledge of such municipalities' unlawful activity becomes known.

## JURISDICTION AND VENUE

18. Jurisdiction is founded on 28 U.S.C. §1331 in that this action arises under the Constitution and laws of the United States and under 28 U.S.C. §1343(3) in that the action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of New Jersey and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by

A204

Acts of Congress.   Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

19.  This action seeks relief pursuant to 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1983 and N.J.S. 10:6-2.  Venue lies in this district by way of 28 U.S.C. §1391(b).

## PRE-EXISTING LAWS GOVERNING PURCHASE OF A HANDGUN IN NEW JERSEY

20.  Prior to the enactment of the One Gun Law, New Jersey already had, and still has, among the most restrictive handgun permitting schemes in the United States.

21.  Purchasing a handgun in New Jersey requires: (1) undergoing an extensive background investigation to obtain a permit from the police; (2) submitting federal and State forms to the retail dealer; and 3) undergoing a second, federal, background check, after which the dealer enters the purchaser's detailed identifying information in a bound book pursuant to both federal and State law.

22.  N.J.S. 2C:58-3(a) already required and still requires a handgun permit for each handgun purchased, which is only issued after an extensive background investigation that in practice already takes months to complete.  N.J.S. 2C:58-3(a) provides as follows:

> No person shall sell, give, transfer, assign or otherwise dispose of, nor receive, purchase, or otherwise acquire a handgun

A205

> unless the purchaser, assignee, donee,
> receiver or holder is licensed as a dealer
> under this chapter or has first secured a
> permit to purchase a handgun as provided by
> this section.

23. N.J.S. 2C:58-3(c) already provided and still provides that no permit to purchase a handgun ("Handgun Purchase Permit") shall be issued to any person who is subject to any of a long list of disabilities, including, but not limited to, conviction of any crime, conviction of an offense of domestic violence, drug dependency, mental illness, habitual drunkenness or alcoholism, and certain physical disabilities and authorizes the issuing authority to deny a Handgun Purchase Permit to "any person where the issuance would not be in the interest of the public health, safety or welfare."

24. Accordingly, the applicant was previously required and still is required to provide a broad variety of personal identifying information including, but not limited to name, residence, place of business, age, date of birth, occupation, sex, and physical description, including distinguishing physical characteristics.

25. The applicant was previously required and still is required to provide fingerprints and the names and addresses of two references and also to answer numerous questions, including, but not limited to, questions relating to the potential disqualifying disabilities of N.J.S. 2C:58-3(c).

7

A206

26.  The chief of police of the municipality where the
applicant resides, or Superintendent of the New Jersey State
Police, as the case may be, receives the application and is
required by law to conduct an extensive investigation and to
issue the Handgun Purchase Permits unless there is good cause to
deny the application.

27.  Both federal and State law previously required and
still require strict and extensive record keeping in connection
with the purchase of handguns in New Jersey.  Each purchase is
registered by the retailer on Form SP-671.  The registration
form must include all of the transferee's and dealer's
identifying information, as well as complete identifying
information for the handgun transferred. A copy is forwarded to
the applicant's local police and the Superintendent of the New
Jersey State Police, and the dealer must retain a copy.

28.  Both federal and State law previously required and
still require each handgun purchase to be recorded in a bound
book maintained at the dealer's retail premises.  The bound book
must contain the name and address of the transferee, the date of
transfer and complete identifying information regarding the
handgun.

29.  Federal law further requires that a retail dealer
perform a background check (a/k/a "Brady" check) pursuant to the
National Instant Criminal Background Check System ("NICS") that,

8

A207

in New Jersey, is administered by the State Police, and the purchaser must also must complete a Firearms Transaction Record (Bureau of Alcohol Tobacco and Firearms and Explosives ("ATF") Form 4473) and present government issued identification to confirm the purchaser's identity.

30. Form 4473 specifically and prominently asks the purchaser – who must swear under threat of criminal prosecution to the truthfulness of his answers – whether he is the "actual buyer" of the firearm.

31. Pursuant to 27 C.F.R. 478.126a, if a transaction involves the transfer of multiple handguns to the same purchaser in a five day period, the retail dealer must further record the transaction on ATF Form 3310.4 and forward a copy of the multiple sales form immediately to both ATF and to the chief of police in the community in which their business is located.

32. Thus, prior to the enactment of the One Gun Law, the purchase of a handgun in New Jersey was already subject to extraordinary scrutiny, tracking and recordkeeping - easily among the most restrictive and comprehensive regulatory schemes in the nation. The extensive background investigation process frequently did and still does result in permit issuance delays of two to six months or longer.

A208

## THE ONE GUN LAW

33.   On or about August 6, 2009, then Governor Jon Corzine signed into law the One Gun Law which prohibits the delivery or purchase of more than one handgun within a 30 day period, even for holders of Handgun Purchase Permits.

34.   The One Gun Law amended N.J.S. 2C:58-2(a) to provide:

> (7)  A  dealer  shall  not  knowingly  deliver more  than  one  handgun  to  any  person within any 30-day period.

35.   Similarly, the One Gun Law amended N.J.S. 2C:58-3(i) to provide:

> Restriction on number of firearms person may purchase.  Only  one  handgun  shall  be purchased or delivered on each permit and no more  than  one  handgun  shall  be  purchased within any 30-day period . . .

36.   On or about January 12, 2010, then Governor Corzine signed into law amendments to the One Gun Law which created certain exemptions to the 30 day prohibition on transfer of a more than one handgun (the "Exemptions").  The Exemptions, set forth in section 4 of Senate Bill S3104 (not yet codified), provide as follows:

A209

4. (New section)

a. The superintendent may grant an exemption from the restriction on the purchase of handguns set forth in subsection i. of N.J.S.2C:58-3 if the applicant demonstrates to the satisfaction of the superintendent that the applicant's request meets one of the following conditions:

(1) The application is to purchase multiple handguns from a person who obtained the handguns through inheritance or intestacy **[the "Inheritance Exemption"];**

(2) The applicant is a collector of handguns and has a need to purchase or otherwise receive multiple handguns in the same transaction or within a 30-day period in furtherance of the applicant's collecting activities. As used in this paragraph, "need" shall include, but not be limited to, situations where there is a reasonable likelihood that the additional handguns sought to be purchased would not be readily available after the 30-day period, that it would not be feasible or practical to purchase the handguns separately, or that prohibiting the purchase of more than one handgun within a 30-day period would have a materially adverse impact on the applicant's ability to enhance his collection . . . **[the "Collector Exemption"];** or

(3) The applicant participates in sanctioned handgun shooting competitions and needs to purchase or otherwise receive multiple handguns in a single transaction or within a 30-day period, and the need is related to the applicant's

A210

competitive shooting activities, including use in or training for sanctioned competitions **[the "Competitor Exemption"].**

b. The applicant shall certify, on a form prescribed by the superintendent, the specific exemption sought and the particular handguns to be purchased. This form shall be submitted to the superintendent at the same time as the permit to purchase a handgun, along with any pertinent documentation supporting the need for an exemption. . . .

d. Notwithstanding the provisions of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.), the superintendent may adopt, immediately upon filing with the Office of Administrative Law, such temporary regulations as the superintendent deems necessary to implement the provisions of P.L. , c. (C. ) (pending before the Legislature as this bill). The regulations so adopted shall be effective for a period not to exceed 270 days from the date of the filing, but in no case shall those regulations be in effect one year after the effective date of P.L. , c. (C. ) (pending before the Legislature as this bill). The regulations may thereafter be amended, adopted or readopted by the superintendent as the superintendent deems necessary in accordance with the requirements of the "Administrative Procedure Act."

37. Section 5 of Senate Bill S3104, provides as follows:

5. This act shall take effect immediately; provided however, the Superintendent of State Police may take any anticipatory administrative action prior to the effective

12

A211

date necessary for its timely implementation.

38.  Thus, to obtain any of the Exemptions, a person must make an application to the Superintendent of the New Jersey State Police.

39.  Members of Plaintiff Association wish to qualify for one or more of the Exemptions.

40.  On or about January 13, 2010, Plaintiff Bach applied for three Handgun Purchase Permits.

41.  Plaintiff Bach wishes to apply for the Collector Exemption so he can purchase more than one handgun within a 30 day period, which purchase would satisfy the statutory criteria for the Collector Exemption.

42.  On or about January 14, 2010, Plaintiff Bach inquired of the State Police as to what procedure is available to apply for the Exemptions.  The State Police told him that there was none at that time.

43.  Plaintiff Furio wishes to apply for the Competitor Exemption so he can purchase more than one handgun within a 30 day period, which purchase would satisfy the statutory criteria for the Competitor Exemption.

44.  In or about February 2010, Furio inquired of the State Police as to what procedure is available to apply for the

13

A212

Exemptions.   The State Police told him that there was none at that time.

45.   Upon information and belief, prior to April 6, 2010, there was no procedure in place by which an applicant could apply for and the Superintendent could grant any of the Exemptions.

46.   Accordingly, certain Plaintiffs and/or Members of Plaintiffs who would qualify for one or more Exemptions, and who would therefore be entitled by law to purchase more than one handgun in a 30 day period were being unlawfully constrained by the One Gun Law, were unable to purchase more than one handgun in a 30 day period, and were unlawfully subject to prosecution if they did so.

47.   Therefore, Plaintiffs were being deprived of their liberty and/or property without due process of law in violation of Amendment XIV of the United States Constitution.

48.   On or about January 17, 2010, Plaintiffs commenced the within action seeking, inter alia, injunctive and declaratory relief enjoining the enforcement and effect of the One Gun Law until such time as Plaintiffs could apply for and obtain the Exemptions.

49.   On or about April 6, 2010, after the commencement of the within action, but prior to the time the Court heard Plaintiff's application for injunctive relief, the State Police

14

A213

promulgated forms (the "Forms") to be used to qualify for the Exemptions.

50.   However, the Forms do not enable anyone other than a select sub-class of the entire class of Exempted Individuals to qualify for the Exemptions.

51.   Further, the One Gun Law, as drafted and interpreted by the State Police does not enable anyone other than a select sub-class of the entire class of Exempted Individuals to qualify for the Exemptions.

**UNDER NEW JERSEY LAW, TRADITIONAL B-B, PELLET AND AIR PISTOLS ARE INCLUDED IN THE DEFINITION OF HANDGUNS**

52.   N.J.S. 2C:39-1(f) provides as follows:

"Firearm" means any handgun, rifle, shotgun, machine gun, automatic or semi-automatic rifle, or any gun, device or instrument in the nature of a weapon from which may be fired or ejected any solid projectable ball, slug, pellet, missile or bullet, or any gas, vapor or other noxious thing, by means of a cartridge or shell or by the action of an explosive or the igniting of flammable or explosive substances. It shall also include, without limitation, any firearm which is in the nature of an air gun, spring gun or pistol or other weapon of a similar nature in which the propelling force is a spring, elastic band, carbon dioxide, compressed or other gas or vapor, air or compressed air, or is ignited by compressed air, and ejecting a bullet or missile smaller than three-eighths of an inch in diameter, with sufficient force to injure a person. [Emphasis added.]

A214

53.   N.J.S. 2C:39-1(k) provides as follows:

"Handgun" means any pistol, revolver or other firearm originally designed or manufactured to be fired by the use of a single hand.

54.   Courts in this District and New Jersey state courts have held that pursuant the foregoing definitions and New Jersey law, traditional B-B, pellet and air pistols fall within the definition of "handgun."

**COUNT ONE**
**(INJUNCTIVE RELIEF - 42 U.S.C. §1983; N.J.S. 10:6-2;**
**PREEMPTION - 15 U.S.C. §5001(g)(ii))**

55.   Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 54 as if fully set forth herein at length.

