# UNITED STATES COURT OF APPEALS
# THIRD CIRCUIT

**ZISA & HITSCHERICH**
77 HUDSON STREET
HACKENSACK, NJ 07601
(201) 342-1103
Attorneys for Movant/Appellee, City of Hackensack

_____

ASSOCIATION OF NEW JERSEY RIFLE
AND PISTOL CLUBS, INC., a New Jersey
Not for Profit Corporation;
SCOTT L. BACH; KAARE A. JOHNSON;                Case No. 12-1624
VINCENT FURIO, STEVEN YAGIELLO,
and BOB'S LITTLE SPORT SHOP, INC.,
a New Jersey Corporation                        **CERIFICATION OF COUNSEL**

    Plaintiffs,
 vs.

CHRISTOPHER J. CHRISTIE, Governor
of the State of New Jersey; PAULA T.
DOW, Attorney General of the State of
New Jersey; COLONEL RICK FUENTES,
Superintendent, Division of New Jersey
State Police; WASHINGTON TOWNSHIP          On Appeal from
(Morris County); CITY OF HACKENSACK;       CIVIL ACTION No.: 3:10-cv-271
LITTLE EGG HARBOR TOWNSHIP and             Sat Below: Hon. Joseph A. Pisano
XYZ MUNICIPALITIES 1-535,

    Defendants.
_____

I, CRAIG M. POGOSKY, ESQ., hereby certify as follows:

  1. I am an attorney at the law firm of ZISA & HITSCHERICH, ESQS, for the Appellee/Movant, City of Hackensack (hereinafter "Hackensack"), and as such, am fully familiar with the facts contained herein. I make this certification in support of motion to file an Appellee's appendix and to file documents therein under seal.

2. Appellant filed its appeal brief and appendix with this court on or about June 4, 2012. Prior thereto, all parties conferred regarding the contents of the Appendix. I requested inclusion of documents that had been submitted to the District Court by the undersigned as part of its papers in opposition to the Appellant's motion for summary judgment and in further support of our motion to dismiss the second amended complaint. *See* Docket Entry 81-1. Those documents were placed under seal by the Honorable Tonianne Bongiovanni as New Jersey regulatory law prevented disclosure of their contents. The documents include a certification of a police officer, Mart Kobin, (hereinafter "Kobin Certification), which referenced applications for handgun purchase permits of one of the appellants and attachments which were copies of said applications for same, and the results thereof.

3. Counsel for Appellant declined to include the sealed documents and indicated that if the undersigned wished to rely upon the Certification and attachments, in this appeal, the undersigned would need to file its own appendix containing the same and make the appropriate motion to do so.

4. The Appendix does not include the Kobin Certification with attached Exhibits, which Hackensack respectfully submits are essential for a thorough review of the proceedings below and the District Court's February 2, 2012 Order.

5. The Kobin Certification and the Exhibits thereto were presented to the District Court and were therefore part of the record considered by that Court in reaching its decision to dismiss the second Amended Complaint.

6. Although the Kobin Certification and the Exhibits thereto are automatically part of the record on appeal, Hackensack respectfully submits that these

documents should be included in a Supplemental Appendix because they refer to and include images of documents that will be easier for the Court to view in hard-copy form.

7. The Kobin Certification and the exhibits attached thereto, inter alia, were submitted in opposition to the allegations, contained in the second amended complaint and motion for summery judgment, that Hackensack is not complying with New Jersey regulations by accepting and issuing multiple permits to purchase firearms. The information contained therein is relevant to this Appellee's compliance with the law and the points raised in the Appeal brief and should be considered by the court in this appeal.

8. These materials are essential for the Court's review of the case below, and are referenced in Hackensack's Brief. Including them as part of the Appendix in this matter will provide the Court ready access to them without having to resort to the record below. As such, the Kobin Certification and attached exhibits are properly included as part of the Appendix. See Fed. R. App. P. Rule 30(a)(1)(D); and 3d Cir. L.A.R. 30.3(a).

9. Hackensack therefore respectfully requests that it be permitted to supplement the Appendix to include the Kobin Certification and Exhibits thereto, as the "Supplemental Appendix."

10. Granting such leave will permit the Court to fully address the issues and to assist the Court in the ultimate resolution of this matter on appeal. Hackensack's request is reasonable, will not unduly delay this action or prejudice the parties.

I certify that the foregoing information is true and if willfully false, I am subject to punishment.

**ZISA & HITSCHERICH, ESQS.**
Attorneys for Appellee, City of Hackensack

/s Craig M. Pogosky

_____
BY: CRAIG M. POGOSKY, ESQ. (5849)

Dated: July 19, 2012