56.   15 U.S.C. §5001(g)(ii) provides as follows:

(g) Preemption of State or local laws or ordinances; exceptions

The provisions of this section shall supersede any provision of State or local laws or ordinances which provide for markings or identification inconsistent with provisions of this section provided that no State shall-- . . .

(ii) prohibit the sale (other than prohibiting the sale to minors) of traditional B-B, paint ball, or pellet-

16

A215

> firing air guns that expel a projectile
> through the force of air pressure.

57. Because New Jersey law defines traditional B-B, pellet and air pistols as handguns, the One Gun Law prohibits the sale of traditional B-B, pellet and air guns in violation of 15 U.S.C. §5001(g)(ii).

58. Accordingly, the One Gun Law is preempted by 15 U.S.C. §5001(g)(ii) and the Supremacy Clause of the United States Constitution and is therefore void.

59. Members of Plaintiff Association wish to purchase more than one handgun within a 30 day period including, but not limited to, traditional B-B, pellet and/or air pistols, and some have applied for Handgun Purchase Permits to do so, but are prohibited from doing so by the One Gun Law and face prosecution if they do so.

60. Plaintiff Bach has applied for three Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period, including one or more traditional B-B, pellet and/or air pistols but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

61. Plaintiff Johnson has applied for two Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

17

A216

62. Plaintiff Furio has applied for three Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

63. Plaintiff Yagiello has applied for three Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

64. Plaintiff Bob's wishes to sell handguns to customers such as Bach, Johnson, Furio and Yagiello, who wish to purchase more than one handgun within a 30 day period, including one or more traditional B-B, pellet and/or air pistols, but is prohibited from doing so by the One Gun Law and faces prosecution if it does so.

65. By virtue of the foregoing, Defendants Christie, Dow, and Fuentes have deprived, are depriving and will continue to deprive Plaintiffs of their rights, privileges, and/or immunities secured by the United States Constitution and laws of the United States in violation of 15 U.S.C. $5001(g)(ii).

66. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining the enforcement of the One Gun Law.

A217

**COUNT TWO**
**(DECLARATORY RELIEF - 28 U.S.C. §§2201 and 2202;**
**PREEMPTION – 15 U.S.C. §5001(g)(ii))**

67. Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 66 as if fully set forth herein at length.

68. By virtue of the foregoing, pursuant to 28 U.S.C. §§2201 and 2202, Plaintiffs are entitled to declaratory relief holding that the One Gun Law is preempted by 15 U.S.C. §5001(g)(ii) and the Supremacy Clause of the United States Constitution and is therefore void and of no effect.

**COUNT THREE**
**(INJUNCTIVE RELIEF - 42 U.S.C. §1983; N.J.S. 10:6-2;**
**UNITED STATES CONSTITUTION - AMENDMENT XIV)**

69. Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 68 as if fully set forth herein at length.

70. Members of Plaintiff Association wish to qualify for one or more of the Exemptions.

71. On or about January 13, 2010, Plaintiff Bach applied for three Handgun Purchase Permits.

72. Plaintiff Bach wishes to apply for the Collector Exemption so he can purchase more than one handgun within a 30 day period, which purchase would satisfy the statutory criteria for the Collector Exemption.

A218

73.   On or about January 14, 2010, Plaintiff Bach inquired of the State Police as to what procedure is available to apply for the Exemptions.   The State Police told him that there was none at the time.

74.   Plaintiff Furio wishes to apply for the Competitor Exemption so he can purchase more than one handgun within a 30 day period, which purchase would satisfy the statutory criteria for the Competitor Exemption.

75.   In or about February 2010, Furio inquired of the State Police as to what procedure is available to apply for the Exemptions.   The State Police told him that there was none at the time.

76.   On or about April 6, 2010, the State Police promulgated forms (the "Forms") to be used to qualify for the Exemptions.

77.   However, the Forms do not enable anyone other than a select sub-class of the entire class of Exempted Individuals to qualify for the Exemptions.

78.   Further, the One Gun Law, as drafted and interpreted by the State Police does not enable anyone other than a select sub-class of the entire class of Exempted Individuals to qualify for the Exemption.

A219

79. The Form requires an applicant to identify, in advance, the specific hand guns an applicant wishes to purchase pursuant to an Exemption.

80. Since in or about April 2010, Plaintiff Bach has contacted multiple sellers to purchase more than one handgun pursuant to the Collector Exemption.

81. In doing so, Plaintiff Bach has requested such sellers to hold such multiple handguns for him to enable him to qualify for the Collector Exemption.

82. Plaintiff Bach has been and is unable to advise such sellers as to whether he will qualify for the Collector Exemption or, if he does, how long it will take.

83. Accordingly, these sellers have been unwilling to reserve the handguns for Plaintiff Bach for the unknown duration of time it will take for Bach to apply for and obtain the Collector Exemption, if it is even granted.

84. Under a strict reading of the One Gun Law, if any purchaser pays for more than one handgun within 30 days, even without taking delivery, it may constitute an unlawful "purchase" under the One Gun Law and subject such purchaser to criminal liability.

85. As such, the requirement on the Forms to identify in advance the specific handguns being purchased pursuant to the Exemptions, makes it virtually impossible for all but a select

21

A220

sub-class of the entire class of Exempted Individuals to qualify for the Exemptions.

86. Accordingly, certain Plaintiffs and/or Members of Plaintiffs who would qualify for one or more Exemptions, and who would therefore be entitled by law to purchase more than one handgun in a 30 day period are being unlawfully constrained by the One Gun Law, are unable to purchase more than one handgun in a 30 day period, and are unlawfully subject to prosecution if they do so.

87. Therefore, Plaintiffs are being deprived of their liberty and/or property without due process of law in violation of Amendment XIV of the United States Constitution.

88. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining the enforcement of the One Gun Law.


**COUNT FOUR**
**(DECLARATORY RELIEF - 28 U.S.C. §§2201 and 2202;**
**UNITED STATES CONSTITUTION - AMENDMENT XIV)**

89. Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 88 as if fully set forth herein at length.

90. The State Police have interpreted the One Gun Law to require that an applicant identify in advance the specific

22

A221

handguns such applicant wishes to purchase in order to qualify for the Exemptions.

91.  If so, the One Gun Law provides false Exemptions that are virtually impossible for all but a select sub-class of the entire class of Exempted Individuals to qualify for.

92.  By virtue of the foregoing, pursuant to 28 U.S.C. §§2201 and 2202, Plaintiffs are entitled to declaratory relief holding that the One Gun Law violates the Due Process Clause of Amendment XIV of the United States Constitution and is therefore void and of no effect.

<div align="center">

**COUNT FIVE**
**(INJUNCTIVE RELIEF – N.J.S. 10:6-2;**
**N.J.A.C. 13:54-1.4(h))**

</div>

93.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 92 as if fully set forth herein at length.

94.  N.J.A.C. 13:54-1.4(h) provides as follows:

> Applicants for a permit to purchase a handgun may apply for more than one permit per application. The number of permits requested, and each permit number shall be entered in the spaces provided on the application.

95.  On or about January 7, 2010, Plaintiff Johnson applied for two Handgun Purchase Permits at the Washington Township (Morris County) Police Department.

<div align="center">

A222

</div>

96.  Notwithstanding the One Gun Law, Plaintiff Johnson can save time, effort, and expense by applying for multiple Handgun Purchase Permits simultaneously and lawfully using only one Handgun Purchase Permit with any given 30 day period.

97.  On or about January 8, 2010, the Chief of Police of Washington Township notified Plaintiff Johnson by letter that as of January 1, 2010 the New Jersey State Police are only permitting one application for a Handgun Purchase Permit per month and returned the fee for his second Handgun Purchase Permit.

98.  By denying Plaintiff Johnson's right to apply for two Handgun Purchase Permits simultaneously, Defendant Washington violated N.J.A.C. 13:54-1.4(h), which explicitly authorizes such application.

99.  On or about January 25, 2010, subsequent to the filing of the original Complaint herein, the Chief of Police of Washington Township notified Plaintiff Johnson by letter that its denial of Johnson's right to apply for more than one permit per month was erroneous under New Jersey law and offered Johnson the opportunity to increase the number of permits applied for by Johnson.

100. On or about February 23, 2010, Plaintiff Furio applied for three Handgun Purchase Permits at the Hackensack Police Department.

A223

101. Notwithstanding the One Gun Law, Plaintiff Furio can save time, effort, and expense by applying for multiple Handgun Purchase Permits simultaneously and lawfully using only one Handgun Purchase Permit with any given 30 day period.

102. Sergeant Richard Levis informed Plaintiff Furio that the Hackensack Police Department had received conflicting information from the New Jersey State Police regarding the issuance of more than one Handgun Purchase Permit per month.

103. Sergeant Levis further informed Plaintiff Furio that the Hackensack Police Department will not issue more than one permit per month until they receive clear direction from the State police allowing them to do so.

104. By denying Plaintiff Furio's right to apply for three Handgun Purchase Permits simultaneously, Defendant Hackensack violated N.J.A.C. 13:54-1.4(h), which explicitly authorizes such application.

105. On or about December 1, 2009, Plaintiff Yagiello applied for three Handgun Purchase Permits at the Little Egg Harbor Township Police Department.

106. Notwithstanding the One Gun Law, Plaintiff Yagiello can save time, effort, and expense by applying for multiple Handgun Purchase Permits simultaneously and lawfully using only one Handgun Purchase Permit with any given 30 day period.

A224

107. Detective Malaga from the Little Egg Harbor Township Police Department informed Plaintiff Yagiello that if the permits were issued before January 1, 2010, the Township police department could issue all three permits.

108. Detective Malaga stated, however, that if the permits were issued after January 1, 2010, after the One Gun Law went into effect, the police department would not be able to issue more than one permit.

109. Detective Malaga further informed Plaintiff Yagiello that the Little Egg Harbor Township Police Department had been instructed to issue only one permit at a time after January 1, 2010 and that 30 days after Plaintiff Yagiello purchased his handgun and used his permit, he could then apply for another permit.

110. By denying Plaintiff Yagiello's right to apply for three Handgun Purchase Permits simultaneously, Defendant Little Egg Harbor violated N.J.A.C. 13:54-1.4(h), which explicitly authorizes such application.

111. Members of Plaintiff Association have applied for multiple Handgun Purchase Permits and been denied the right to apply for and/or receive more than one Handgun Purchase Permit in a 30 day period.

112. Upon information and belief, some or all of fictitiously named Defendants XYZ Municipalities 1-563 are

26

A225

engaging in the same unlawful rationing of Handgun Purchase Permits.

113. By virtue of the foregoing, Plaintiffs are being deprived of substantive rights, privileges and/or immunities secured by the Constitution and/or laws of the State of New Jersey in violation of N.J.A.C. 13:54-1.4(h).

114. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining Defendants from (1) restricting the number of Handgun Purchase Permits the applicant may apply for or (2) restricting the number of Handgun Purchase Permits a licensing authority will issue at one time.

## COUNT SIX
### (DECLARATORY RELIEF – 28 U.S.C. §§2201 and 2202; N.J.A.C. 13:54-1.4(h))

115. Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 114 as if fully set forth herein at length.

116. By virtue of the foregoing, pursuant to 28 U.S.C. §2201 and 2202, Plaintiffs are entitled to declaratory relief holding that restricting an applicant in the number of Handgun Purchase Permits the applicant may apply for or restricting the number of Handgun Purchase Permits a licensing authority will

27

A226

issue at one time violates N.J.A.C. 13:54-1.4(h) and is unlawful.

**WHEREFORE**, Plaintiffs demand judgment against Defendants:

A.   Enjoining enforcement of the One Gun Law.

B.   Declaring the One Gun Law void and of no force and effect.

C.   Enjoining Defendants from (1) restricting the number of Handgun Purchase Permits an applicant may apply for or (2) restricting the number of Handgun Purchase Permits a licensing authority will issue at one time.

D.   Declaring that Defendants may not (1) restrict the number of Handgun Purchase Permits an applicant may apply for or (2) restrict the number of Handgun Purchase Permits a licensing authority will issue at one time.

E.   Awarding reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988, N.J.S. 10:6-2(f) and any other applicable law.

F.   Awarding such other and further relief as the Court deems equitable, just and proper.

<div style="text-align: right;">

FARER FERSKO,
A Professional Association
Attorneys for Plaintiffs


By: <u>/s/ Daniel L. Schmutter</u>
    Daniel L. Schmutter

</div>

Dated: October 1, 2010

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify, on information and belief, that the matter in controversy is not the subject of any other action pending in any court or any pending arbitration or administrative proceeding.

/s/ Daniel L. Schmutter
Daniel L. Schmutter

Dated: October 1, 2010

A228

PAULA T. DOW
Attorney General of New Jersey
R. J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for the Governor of the State of New Jersey, the Attorney
     General of the State of New Jersey, and the Superintendent of
     the New Jersey Division of State Police, Defendants

By:  Gregory A. Spellmeyer
     Deputy Attorney General
     (609) 984-9504
     gregory.spellmeyer@dol.lps.state.nj.us

---

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| | VICINAGE OF TRENTON |
| Plaintiffs, | |
| | Honorable Joel A. Pisano, U.S.D.J. |
| v. | |
| CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-563; | CIVIL ACTION No. 10-cv-271-JAP-TJB |
| | Notice of Motion for Dismissal of Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6) |
| Defendants. | |

---

TO:    CLERK OF THIS COURT

       Daniel L. Schmutter, Esq.
       Farer & Fersko, PA
       600 South Avenue
       P.O. Box 580
       Westfield, N.J. 07091-0580
       attorney for plaintiffs

A229

AND TO:  Paula J. DeBona
         Jansen & DeBona, LLC
         413 West Main Street
         Boonton, NJ 07005
         attorney for codefendant Washington Township

         Craig M. Pogosky, Esq.
         Zisa and Hitscherich, Esqs.
         77 Hudson Street
         Hackensack, N.J. 07601
         attorney for codefendant City of Hackensack

    PLEASE TAKE NOTICE that on March 21, 2011, Paula T. Dow, Attorney General of New Jersey, Attorney for the Governor of the State of New Jersey, the Attorney General of the State of New Jersey, and the Superintendent of the New Jersey Division of State Police, defendants in this action, will move on behalf of these defendants pursuant to Fed.R.Civ.R. 12(b)(1) and Fed.R.Civ.R. 12(b)(6) for an Order dismissing plaintiffs' second amended complaint: (1) with prejudice insofar as it alleges federal claims against these defendants, and (2) without prejudice for the Court's lack of jurisdiction or declination to exercise jurisdiction insofar as it alleges State-law claims against these defendants.

    PLEASE TAKE FURTHER NOTICE that these moving defendants will rely upon the accompanying brief. A proposed form of Order is included.

                              PAULA T. DOW
                              ATTORNEY GENERAL OF NEW JERSEY

                         BY:   /s/ Gregory A. Spellmeyer
                              Gregory A. Spellmeyer
                              Deputy Attorney General
Dated: January 20, 2011

                              -2-

A230

PAULA T. DOW
Attorney General of New Jersey
R. J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for the Governor of the State of New Jersey, the Attorney
      General of the State of New Jersey, and the Superintendent of
      the New Jersey Division of State Police, Defendants

By:  Gregory A. Spellmeyer
     Deputy Attorney General
     (609) 984-9504
     gregory.spellmeyer@dol.lps.state.nj.us

_____

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation, : : : : : : | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY <br><br> VICINAGE OF TRENTON |
| Plaintiffs, : | Honorable Joel A. Pisano, U.S.D.J. |
| v. : | |
| CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-563; : : : : : : : : : | CIVIL ACTION No. 10-cv-271-JAP-TJB <br><br> ORDER Dismissing Second Amended Complaint |
| Defendants. | |

_____

The motion of the Governor of the State of New Jersey, the Attorney General of the State of New Jersey, and the Superintendent of the New Jersey Division of State Police, defendants in this action, for dismissal of the second amended complaint in this matter against them having been submitted to the Court, and the

A231

Court having duly considered the papers submitted and the arguments of counsel, and good cause appearing;

IT IS on this _____ day of _____, 2011, ORDERED that

(1) the complaint be and hereby is dismissed with prejudice insofar as it alleges federal claims against these defendants; and

(2) the complaint be and hereby is dismissed without prejudice for the Court's lack of jurisdiction insofar as it alleges State-law claims against these defendants.


_____
Honorable Joel A. Pisano, U.S.D.J.

–2–

A232

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**ZISA & HITSCHERICH**
77 HUDSON STREET
HACKENSACK, NJ 07601
(201) 342-1103
Attorneys for Defendant, City of Hackensack
_____

| | |
|---|---|
| **ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation,** | **CIVIL ACTION No.: 3:10-cv-271 (JAP-TJB) Honorable Joel A. Pisano, U.S.D.J.**<br><br>**NOTICE OF MOTION TO DISMISS PURSUANT TO** <u>**FED. R. CIV. P.**</u> **12(b)(1) 12(b)(6), and 12(h)(3)** |

Plaintiff(s),

Vs.

**CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-535,**

**RETURNABLE:   MARCH 21, 2011**

Defendant(s).

_____

TO: CLERK OF THIS COURT

Daniel L. Schmutter, Esq.
Farer & Fersko, PA
600 South Avenue
P.O. Box 580
Westfield, N.J. 07091-0580
Attorney for Plaintiffs

A233

Gregory A. Spellmeyer, Esq.
PAULA T. DOW
Attorney General of New Jersey
R. J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for the Governor of the State of New Jersey, the Attorney
General of the State of New Jersey, and the Superintendent, New Jersey Division of State Police

Paula J. DeBona
Jansen & DeBona, LLC
413 West Main Street
Boonton, NJ 07005
Attorney for Defendant, Washington Township

**PLEASE TAKE NOTICE** that on March 21, 2011 at 9:30 a.m. or as soon thereafter as Counsel may be heard, Defendant, City of Hackensack, a municipal corporation of the State of New Jersey, ("Hackensack") shall move before the Honorable Joel A. Pisano, U.S.D.J., at the United Stated Courthouse, Clarkson S. Fisher Federal Building and U.S. Courthouse, 402 E. State Street, Trenton, New Jersey 08608, for an Order dismissing Plaintiff's, Association of New Jersey Rifle and Pistol Clubs, Inc., Scott L Bach, Kaare A. Johnson, and Bob's Little Sport Shop (collectively, "Plaintiffs") Complaint against the City of Hackensack in its entirety pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6) and 12(h)(3).

**PLEASE TAKE FURTHER NOTICE** that Defendant, City of Hackensack shall rely upon its moving brief in the within action, in support of this motion.

**PLEASE TAKE FURTHER NOTICE** that a proposed for of Order is submitted herewith.

**ZISA & HITSCHERICH, ESQS.**
Attorneys for Defendant,
City of Hackensack

/s Craig M. Pogosky
_____
BY: CRAIG M. POGOSKY, ESQ. (5849)
craig@zisa-law.com

Dated: January 21, 2011

A234

**ZISA AND HITSCHERICH, ESQS.**
77 HUDSON STREET
HACKENSACK, NEW JERSEY 07601
(201) 342-1103
Attorneys for Defendant, City of Hackensack

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

**ASSOCIATION OF NEW JERSEY RIFLE**
**AND PISTOL CLUBS, INC., a New Jersey**
**Jersey Not for Profit Corporation;**
**SCOTT L. BACH; KAARE A. JOHNSON**
**VINCENT FURIO; STEVEN YAGIELLO**          **Civil Action No.: 3:10-cv-271 (JAP-TJB)**
**and BOB'S LITTLE SPORT SHOP, INC.,**       **Honorable Joel A. Pisano, U.S.D.J.**
**a New Jersey Corporation,**

                     **Plaintiffs,**

                                             **ORDER DISMISSING COMPLAINT**
                                                **AS TO DEFENDANT, CITY OF**
                                                        **HACKENSACK**
**v.**

**CHRISTOPHER J. CHRISTIE, Governor**
**Of the State of New Jersey; PAULA T.**
**DOW, Attorney General of the State of**
**New Jersey; COLONEL RICK FUENTES,**
**Superintendent, Division of New Jersey**
**State Police; WASHINGTON TOWNSHIP**
**(Morris County); CITY OF HACKENSACK;**
**LITTLE EGG HARBOR TOWNSHIP and**
**XYZ MUNICIPALITIES 1-535,**

                     **Defendants**

_____

    **THIS MATTER** having been opened to the Court by the law firm of ZISA &

HITSCHERICH, Attorneys for the Defendant, City of Hackensack, for an Order dismissing the

A235

Complaint pursuant to Fed R. Civ. P 12 (b)(1), 12(b)(6) and 12 (h)(3) and the court having

considered the moving papers, and any opposition thereto, and for good cause shown;

   **IT IS** on this _____ day of  _____ , 2011,

   **OR D E R E D**, that the Second Amended Complaint against the City of Hackensack is

hereby dismissed with prejudice, and it is further

   **O R D E R E D**, that a copy of this order shall be served upon all parties within _____

days of the entry hereof.


   _____

   Hon. Joel A. Pisano, U.S.D.J.

A236

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
DS (5786)
Attorneys for Plaintiffs
Association of New Jersey Rifle and Pistol
Clubs, Inc., Scott L. Bach, Kaare A. Johnson,
Vincent Furio, Steven Yagiello and Bob's
Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP; and XYZ MUNICIPALITIES 1-563;<br><br>Defendants. | Civil Action No.:<br>10—cv-271 (JAP)(TJB)<br><br>**PLAINTIFFS' NOTICE OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**RETURN DATE: May 2, 2011** |

**PLEASE TAKE NOTICE**, that on May 2, 2011, at 9:30 a.m.

or as soon thereafter as Counsel may be heard, Plaintiffs,

Association of New Jersey Rifle and Pistol Clubs, Inc.,

A237

Scott L. Bach, Kaare A. Johnson, Vincent Furio, Steven Yagiello, and Bob's Little Sport Shop (collectively "Plaintiffs") shall move before the Honorable Joel A. Pisano, U.S.D.J., at the United States Courthouse, Clarkson S. Fisher Federal Building and U.S. Courthouse, 402 E. State Street, Trenton, New Jersey 08608, for an Order granting summary judgment pursuant to Fed. R. Civ. P. 56.

**PLEASE TAKE FURTHER NOTICE** that in support of the within motion, Plaintiffs shall rely upon the following previously filed documents:

1) Certification of Scott L. Bach,

2) Certification of Jonathan Friedman, M.D.,

3) Certification of Daniel Strachman,

4) Certification of Kaare A. Johnson,

5) Certification of Robert Viden,

6) Certification of Vincent Furio,

7) Certification of Steven Yagiello, and

8) Certification of Richard Gajda;

and the following newly filed documents:

9) Supplemental Certification of Scott Bach,

10) Supplemental Certification of Vincent Furio,

11) Certification of Alejandro Alonso,

12) Brief.

A238

**PLEASE TAKE FURTHER NOTICE** that Plaintiffs request oral argument.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted herewith.

FARER FERSKO,
a Professional Association
Attorneys for Plaintiffs
Association of New Jersey Rifle
and Pistol Clubs, Inc., Scott L.
Bach, Kaare A. Johnson, Vincent
Furio, Steven Yagiello, and
Bob's Little Sport Shop

By:    /s/ Daniel L. Schmutter
       Daniel L. Schmutter

Dated: March 11, 2011

A239

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson, Vincent Furio, Steven Yagiello
and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>          Plaintiffs,<br><br>v.<br><br>CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-563;<br><br>          Defendants. | Civil Action No.:<br>10-cv-271 (JAP)(TJB)<br><br>**SUPPLEMENTAL CERTIFICATION OF SCOTT BACH** |

SCOTT L. BACH, hereby certify as follows:

1.   I am both an individual Plaintiff in this action and the President of the Association of New Jersey Rifle

A240

and Pistol Clubs, Inc. (the "Association"), another
Plaintiff in this action. I am fully familiar with facts
stated herein, and I submit this supplemental certification
in support of Plaintiffs' motion for summary judgment and
in opposition to Defendants' motions to dismiss the Second
Amended Complaint.

2.   On February 2, 2010, I submitted a certification
in support of Plaintiffs' motion for a preliminary
injunction. I submit this supplemental certification to
advise the Court of certain additional facts which are
relevant to Plaintiffs' current motion for summary judgment
and Defendants' motions to dismiss.

3.   As I indicated in my previous certification, on
or about August 6, 2009, Governor Corzine signed into law
the One Gun Law which prohibits the delivery or purchase of
more than one handgun within a 30 day period.

4.   On or about January 12, 2010, Governor Corzine
signed into law amendments to the One Gun Law which created
extremely limited exemptions to the 30 day prohibition on
transfer of a more than one handgun (the "Exemptions"),
including an exemption for collectors that I described more
fully in my previous certification (the "Collector
Exemption").

A241

5.    In  accordance  with  this  legislation,  to  obtain any of the Exemptions, a person must make an application to the  Superintendent  of  the  New  Jersey  State  Police  (the "Superintendent").

6.   As  of  the  time  this  action  was  commenced,  in January  2010,  there  were  no  regulations  or  forms promulgated that enabled a person to apply for any of the Exemptions.

7.    In  or  about  April  of  2010,  the  Superintendent promulgated  forms  to  be  used  in  applying  for  the Exemptions.   Attached hereto as **Exhibit "A"** are forms S.P. 015 and S.P. 016 which are, respectively, the **Application for Multiple Handgun Purchase Exemption** (S.P. 015) and the **Seller/Transferor Certification** (S.P. 016).

8.    As  indicated  on  the  forms,  themselves,  S.P.  015 must  be  completed  by  the  applicant  and  S.P.  016  must  be completed by the seller.   Both forms must then be submitted to  the  Superintendent  as  part  of  the  application  for  an Exemption.

9.    Further,  both  forms  require  that  the  applicant and  the  seller  identify  in  advance  the  multiple  handguns sought to be purchased.

10.   In other words, the only way to even apply for an Exemption  an  applicant  must  first  identify  in  advance  of

A242

the application which handguns he wishes to purchase and the seller from which he wishes to purchase them.  He must then convince the seller to (1) not sell the handguns to anyone else, (2) fill out the S.P. 016 and (3) wait an indeterminate period of time until the applicant receives a disposition from the Superintendent.  Based on experience with other firearms permit applications in the State of New Jersey, this waiting period could be many months.

11.  Conceptually, the process appears designed to frustrate most legitimate attempts to qualify for the Exemptions.  This is because, except under unusual circumstances, a licensed dealer is unlikely to be willing to hold multiple handguns off the market while the applicant waits many months to obtain a disposition from the Superintendent.  The process requires licensed dealers to agree not to sell the handguns to another purchaser for an extended period of time, something patently unreasonable.

12.  So, by way of example, if a decedent's estate in Pennsylvania included a rare collection of ten Colt single action revolvers, a New Jersey collector would be at a dramatic disadvantage in attempting to purchase that collection.  The seller would be extremely unlikely to wait for the New Jersey collector to wade through the months-

4

A243

long bureaucratic morass of the Exemption application, without any certainty about whether an Exemption will be granted at the end of the wait. He would, instead, sell it to someone not from New Jersey.

13. Prior to the One Gun Law, such a New Jersey collector could, and likely would, have multiple Purchase Permits already in hand waiting for such an opportunity. This was a common practice and, in fact, the Certification of Kaare Johnson confirms that he regularly did that very thing so that he could immediately acquire collectable handguns as soon as he came across them.

14. Thus, the Exemptions, as enacted, make it exceptionally difficult for a qualified purchaser to make legitimate multiple purchases as intended by the Legislature.

15. And, in fact, this was exactly my experience when I attempted to make use of the new forms. Since the forms were promulgated, I have made several attempts to convince sellers to hold multiple handguns for me so that I could apply for and obtain a Collector Exemption. Such sellers either flat out refused (reacting as if the request to wait an indeterminate period of time while I applied for a Collector Exemption was unreasonable and unacceptable) or never bothered to respond at all.

5

A244

16.   Accordingly, although the Legislature explicitly intended that collectors and competitors be able engage in the same multiple handgun purchases they could prior to the One Gun Law, the manner in which the Exemptions have been enacted makes the Exemptions purely illusory.  The Exemptions create only the appearance of exemptions which in reality do not exist for most collectors, because the way they are crafted makes their exercise nearly impossible.

17.   In view of the foregoing, and for the other reasons cited in the accompanying documents, the Court should grant plaintiffs' motion for summary judgment.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2011

_____
Scott L. Bach

A245

**STATE OF NEW JERSEY**
## Application for Multiple Handgun Purchase Exemption

*This application must be approved by the Superintendent of State Police in order for the transferee purchaser to be exempt from purchasing only one handgun during a 30 day period pursuant to N.J.S. 2C:58-2a(7), N.J.S. 2C:58-3i, N.J.S. 2C:58-3.4, and N.J.S. 2C:39-10a(4).*

**This application must be completed legibly and shall include complete information as required. Applications deemed illegible will not be accepted by the issuing authority and will be returned to the applicant without review.**

| (1) NAME (Last - Maiden Name if applicable, First, Middle) | | | | (2) ADDRESS ( Number & Street, City, State Zip Code) | |
|---|---|---|---|---|---|
| (3) DATE OF BIRTH   /   / | (4) AGE | (5) PLACE OF BIRTH | | (6) US CITIZEN  ☐ Yes  ☐ No | (7) SOCIAL SECURITY NUMBER |
| (8) SEX   HEIGHT      WEIGHT      EYE COLOR      RACE          HAIR COLOR          COMPLEXION | | | | (9) DISTINGUISHING PHYSICAL CHARACTERISTICS | |
| (10) NAME OF EMPLOYER | | | (11) EMPLOYER'S ADDRESS ( Number & Street, City, State Zip Code) | | |
| (12) OCCUPATION | | (13) HOME TELEPHONE | | (14) BUSINESS TELEPHONE | |
| (15) DRIVER'S LICENSE NUMBER & STATE | | | (16) FIREARMS PURCHASER IDENTIFICATION CARD NUMBER (If Applicable) | | |

## EXEMPTION SOUGHT:

☐ Purchase of multiple handguns from a person who obtained the handguns through inheritance or intestacy.

☐ Collector of handguns with a need to purchase or otherwise receive multiple handguns in the same transaction or within a 30-day period in furtherance of the applicant's collecting activities. "Need" shall include, but not be limited to, situations where there is a reasonable likelihood that the additional handguns sought to be purchased would not be readily available after the 30-day period, that it would not be feasible or practical to purchase the handguns separately, or that prohibiting the purchase of more than one handgun within a 30-day period would have a materially adverse impact on the applicant's ability to enhance his collection. A "collector" shall include any person who devotes time and attention to acquiring firearms for the enhancement of the person's collection: as curios; for inheritance; for historical, investment, training and competitive, recreational, educational, scientific, or defensive purposes; or any or other lawful related purpose.

☐ The applicant participates in sanctioned handgun shooting competitions and needs to purchase or otherwise receive multiple handguns in a single transaction or within a 30-day period, and the need is related to the applicant's competitive shooting activities, including use in or training for sanctioned competitions.

## HANDGUNS TO BE PURCHASED/TRANSFERRED:

*Completed and signed "Seller/Transferor Certification" forms (S.P. 016) from each seller of each handgun listed must accompany this exemption application.*

| SERIAL NUMBER | CALIBER | MAKE | | MODEL | TYPE (Semi-Auto/Revolver/BB/Pellet) |
|---|---|---|---|---|---|
| SELLER'S NAME | | SELLER'S ADDRESS | | | SELLER'S TELEPHONE |
| SERIAL NUMBER | CALIBER | MAKE | | MODEL | TYPE (Semi-Auto/Revolver/BB/Pellet) |
| SELLER'S NAME | | SELLER'S ADDRESS | | | SELLER'S TELEPHONE |
| SERIAL NUMBER | CALIBER | MAKE | | MODEL | TYPE (Semi-Auto/Revolver/BB/Pellet) |
| SELLER'S NAME | | SELLER'S ADDRESS | | | SELLER'S TELEPHONE |

S.P. 015 (03/10)                                                                                       Page 1 of _____ Pages

A246

## APPLICATION FOR MULTIPLE HANDGUN PURCHASE EXEMPTION

| SERIAL NUMBER | CALIBER | MAKE | | MODEL | TYPE (Semi-Auto/Revolver/BB/Pellet) |
|---|---|---|---|---|---|
| SELLER'S NAME | | SELLER'S ADDRESS | | | SELLER'S TELEPHONE |
| SERIAL NUMBER | CALIBER | MAKE | | MODEL | TYPE (Semi-Auto/Revolver/BB/Pellet) |
| SELLER'S NAME | | SELLER'S ADDRESS | | | SELLER'S TELEPHONE |

*If more space is needed, use continuation page (S.P. 015A).*

**REASON FOR EXEMPTION REQUEST:**

**SUPPORTING DOCUMENTATION** *(If Applicable)*:

**AFFIRMATION OF APPLICANT:**

*Section must be signed and dated by applicant on submission to the issuing authority.*

*Exemption Application **and Seller Certification** forms **MUST** be submitted at time of application for Permits to Purchase a Handgun.*

I affirm that the information provided by me on this application is complete, true, and correct in every particular. I realize that if any of the foregoing answers made by me are false, I am subject to criminal prosecution. I also understand that the transference of any handgun(s) not in compliance with conditions of the exemptions listed on the application may subject me to criminal prosecution.

_____     _____
Signature                                           Date

(The disclosure of my social security number is voluntary. Without this number, the processing of my application may be delayed. This number is considered confidential.)

**Falsification of this form or knowingly engaging in any other fraudulent conduct in applying for an exemption to purchase more than one handgun in a thirty day period is a crime of the third degree as provided in *N.J.S. 2C:39-10g.***

If approved, only those handguns listed on application may be purchased/acquired by the applicant within 90 days (180 days with extension approval) of the permit issue date.

**Applicants wishing to acquire handguns must still first obtain a Permit to Purchase a Handgun & Form of Register prior to the transference of a handgun as required by *N.J.S. 2C:58-3a.***

### FOR FIREARMS INVESTIGATION UNIT USE ONLY — DO NOT WRITE BELOW.

☐ **Approved**
    Number of handguns approved
    under this exemption application: _____

☐ **Disapproved**

☐ **Granted on Appeal**
    Number of handguns approved
    under this exemption application appeal: _____

*This* _____ *day of* _____ *20* ___ .

_____     _____
Signature                                           Title

**New Jersey State Police
Firearms Investigation Unit**

S.P. 015 (03/10)

Page 2 of _____ Pages

A247

STATE OF NEW JERSEY
## Application for Multiple Handgun Purchase Exemption
## Seller/Transferor Certification

*This Seller/Transferor Certification form must be completed by the seller/transferor for each handgun being sold to the listed Multiple Handgun Purchase Exemption applicant, and must accompany the applicant's completed Application for Multiple Handgun Purchase Exemption form (S.P. 015) on its submission to the issuing authority.* **It is strongly recommended that this Seller/Transferor Certification form be completed in full. Forms will not be forwarded to the Division of State Police until complete, resulting in the delay of both the applications and permits.**

**This Seller/Transferor Certification form must be completed legibly and shall include complete information as required. Forms deemed illegible will not be accepted by the issuing authority and will be returned to the exemption applicant without review.**

### PURCHASER/TRANSFEREE INFORMATION:

| (1) NAME *(Last - Maiden Name if applicable, First, Middle)* | (2) ADDRESS *( Number & Street, City, State Zip Code)* | | |
|---|---|---|---|
| (3) DATE OF BIRTH ___/___/___ | (4) AGE | (5) PLACE OF BIRTH | (6) US CITIZEN ☐ Yes ☐ No | (7) SOCIAL SECURITY NUMBER ___-___-___ |
| (8) SEX   HEIGHT   WEIGHT   EYE COLOR   RACE   HAIR COLOR   COMPLEXION | | | (9) DISTINGUISHING PHYSICAL CHARACTERISTICS |
| (10) NAME OF EMPLOYER | (11) EMPLOYER'S ADDRESS *( Number & Street, City, State Zip Code)* | | |
| (12) OCCUPATION | (13) HOME TELEPHONE | (14) BUSINESS TELEPHONE | |
| (15) DRIVER'S LICENSE NUMBER & STATE | (16) FIREARMS PURCHASER IDENTIFICATION CARD NUMBER *(If Applicable)* | | |

### SELLER/TRANSFEROR INFORMATION (If Individual):

| (17) NAME *(Last - Maiden Name if applicable, First, Middle)* | (18) ADDRESS *( Number & Street, City, State Zip Code)* (P.O. Box is unacceptable. Must reside in NJ) | | |
|---|---|---|---|
| (19) DATE OF BIRTH ___/___/___ | (20) AGE | (21) US CITIZEN ☐ Yes ☐ No | (22) CONTACT TELEPHONE NUMBER | (23) FIREARMS PURCHASER IDENTIFICATION CARD NUMBER *(If Applicable)* |

### SELLER/TRANSFEROR INFORMATION (If New Jersey Licensed Retail Firearms Dealer):

| (24) NEW JERSEY LICENSED RETAIL FIREARMS DEALER NAME | (25) ADDRESS *( Number & Street, City, State Zip)* (P.O. Box is unacceptable. Must be located in NJ) | |
|---|---|---|
| (26) NAME OF SALESPERSON | (27) DEALER FFL NUMBER | (28) DEALER SFL NUMBER |

### HANDGUNS TO BE PURCHASED/TRANSFERRED:

| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |
|---|---|---|---|---|
| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |
| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |
| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |
| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |

S.P. 016 (02/10)

Page 1 of _____ Pages

A248

## APPLICATION FOR MULTIPLE HANDGUN PURCHASE EXEMPTION - SELLER/TRANSFEROR CERTIFICATION

| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |
|---|---|---|---|---|
| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |
| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |
| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |
| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |
| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |
| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |
| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |
| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |
| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |
| SERIAL NUMBER | CALIBER | MAKE | MODEL | TYPE *(Semi-Auto/Revolver/BB/Pellet)* |

*If more space is needed, use continuation page (S.P. 016A)*

Total Number of Handguns being purchased/transferred: _____

**AFFIRMATION OF SELLER/TRANSFEROR:**
*Section must be signed and dated by seller/transferor and provided to exemption applicant.*

I affirm that the information provided by me on this certification form is complete, true, and correct in every particular. I realize that if any of the foregoing answers made by me are false, I am subject to criminal prosecution. I also understand that the transference of any handgun(s) not in compliance with conditions of the exemptions listed on the application may subject me to criminal prosecution.

_____     _____
Signature of Seller/Transferor                    Date

**Falsification of this form is a crime as provided in *N.J.S.* 2C:28-3a and *N.J.S.* 2C:39-10c.**

**NOTE TO SELLER:  Applicants wishing to acquire handguns must still first obtain a Permit to Purchase a Handgun & Form of Register prior to the transference of a handgun as required by *N.J.S.* 2C:58-3a.**

S.P. 016 (02/10)

Page 2 of ____ Pages

A249

FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson, Vincent Furio, Steven Yagiello
and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>             Plaintiffs,<br><br>v.<br><br>CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-563;<br><br>             Defendants. | Civil Action No.:<br>10-cv-271 (JAP)(TJB)<br><br>**SUPPLEMENTAL CERTIFICATION OF VINCENT FURIO** |

I, Vincent Furio, hereby certify as follows:

A250

1.   I am a Plaintiff in this action, and I reside in Hackensack, New Jersey ("Hacksensack"). I am fully familiar with the facts stated herein, and I submit this supplemental certification in support of Plaintiffs' motion for summary judgment and in opposition to Defendants' motions to dismiss the Second Amended Complaint.

2.   On March 11, 2010, I submitted a certification in support of Plaintiffs' motion for a preliminary injunction. I submit this supplemental certification to advise the Court of certain additional facts which are relevant to Plaintiffs' current motion for summary judgment and Defendants' motions to dismiss.

3.   The Court will recall that I have asserted a claim in this action against Hackensack because I was unlawfully denied the right to apply for more than one permit to purchase a handgun ("Purchase Permit").

4.   In its previous motion to dismiss the Amended Complaint, Hackensack argued as follows in its papers:

> . . . after receiving the Amended Complaint, the City Attorney reviewed its application process with the appropriate police officers forthwith and insured that applications for multiple permits are accepted. Accordingly, there is no basis for the Court to Order injunctive relief in this situation. The relief sought is moot.

A251

(Hackensack's April 6, 2010 Letter Brief in Support of Motion to Dismiss at 6.)

5. However, recent facts reveal that Hackensack remains in violation of New Jersey law, and the claims against it are not moot.

6. On February 15, 2011, I went to the Hackensack Police Department to apply for 4 permits to purchase a handgun.

7. When I arrived, I approached the clerk's desk and told her that I was applying for four Purchase Permits. The clerk turned around, pointed to a sign hanging on the wall and said that I could only apply for one per month. The sign on the wall read as follows:

> **ATTENTION:**
>
> **FIREARM RULE:**
>
> **APPLICANT CAN ONLY APPLY FOR _ONE_ PISTOL PERMIT PER MONTH**

(See photograph attached hereto as Exhibit A.)

8. I then took the paperwork upstairs to be approved for filing by the Captain. I told him I wanted to apply for four Purchase Permits. He reviewed the paperwork and handed me a slip of paper to give to the clerk downstairs

A252

handed me a slip of paper to give to the clerk downstairs authorizing her to file my paperwork for four Purchase Permits.

9.   A   man   standing   behind   me   overheard   my conversation and announced that he did not know that a person could apply for more than one permit per month. He said he was going to change his application from one to two Purchase Permits.

I   certify   under   penalty   of   perjury   that   the foregoing is true and correct.

_____
Vincent Furio

March 10, 2011



FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson, Vincent Furio, Steven Yagiello
and Bob's Little Sport Shop, Inc.

<div align="center">UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY</div>

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation <br><br>              Plaintiffs, <br><br> v. <br><br> CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-563; <br><br>              Defendants. | Civil Action No.: 10-cv-271 (JAP)(TJB) <br><br> **CERTIFICATION OF ALEJANDRO ALONSO** |

I, ALEJANDRO ALONSO, hereby certify as follows:

A255

1.    I am a resident of Harrison, New Jersey and I am a truck driver employed by E.I.I, Inc. located in Cranford, New Jersey.   I am fully familiar with the facts as stated herein.

2.    For the past several years, the Harrison, New Jersey Police Department has had a policy of restricting the number of permits to purchase a handgun ("Permits") to two at a time.

3.    As of January 2010, when the One Gun a Month Law went into effect, Harrison started issuing me only one Permit per month.   Since January of 2010, I have applied for multiple Permits on two occasions.   On both occasions, although I applied for two Permits, the Police Department would only issue one.

4.    Most recently, on November 11, 2010, I applied for two Permits.   I received notification that my Permits were ready today, March 11, 2011.   When I went to pick up my Permits, I was notified that I would only receive one Permit even though I applied for two.   I spoke with Detective Rodriguez and asked him why I was only issued one Permit.   Detective Rodriguez told me that the State Police sent them a letter instructing them that they can only issue one Permit per application.

I certify under penalty of perjury that the foregoing is true and correct.

Alejandro Alonso

March 11, 2011

<u>**STATEMENT OF UNDISPUTED MATERIAL FACTS**</u>

<u>**Background of New Jersey Handgun Permitting Law**</u>

This lawsuit concerns New Jersey's recently enacted One Gun Law.   The relevant facts are more fully set forth in the accompanying certifications.

1.   For many years, prior to enactment of the One Gun Law, New Jersey has had and still continues to have one of the most comprehensive and restrictive handgun permitting schemes in the nation.   Before someone may purchase handguns in New Jersey, a purchaser must first obtain from his or her local police department a separate Permit to Purchase a Handgun ("Handgun Purchase Permit") for each handgun purchased, after undergoing extensive state and federal background checks, and after providing comprehensive personal information, employment information, fingerprints and two references.   (Certification of Scott Bach ("Bach Cert.") ¶5.) [1]

2.   This lengthy and complex process requires law enforcement to research the applicant's criminal background and mental health background, process fingerprints, interact with references, and perform other investigative functions to assure that the applicant is not disqualified.   This process frequently

_____

[1]   This motion relies upon both the original Certification of Scott Bach, filed on February 2, 2010 ("Bach Cert."), and the newly filed Supplemental Certification of Scott Bach.   The

5

takes months (sometimes 6 months or longer), and applications can be and often are denied.  Permits expire in 90 days, subject to one possible discretionary extension of another 90 days. (Bach Cert. ¶6)

3.  After the months-long investigation period, the applicant must also undergo a separate federal electronic criminal background check ("NICS" or "Brady Check") at point of purchase, and the seller must collect and retain all details of the sale on state and federal forms and in an official logbook. Copies are sent to State and local police and retained by the seller. (Bach Cert. ¶7,8)

4.  These requirements have been in effect for years and remain in effect after the passage of the One Gun Law. (Bach Cert. ¶9)

## **The One Gun Law**

5.  On or about August 6, 2009, Governor Corzine signed into law the One Gun Law which prohibits the delivery or purchase of more than one handgun within a 30 day period, even though Handgun Purchase Permits have already been issued pursuant to New Jersey law following months-long background investigations. [2] (Bach Cert. ¶10)

---

latter will be referred to as the "Supplemental Bach Cert."
[2]  Though not directly relevant to this matter's disposition, advocates of the One Gun Law claimed that the legislation would

6

A259

The One Gun Law amended N.J.S. 2C:58-2(a) to provide:

(7) A dealer shall not knowingly deliver more than one handgun to any person within any 30-day period.

The One Gun Law amended N.J.S. 2C:58-3(i) to provide:

Restriction on number of firearms person may purchase. Only one handgun shall be purchased or delivered on each permit and no more than one handgun shall be purchased within any 30-day period . . .

6.    This language puts the One Gun Law squarely in fatal conflict with federal law, which expressly preempts the prohibition of a certain class of firearms (B-B, pellet and air guns).  This is a conflict so deeply embedded in decades old New Jersey gun statutes, it can only be remedied by the legislature.

7.    On June 26, 2009, after passage of the One Gun Law by the legislature, but prior to signature by the Governor, the Governor issued Executive Order 145, creating a nine-member Firearms Advisory Task Force (the "Task Force") allegedly "to ensure that lawful firearms collectors and competitive and recreational firearms users are not adversely affected by the [One Gun Law]."  (See Executive Order 145, attached to the Bach Cert. as Exhibit A.; Bach Cert. ¶11)

---

address illegal gun trafficking by making it more difficult for criminals to buy handguns in bulk.  Opponents argued that traffickers already circumvent New Jersey's strict permitting process, and, therefore, the law would have no impact on illegal gun trafficking.  The first state to enact such a law in 1975, South Carolina, repealed the law after 29 years of experience.

8.    The membership of the Task Force included State Police Lieutenant Colonel Christopher Andreychak as designee for Defendant Superintendent of State Police Colonel Rick Fuentes. (See excerpt from Task Force Initial Report, Bach Cert., Ex. B.) (Bach Cert. ¶12)

9.    Pursuant to the recommendations of the Task Force, on or about January 12, 2010, Governor Corzine signed amendments creating limited exemptions to the One Gun Law (the "Exemptions"). The Exemptions, set forth in section 4 of Senate Bill S3104 (not yet codified), provide as follows: (Bach Cert. ¶13)

4.(New section)
    a. The superintendent may grant an exemption from the restriction on the purchase of handguns set forth in subsection i. of N.J.S.2C:58-3 if the applicant demonstrates to the satisfaction of the superintendent that the applicant's request meets one of the following conditions:

    (1) The application is to purchase multiple handguns from a person who obtained the handguns through inheritance or intestacy **[the "Inheritance Exemption"];**

    (2) The applicant is a collector of handguns and has a need to purchase or otherwise receive multiple handguns in the same transaction or within a 30-day period in furtherance of the applicant's collecting activities. As used in this paragraph, "need" shall include, but not be limited to, situations where there is a reasonable likelihood that the additional handguns sought to be purchased would not be readily available after the 30-day period, that it would not be feasible or practical to purchase

8

A261

the handguns separately, or that prohibiting the purchase of more than one handgun within a 30-day period would have a materially adverse impact on the applicant's ability to enhance his collection . . . **[the "Collector Exemption"]; or**

(3) The applicant participates in sanctioned handgun shooting competitions and needs to purchase or otherwise receive multiple handguns in a single transaction or within a 30-day period, and the need is related to the applicant's competitive shooting activities, including use in or training for sanctioned competitions **[the "Competitor Exemption"].**

b. The applicant shall certify, on a form prescribed by the superintendent, the specific exemption sought and the particular handguns to be purchased . . . .

d. Notwithstanding the provisions of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.), the superintendent may adopt, immediately upon filing with the Office of Administrative Law, such temporary regulations as the superintendent deems necessary to implement the provisions of P.L. , c. (C. ) (pending before the Legislature as this bill). . . .

Section 5 of Senate Bill S3104, provides as follows:

5. This act shall take effect immediately; provided however, the Superintendent of State Police may take any anticipatory administrative action prior to the effective date necessary for its timely implementation.

10. To obtain any of the Exemptions, a person must apply to the Superintendent of the State Police (the "Superintendent"). Although the Superintendent's designee sat on the Task Force for many months prior to the One Gun Law's effective date, and despite S3104's call for "timely implementation" of the Exemptions and authorization of

9

A262

"anticipatory administrative action," there was not any established procedure for applicants to apply for and obtain any of the Exemptions until in or about April 2010. (Bach Cert. ¶14, 15)

11. Thus, qualified individuals could not take advantage of the Exemptions even though the Legislature intended that they do so.

### Plaintiffs' Attempts to Comply with the One Gun Law

12. Plaintiff Scott L. Bach ("Bach") is an attorney and President of Plaintiff Association of New Jersey Rifle and Pistol Clubs ("Association"). (Bach Cert. ¶1,2)

13. The Association represents the interests of hundreds of thousands of target shooters, hunters, competitors, and other law abiding firearms owners. Among the Association's purposes is aiding such persons and supporting and defending the people's right to keep and bear arms, including the right of its members and the public to purchase and possess firearms. (Bach Cert. ¶3)

14. Bach is an avid firearms collector. Among other things, he would like to add to his collection a matched set of pistols. Typically, the value of a matched set is in owning the

10

A263

pieces together, so they are unlikely to be sold individually. (Bach Cert. ¶16-18)

15. Without the Exemptions, people like Bach, who have no involvement in the criminal activities that were the One Gun Law's target, cannot pursue many lawful collection activities. (Bach Cert. ¶19)

16. In January, Bach applied for three Handgun Purchase Permits. He then telephoned the State Police Firearms Unit to ask how to apply for the Exemptions and was directed to Lieutenant David Schlueter, who said there was no procedure in place and that he did not know when there would be a procedure. (Bach Cert. ¶20-22)

17. The Lieutenant did not even know that the Exemptions were signed into law several days earlier. He said he had received no information about the amendments or their content, could not take any action until he had that information, and suggested that Bach contact his legislator. He also claimed that all this was done "without our knowledge," even though the Superintendent's designee sat on the Task Force for many months prior to the One Gun Law's effective date and participated in formulating the recommendations that resulted in the Exemptions. (Bach Cert. ¶23-26)

11

A264

18.  The State Police were completely unprepared for the implementation of the Exemptions, despite the legislature's express call in S3104 for "timely implementation" and authorization of "anticipatory administrative action."  The honest persons whom the legislature intended to exempt now have no procedure or prescribed method to invoke the Exemptions. (Bach Cert. ¶26)

19.  Also, when Bach submitted his application for three Handgun Purchase Permits, his local Police Department initially advised that he could only obtain one <u>permit</u> per month (as opposed to one <u>handgun</u> per month), which could translate into one handgun every four or five months or longer due to permitting delays -- well beyond the intended statutory limitation. (Bach Cert. ¶27)

20.  In fact, pre-existing New Jersey law specifically allows application for multiple permits.[3]  However, the State Police had provided no advance guidance to local police agencies on this issue.  With 566 municipalities in New Jersey, this was a recipe for inconsistency and chaos.  Given their Task Force participation, the State Police should have been well prepared

---

[3] As a practical matter, a non-exempt individual can receive six permits at once and use all six lawfully under the One Gun Law; used at the rate of one per month, the first three can be used prior to their 90-day expiration date, and the second three can be extended for the one additional 90-day term.

12

for enactment of the One Gun Law and the Exemptions. (Bach Cert. ¶29-30)

21. The Association has received multiple complaints from its members regarding rationing of permits to one per month and the lack of any procedure for invoking the statutory Exemptions. (Bach Cert. ¶31-33)

22. New Jerseyans are entitled to the correct and prompt implementation of new laws.  This law was signed nearly five months before the effective date of January 1, 2010.

23. Several accompanying witness certifications further illustrate the problems with the One Gun Law and the absence of implementation guidelines.

- Plaintiff Kaare A. Johnson ("Johnson") is a retired middle school teacher and World War II veteran residing in Washington Township, Morris County.  (Cert. of Kaare Johnson)

- Plaintiff Vincent Furio ("Furio") sells business credit insurance, is a competitive shooter and hunter, and resides in the City of Hackensack.  (Cert. of Vincent Furio)

- Plaintiff Steven Yagiello ("Yagiello") is a crew supervisor for the New Jersey Division of Fish and Wildlife and a resident of Little Egg Harbor Township.  (Cert. of Steven Yagiello)

- Jonathan Friedman, M.D. is an oral and maxillofacial surgeon and a former New York State Trooper living in Mendham.  (Cert. of Jonathan Friedman, M.D.)

- Richard Gajda ("Gajda") is a firearms collector, instructor and competitive shooter who lives in Clinton Township. (Cert. of Richard Gajda)

13

- Daniel Strachman is a financial consultant, author, former adjunct professor at New York University School of Continuing Education, a resident of Fanwood, and he volunteers with the Fanwood Rescue Squad. (Cert. of Daniel Strachman)

- Alejandro Alonso is a truck driver and a resident of Harrison. (Cert of Alejandro Alonso)

24. Johnson is a collector of vintage Colt revolvers, but he cannot properly do so without the Collector Exemption because these valuable revolvers become available randomly and may show up more than one at a time. (Johnson Cert.)

25. As avid collectors and competitors, Furio and Gajda are similarly impacted by the lack of any means to apply for the Exemptions, since they routinely apply for and uses multiple Handgun Purchase Permits. (Furio Cert., Gajda Cert.)

26. Plaintiff Bob's Little Sport Shop, Inc. ("Bob's"), a federally and State licensed retail firearms dealer in Glassboro, New Jersey, has encountered the same issues. (Certification of Robert Viden.)

27. Collectors often wish to purchase matched pistol sets or collections sold in lots and they now cannot do so, even if they qualify for one of the Exemptions. Competitors often engage in multi-gun event categories which require the competitor to have a set of handguns in several specified calibers, which usually are purchased together. They cannot do this because, even though the Superintendent eventually

14

A267

established procedures to apply for the Exemptions, the manner in which the Exemptions have been implemented renders it nearly impossible for applicants to obtain the Exemptions. (Viden Cert. ¶5-9)

### The Exemptions are Illusory

28. In or about April of 2010, the Superintendent promulgated forms to be used in applying for the Exemptions ("Exemption Forms"). Attached to the Supplemental Bach Cert. as **Exhibit "A"** are forms S.P. 015 and S.P. 016 which are, respectively, the **Application for Multiple Handgun Purchase Exemption** (S.P. 015) and the **Seller/Transferor Certification** (S.P. 016). (Supplemental Bach Cert. ¶7)

29. As indicated on the forms, themselves, S.P. 015 must be completed by the applicant and S.P. 016 must be completed by the seller. Both forms must then be submitted to the Superintendent as part of the application for an Exemption. (Supplemental Bach Cert. ¶8)

30. Further, both forms require that the applicant and the seller identify in advance the multiple handguns sought to be purchased. (Supplemental Bach Cert. ¶9)

31. In other words, the only way to even apply for an Exemption an applicant must first identify in advance of the application which handguns he wishes to purchase and the seller

15

A268

from which he wishes to purchase them.  He must then convince the seller to (1) not sell the handguns to anyone else, (2) fill out the S.P. 016 and (3) wait an indeterminate period of time until the applicant receives a disposition from the Superintendent.  Based on experience with other firearms permit applications in the State of New Jersey, this waiting period could be many months. (Supplemental Bach Cert. ¶10)

32.  Conceptually, the process appears designed to frustrate most legitimate attempts to qualify for the Exemptions.  This is because, except under unusual circumstances, a licensed dealer is unlikely to be willing to hold multiple handguns off the market while the applicant waits many months to obtain a disposition from the Superintendent. The process requires licensed dealers to agree not to sell the handguns to another purchaser for an extended period of time, something patently unreasonable. (Supplemental Bach Cert. ¶11)

33.  So, by way of example, if a decedent's estate in Pennsylvania included a rare collection of ten Colt single action revolvers, a New Jersey collector would be at a dramatic disadvantage in attempting to purchase that collection.  The seller would be extremely unlikely to wait for the New Jersey collector to wade through the months-long bureaucratic morass of the Exemption application, without any certainty about whether

16

an Exemption will be granted at the end of the wait.  He would, instead, sell it to someone not from New Jersey. (Supplemental Bach Cert. ¶12)

34.  Prior to the One Gun Law, such a New Jersey collector could, and likely would, have multiple Handgun Purchase Permits already in hand waiting for such an opportunity.  This was a common practice and, in fact, the Certification of Kaare Johnson confirms that he regularly did that very thing so that he could immediately acquire collectable handguns as soon as he came across them. (Supplemental Bach Cert. ¶13)

35.  Thus, the Exemptions, as enacted, make it exceptionally difficult for a qualified purchaser to make legitimate multiple purchases as intended by the Legislature. (Supplemental Bach Cert. ¶14)

36.  And, in fact, this was exactly Plaintiff Bach's experience when he attempted to make use of the new forms. Since the forms were promulgated, Bach has made several attempts to convince sellers to hold multiple handguns for him so that he could apply for and obtain a Collector Exemption.  Such sellers either flat out refused (reacting as if the request to wait an indeterminate period of time while Bach applied for a Collector Exemption was unreasonable and unacceptable) or never bothered to respond at all. (Supplemental Bach Cert. ¶15)

17

A270

37.  Accordingly,  although  the  Legislature  explicitly intended that collectors and competitors be able engage in the same multiple handgun purchases they could prior to the One Gun Law, the manner in which the Exemptions have been enacted makes the Exemptions purely illusory.  The Exemptions create only the appearance of exemptions which in reality do not exist for most collectors,  because  the  way  they  are  crafted  makes  their exercise nearly impossible. (Supplemental Bach Cert. ¶16)

### Hackensack Still has not Complied with the Law

38.  Johnson,  Furio,  Gajda  and  the  others  have  all experienced first hand the chaos surrounding implementation of the One Gun Law.  Each of them was told by his local police department when applying for multiple Handgun Purchase Permits that he could only receive one.  Several were told that they could not even <u>apply</u> for a second permit until after the first permit was used.  Because the application process takes months, that could mean <u>two or three guns per year</u> rather than one gun per 30 days. (<u>See</u> generally Accompanying Certifications)

39.  In some instances, the local police called the State Police and learned they were mistaken.  However, Johnson, Furio and Yagiello were actually refused the additional permits.  <u>Id</u>.

40.  Washington and Little Egg Harbor have, since shortly after  the  commencement  of  this  action,  settled  with  the

18

A271

Plaintiffs and have agreed to the entry of a consent order acknowledging their obligation to accept applications for and to issue multiple Handgun Purchase Permits. They have also agreed to pay Plaintiffs a nominal amount of counsel fees in the amount of $1,000. (<u>See</u> Docket Entries 31,71.)

41. Hackensack also claims to have reversed its unlawful policy of refusing the issuance of multiple permits. However, unlike Washington and Little Egg harbor, Hackensack has steadfastly refused to memorialize this acknowledgement in any official act of the City, in any agreement or in any Court document.

42. Plaintiffs now understand why Hackensack has been reluctant to do so. Notwithstanding the City's representations to this Court in filed papers on March 16, 2010 that the City was no longer restricting permits to one per month, it turns out that for the last year, Hackensack has been playing fast and loose with this Court and with the law.

43. In its previous motion to dismiss the Amended Complaint, Hackensack argued as follows in its papers:

> . . . after receiving the Amended Complaint, the City Attorney reviewed its application process with the appropriate police officers forthwith and insured that applications for multiple permits are accepted. Accordingly, there is no basis for the Court to Order injunctive relief in this situation. The relief sought is moot.

A272

(Hackensack's April 16, 2010 Letter Brief in Support of Motion to Dismiss at 6; Docket Entry #33.)

44.  However, on February 15, 2011, Furio went back to the Hackensack Police Department to apply for four Handgun Purchase Permits.  (Supplemental Certification of Vincent Furio ("Supplemental Furio Cert.") ¶6)

45.  When he arrived, he approached the clerk's desk and told her that he was applying for four permits.  The clerk turned around, pointed to a sign hanging on the wall and said that he could only apply for one per month.  The sign on the wall read as follows: (Supplemental Furio Cert. ¶7)

> **ATTENTION:**
>
> **FIREARM RULE:**
>
> **APPLICANT CAN ONLY APPLY FOR _ONE_ PISTOL PERMIT PER MONTH**

(See photograph of the aforesaid sign, taken on February 15, 2011, attached to Supplemental Furio Cert. as Exhibit A.)

46.  Furio then took the paperwork upstairs to be approved for filing by the Captain.  He told the Captain he wanted to apply for four Handgun Purchase Permits.  The Captain reviewed the paperwork and handed Furio a slip of paper to give to the

clerk downstairs authorizing her to file the paperwork for four permits. (Supplemental Furio Cert. ¶8)

47.  A man standing behind Furio overheard the conversation and announced that he did not know that a person could apply for more than one permit per month.  He said he was going to change his application from one to two Handgun Purchase Permits. (Supplemental Furio Cert. ¶9)

48.  Thus, notwithstanding the representations of Hackensack to Plaintiffs and to this Court nearly a year ago, Hackensack still has a sign up and the clerk is still instructing applicants that they may only apply for one Handgun Purchase Permit per month.

49.  Hackensack has demonstrated that it cannot be trusted to comply with the law and cannot be taken at its word on this issue.

### Other Municipalities Disregard the Superintendent's Directive and the Law

50.  For the past several years, the Harrison, New Jersey Police Department has had a policy of restricting the number of Handgun Purchase Permits to two at a time.  (Certification of Alejandro Alonso ("Alonso Cert.") ¶2.)

51.  As of January 2010, when the One Gun a Month Law went into effect, Harrison started issuing only one Permit per month. Since January of 2010, Alejandro Alonso, a resident of Harrison,

21

A274

has applied for multiple Permits on two occasions.   On both occasions, although he applied for two Handgun Purchase Permits, the Police Department would only issue one.  (Alonso Cert. ¶3.)

52. Most recently, on November 11, 2010, he applied for two permits.   He received notification that his permits were ready on March 11, 2011.   When he went to pick up his permits, he was notified that he would only receive one permit even though he applied for two.   He spoke with Detective Rodriguez and asked him why he was only issued one Permit.   Detective Rodriguez told Alonso that the State Police sent them a letter instructing them that they can only issue one Permit per application. (Alonso Cert. ¶4.)

In view of the foregoing, Plaintiffs' motion for summary judgment should be granted.

## **PROCEDURAL HISTORY**

For the sake of brevity, Plaintiffs shall rely on the several paragraphs setting forth the prior procedural history in this matter found at pages 2 and 3 of the State Defendants' January 20, 2011 brief in support of their motion to dismiss the Second Amended Complaint.

A275

```
FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson, Vincent Furio, Steven Yagiello
and Bob's Little Sport Shop, Inc.
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation | Civil Action No.: 10-cv-271 (JAP)(TJB) **ORDER GRANTING SUMMARY JUDGMENT** |
| Plaintiffs, | |
| v. | |
| CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-563; | |
| Defendants. | |

A276

**THIS MATTER** having been brought before the Court on the Plaintiffs' Motion for Summary Judgment by their attorneys Farer Fersko, P.A. (Daniel L. Schmutter, Esq. appearing) and Paula T. Dow, Attorney General of the State of New Jersey (Gregory Spellmeyer, Deputy Attorney General) appearing on behalf of Defendants Christopher J. Christie, Governor of the State of New Jersey ("Christie"), Paula T. Dow, Attorney General of the State of New Jersey ("Dow") and Colonel Rick Fuentes, Superintendent, Division of New Jersey State Police ("Fuentes"); and the City of Hackensack appearing by its attorneys Zisa & Hitscherich (Craig M. Pogosky, Esq.); and the Court having reviewed the papers and heard the arguments of counsel for the respective parties; and for good cause shown;

**IT IS**, on this _____ day of _____, 2011, **ORDERED** as follows:

1.  Plaintiffs' Motion for summary judgment is hereby granted in its entirety;

2.  Defendants and their officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with the foregoing are hereby permanently enjoined from enforcing N.J.S. 2C:58-2 and/or N.J.S. 2C:58-3 and/or any other provision of New Jersey law to the extent the foregoing provisions of law prohibit or

A277

restrain the purchase, sale, transfer, delivery or acquisition of more than one (1) handgun within a 30 day period;

3.    Judgment is hereby entered declaring that N.J.S. 2C:58-2 and/or N.J.S. 2C:58-3 and/or any other provision of New Jersey law to the extent the foregoing provisions of law prohibit or restrain the purchase, sale, transfer, delivery or acquisition of more than one (1) handgun within a 30 day period are void and unenforceable;

4.    Defendant City of Hackensack is hereby enjoined from restricting the number of permits to purchase a handgun a person may apply for and receive at one time as long as such person is qualified to receive one (1) permit to purchase a handgun;  and

5.    Judgment is hereby entered declaring that any provision of law, practice or policy restricting the number of permits to purchase a handgun a person may apply for and receive at one time is void and unenforceable;

6.    The City of Hackensack shall, within 3 business days hereof, and on an ongoing basis, instruct all personnel involved in any way with the handgun permitting process that there shall be no restrictions on the number of permits to purchase a handgun a person may apply for and receive;

7.   The City of Hackensack shall, within 3 business days hereof, and for the next 12 consecutive months, prominently display, at all times, at the desk where applications for permits to purchase a handgun are submitted, a sign indicating that there is no limit on the number of permits to purchase a handgun an applicant may apply for or receive.

8.   Plaintiffs may, on motion, reopen this matter in order to join additional municipalities which may engage in conduct inconsistent with this order.

9.   A copy of this Order shall be served upon the attorneys for all parties within _____ days of this entry.

_____
Hon. Joel A. Pisano, U.S.D.J.

A279

Gilmore & Monahan, P.A. RECEIVED
10 Allen Street
P.O. Box 1540       MAR 1 5 2011
Toms River, NJ  08754
(732) 240-6000           AT     10         M
Attorney for Defendant      WILLIAM T. WALSH
                               CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE | : | |
| AND PISTOL CLUBS, INC., a New Jersey Not | | |
| For Profit Corporation; SCOTT L. BACH; KAARE | : | CIVIL ACTION NO.: |
| A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO | | 10-cv-00271-JAP-TJB |
| And BOB'S LITTLE SPORT SHOP, INC., a New | : | |
| Jersey Corporation, | : | |
| | : | STIPULATION OF SETTLEMENT |
| Plaintiffs, | | AMONG PLAINTIFFS AND |
| | : | DEFENDANT LITTLE EGG |
| v. | | HARBOR TOWNSHIP |
| | : | |
| CHRISTOPHER . CHRISTIE, Governor | | |
| Of the State of New Jersey; PAULA | : | |
| T. DOW, Attorney General of the State | | |
| Of  New Jersey; COLONEL RICH FUENTES, | : | |
| Superintendent, Division  of New Jersey State | | |
| Police; WASHINGTON TOWNSHIP (Morris | : | |
| County); CITY OF HACKENSACK,  LITTLE EGG | | |
| HARBOR TOWNSHIP and XYZ MUNICIPALITIES | : | |
| 1-563, | | |
| | : | |
| Defendants, | | |

STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") is entered into among (i)
Plaintiff's, Association of Rifle and Pistol Clubs, Inc., Scott L. Bach, Kaare A. Johnson,
Vincent Furio, Steven Yagiello and Bob's Little Sports Shop, Inc. (collectively, the
"Plaintiffs"), and (ii) Defendant, Little Egg Harbor Township ("Little Egg Harbor"), by
and through their undersigned attorneys.

A280

WHEREAS, on or about December 1, 2009, Plaintiff Steven Yagiello ("Yagiello") applied to the Little Egg Harbor Township Police Department for three Permits to Purchase a Handgun ("Permits"); and

WHEREAS, Yagiello was advised that if the permits were issued after January 1, 2010, after the effective date of the One Gun per Month Law, he could only be issued one permit at a time; and

WHEREAS, on or about January 7, 2010 Yagiello was issued only one permit and refunded $4.00; and

WHEREAS, on or about March 30, 2010 the New Jersey State Police issued a letter of guidance to municipal police departments, advising in part that local agencies may not limit the number of Permits to Purchase a Handgun applied for or issued to an applicant; and

WHEREAS, Little Egg Harbor acknowledges that it may not limit the number of permits to an applicant;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Plaintiffs and Little Egg Harbor, by and through their duly authorized counsel:

1.   The claims raised in the above-captioned matter against Little Egg Harbor are dismissed without prejudice and without costs or fees to any party, except as specifically provided herein, based upon the terms and conditions set forth in this Stipulation;

2.   Defendant Little Egg Harbor Township shall pay to Plaintiffs the total sum of one thousand dollars ($1,000) toward their counsel fees within ten (10) days of signing this Stipulation;

3.   All parties to this Stipulation have been represented by counsel and have agreed to the execution of this document after being advised by counsel.  The persons signing this Stipulation have authority to bind their respective clients; and facsimile and in counterparts.

A281

We hereby agree to this Stipulation and the terms contained herein:

ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., SCOTT l. BACH, KAARE A. JOHNSON, VINCENT FURIO, STEVEN YAGIELO AND BOB'S LITTLE SPORTS SHOP, PLAINTIFFS

BY:                                                    Dated:


  /s/ Daniel L. Schmutter                              January 14, 2011
Daniel L. Schmutter, Esq.
Farer Fersko, A Professional Assoc.
600 South Avenue
P.O. Box 580
Westfield, NJ 07091-0580
(908) 789-8550
Attorneys for Plaintiffs

LITTLE EGG HARBOR TOWNSHIP,
DEFENDANT

BY:


  /s/ Michael J Gilmore                                January 7, 2011
Michael J. Gilmore, Esq.
Gilmore & Monahan, P.A.
10 Allen Street
P.O. Box 1540
Toms River, NJ  08754
(732) 240-6000
Attorney for Defendant


SO ORDERED:

PAULA T. DOW
Attorney General of New Jersey
R. J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for the Governor of the State of New Jersey, the Attorney
     General of the State of New Jersey, and the Superintendent of
     the New Jersey Division of State Police, Defendants

By:  Gregory A. Spellmeyer
     Deputy Attorney General
     (609) 984-9504
     Gregory.Spellmeyer@dol.lps.state.nj.us

---

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation, : : : : : : : | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiffs, : | VICINAGE OF TRENTON |
| : | |
| v. : | Honorable Joel A. Pisano, U.S.D.J. |
| CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-563; : : : : : : : : : | CIVIL ACTION No. 10-cv-271-JAP-TJB |
| : | DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS |
| Defendants. : | |

---

Defendants the Governor of the State of New Jersey, the Attorney General of the State of New Jersey, and the Superintendent of the New Jersey Division of State Police, by and through their attorney, Paula T. Dow, Attorney General of New Jersey, Gregory A. Spellmeyer, Deputy Attorney General, appearing, submit the

A283

following response to plaintiffs' statement of material facts pursuant to <u>L.Civ.R.</u> 56.1(a).

1.   This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, to the extent that New Jersey's general handgun permitting schemes may be material, New Jersey law and regulations speak for themselves.

2.   This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, to the extent that New Jersey's general handgun permitting process may be material, New Jersey law and regulations speak for themselves. Defendants also assert that the remainder of the paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

3.   This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, to the extent that New Jersey's general handgun permitting process may be material, New Jersey law and regulations speak for themselves.

-2-

A284

Defendants also assert that the remainder of the paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

4.  This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, to the extent that New Jersey's general handgun permitting process may be material, New Jersey law and regulations speak for themselves.

5.  This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, to the extent that New Jersey's general handgun permitting process may be material, New Jersey law and regulations speak for themselves.

6.  Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact.

7.  This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants object to the characterization of the Executive Order 145 which speaks for itself.

A285

8.  This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5.

9.  New Jersey law and regulations speak for themselves.

10. This paragraph's reference to the Superintendent's designee on the Task Force is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5.  Without waiving this objection, New Jersey law and regulations speak for themselves.

11. New Jersey law and regulations speak for themselves.

12. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

13. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

14. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

-4-

A286

15. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

16. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

17. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

18. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact.

19. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

-5-

A287

20. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9. Without waiving these objections, New Jersey law and regulations speak for themselves.

21. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

22. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Without waiving this objection, New Jersey law and regulations speak for themselves.

23. Defendants object to this paragraph to the extent that it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u>

-6-

A288

Declaration of Gregory A. Spellmeyer, ¶9.  Defendants object to this paragraph to the extent that it seeks to incorporate by reference purported facts rather than include them in the Statement of Material Facts in accordance with L. Civ. R. 56.1(a).

24.  Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See Declaration of Gregory A. Spellmeyer, ¶9.

25.  Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See Declaration of Gregory A. Spellmeyer, ¶9.

26.  Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See Declaration of Gregory A. Spellmeyer, ¶9.

A289

27.  Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.  Without waiving these objections, New Jersey law and regulations speak for themselves.

28.  Defendants dispute that Exhibit A to the Supplemental Bach Certification is the most recently promulgated S.P. form 015, Application for Multiple Handgun Purchase Exemption.  Also, New Jersey law and regulations speak for themselves.

29.  New Jersey law and regulations speak for themselves.

30.  New Jersey law and regulations speak for themselves.

31.  New Jersey law and regulations speak for themselves. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

32.  Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  <u>See</u>

–8–

A290

Declaration of Gregory A. Spellmeyer, ¶9.   Without waiving these objections, New Jersey law and regulations speak for themselves.

33. Defendants object to this paragraph because it presents a hypothetical scenario and legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

34. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

35. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.   Without waiving these objections, New Jersey law and regulations speak for themselves.

36. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition

–9–

A291

are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

37. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Without waiving this objection, New Jersey law and regulations speak for themselves.

38. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9. Without waiving this objection, to the extent that New Jersey's general handgun permitting process may be material, New Jersey law and regulations speak for themselves.

39. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

-10-

A292

40. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5.

41. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5.

42. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5.

43. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5.

44. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

A293

45. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

46. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

47. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

A294

48. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

49. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5.

50. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

51. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert

A295

that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

52. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

```
                              PAULA T. DOW
                              ATTORNEY GENERAL OF NEW JERSEY


Dated: April 5, 2011          BY:   /s/ Gregory A. Spellmeyer
                                    Gregory A. Spellmeyer
                                    Deputy Attorney General
```

A296

PAULA T. DOW
Attorney General of New Jersey
R. J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for the Governor of the State of New Jersey, the Attorney
     General of the State of New Jersey, and the Superintendent of
     the New Jersey Division of State Police, Defendants

By:  Gregory A. Spellmeyer
     Deputy Attorney General
     (609) 984-9504
     Gregory.Spellmeyer@dol.lps.state.nj.us

_____

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation, | : UNITED STATES DISTRICT : COURT FOR THE DISTRICT :    OF NEW JERSEY : :    VICINAGE OF TRENTON : |
|     Plaintiffs, | :    Honorable Joel A. |
| | :     Pisano, U.S.D.J. |
| v. | : |
| CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-563; | : : CIVIL ACTION No. 10-cv- :    271-JAP-TJB : : DECLARATION OF GREGORY A. : SPELLMEYER : : : |
|     Defendants. | : |

_____

     I, Gregory A. Spellmeyer, declare as follows:

1.    I am a Deputy Attorney General employed by the Division of Law

     within the New Jersey Department of Law and Public Safety.

2.    I am assigned to represent defendants the Governor of the

     State of New Jersey, the Attorney General of the State of New

A297

Jersey, and the Superintendent of the New Jersey Division of State Police in the above-captioned matter.

3.   I make this declaration in support of these defendants' opposition to plaintiffs' motion for summary judgment and in particular in support of these defendants' response to plaintiffs' statement of undisputed material facts.

4.   In counts three and four, plaintiffs allege that, prior to April 6, 2010, there was no procedure in place by which an individual could apply for one or more of the exemptions to New Jersey's One Handgun Per Month Law so that the Superintendent could grant any of the exemptions and he/she could purchase multiple handguns within a thirty (30) day period.  <u>See</u> Docket Entry #59, Second Amended Complaint ¶ 45. <u>See</u> <u>also</u> Docket Entry #59, Second Amended Complaint ¶¶ 39,41,43,70,71,74.

5.   Plaintiffs allege that, as to those plaintiffs who would qualify for one or more exemptions and therefore be entitled under the One Handgun Per Month Law to purchase multiple handguns within a thirty (30) day period, the lack of a procedure deprived them of liberty and/or property without due process of law in violation of the Fourteenth Amendment.  <u>See</u> Docket Entry #59, Second Amended Complaint ¶¶ 46,47.

-2-

A298

6.   Plaintiffs' allegation presents an issue of law subject to judicial disposition on its pleading as to whether it states a claim upon which relief can be granted.

7.   For purposes of these defendants' motion to dismiss plaintiffs' second amended complaint pursuant to <u>Fed. R. Civ. P.</u> 12(b)(6) only, defendants must accept the allegations within plaintiffs' complaint as true.

8.   For purposes of plaintiffs' motion for summary judgment, these defendants do not accept the allegations within plaintiffs' complaint or their supporting brief as true.

9.   Further as to plaintiffs' motion for summary judgment, these defendants dispute certain of plaintiffs' statement of material facts pursuant to <u>Fed. R. Civ. P.</u> 56(d) because facts are unavailable to these defendants at this time. No discovery has yet been undertaken.

```
                         PAULA T. DOW
                         ATTORNEY GENERAL OF NEW JERSEY


Dated: April 5, 2011     BY:   /s/ Gregory A. Spellmeyer
                               Gregory A. Spellmeyer
                               Deputy Attorney General
```

-3-

A299

**AFFIDAVIT OF SERVICE**

DOCKET NO. 12-1624

------------------------------------------------------------------------------X

Association New Jersey Rifle and Pistol Clubs

       vs.

Governor of the State of NJ

------------------------------------------------------------------------------X

      I, Elissa Matias , swear under the pain and penalty of perjury, that according to law and being over the age of 18, upon my oath depose and say that:

      on June 4, 2012

      I served the **Appendix Volume II** within in the above captioned matter upon:

Daniela Ivancikova, Esq.
Office of the Attorney General of New Jersey
Division of Law Employment Litigation Section
25 Market Street
PO Box 112
Trenton NJ 08625

Craig M. Pogosky, Esq.
Zisa & Hitscherich
77 Hudson Street
Hackensack NJ 07601

via **electronic filing and electronic service**, as well as, **Express Mail** by depositing **1** copy of same, enclosed in a post-paid, properly addressed wrapper, in an official depository maintained by United States Postal Service

Unless otherwise noted, copies have been sent to the court on the same date as above for filing via Express Mail.

**Sworn to before me on June 4, 2012**

**/s/ Robyn Cocho**

_____
Robyn Cocho
Notary Public State of New Jersey
No. 2193491
Commission Expires January 8, 2017

                /s/ Elissa Matias
                 Elissa Matias

                Job # 242195