**ZISA & HITSCHERICH**
77 HUDSON STREET
HACKENSACK, NJ 07601
(201) 342-1103
Attorneys for Movant/Appellee, City of Hackensack

_____

ASSOCIATION OF NEW JERSEY RIFLE
AND PISTOL CLUBS, INC., a New Jersey
Jersey Not for Profit Corporation;
SCOTT L. BACH; KAARE A. JOHNSON
VINCENT FURIO; STEVEN YAGIELLO
and BOB'S LITTLE SPORT SHOP, INC.,
a New Jersey Corporation,

      Appellant,

v.

CHRISTOPHER J. CHRISTIE, Governor
of the State of New Jersey; PAULA T.
DOW, Attorney General of the State of
New Jersey; COLONEL RICK FUENTES,
Superintendent, Division of New Jersey
State Police; WASHINGTON TOWNSHIP
(Morris County); CITY OF HACKENSACK;
LITTLE EGG HARBOR TOWNSHIP and
XYZ MUNICIPALITIES 1-535,

      Appellee.

Case No. 12-1624

On Appeal from
Civil Action No.: 3:10-cv-271(JAP)
Sat Below: Honorable Joel A. Picaro, USDJ

_____

_____

**LETTER BRIEF IN SUPPORT OF MOTION TO FILE SUPPLEMENTAL APPENDIX UNDER SEAL**
_____

On the Brief:
Craig M. Pogosky, Esq.

Statement of Facts & Procedural History

Appellants, Association of New Jersey Rifle and Pistol Clubs, Inc., Scott L. Bach, Kaare A. Johnson and Bob's Little Sport Shop's, filed an amended complaint on or about January 17, 2010. The complaint did not originally name the City of Hackensack (hereinafter "Hackensack") as a party. On February 3, 2010, the Appellant filed a Motion for a Preliminary Injunction seeking to enjoin the restricting of permits issued for the purchase, sale or transfer of handguns within a thirty day period, the number of permits that may be applied for and received at one time.

Additional Appellants were added to the case, including Vincent Furio, a Hackensack resident. A Second Amended Complaint was filed which named Hackensack as a Defendant. The Amended Complaint alleged violations by Hackensack of N.J.A.C. 13:54-1.4(h) and sought a preliminary and permanent injunction enjoining it from restricting the number of handgun purchase permits an applicant may apply for at one time and the number of handgun purchase permits a licensing authority may issue at one time and declaratory relief, declaring Hackensack's actions were violative of N.J.A.C. 13:54-1.4(h). Appellants asked the court to enjoin Appellees from restricting the number of permits an applicant may apply for and restricting the number of permits a licensing authority will issue at one time, and award reasonable

attorneys fees and costs. Appellants alleged that a certain applicant applied for multiple handgun purchase permits at the Hackensack Police Department and was informed that the Department had conflicting information from the State Police regarding the issuance of more that one permit per month and that it would not issue more than one per month and that it would not issue more than one permit per month until it received direction from that State Police.

Appellants filed a motion for summary judgment wherein it alleged that one of the applicants was subsequently deterred from applying for multiple permits. Hackensack filed its brief and certification in opposition to Appellants' motion for summary judgment and in further support of its motion to dismiss the second amended complaint on or about April 12, 2011. (Docket Entry 81). The certification filed therewith in support of Hackensack's papers described applications for handgun purchase permits of the allegedly aggrieved applicant and annexed copies of the same. When filed electronically with the court, a request was made to maintain said documents under seal. A motion to seal the same was then filed with this court [Docket Entry 82]. Magistrate Bongiovanni issued a temporary seal order, considered all papers and issued an order sealing the documents. (Docket Entry 94).

In preparing the Appendix for this appeal, counsel for Appellant indicated that if the undersigned wished to rely upon the affidavit and attachments that were the subject of the order, in this appeal, the undersigned would need to file its own appendix containing the same and make the appropriate motion to do so.

The affidavit speaks directly to the subject of the motion for summary judgment of the Appellant and should be considered by this court in the pending appeal. Because the document was placed under seal by the District Court, the undersigned seeks to submit same in its Supplemental Appendix in the same manner.

ARGUMENT

While our courts have recognized a right of access to judicial proceedings and records, the public's right of access to judicial records is "not absolute" and must be weighed against a litigant's interest in secrecy. Lecaudia, Inc. v. Applied Extrusion Technologies., Inc., 998 F.2d 157, 164, 165 (3d Cir. 1993); In re Cendant Corp., 260 F.3d 183, 192, 194 (3d Cir. 2001). A party seeking to restrict the right of access to records must demonstrate that the material contains the type of information that courts will protect and that there is good cause for continued application of an existing order. Publicker Industries, Inc. v. Cohen, 733 F.2d. 1059, 1070-71 (3d. Cir. 1984).

Local Civil Rule 5.3 "govern[s] any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court." L. Civ. R. 5.3(a)(1). Before restricting public access to judicial documents, the court must look at:
(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available. L.Civ.R.5.3 (c)(2).

The materials sought to be kept confidential are applications for handgun purchase permits including their disposition, the certification to which they were attached in opposition to summary judgment which referenced the materials.

N.J.A.C. 13:54-1.15 provides in pertinent part as follows:

> …Any application for a permit, firearms identification card, or license, and any document reflecting the issuance or denial of such permit, firearms identification card, or license, and any permit, firearms identification card, license, certification, certificate, form of register, or registration statement, maintained by any State or municipal governmental agency, is not a public record and shall not be disclosed to any person not authorized by law or this chapter to have access to such documentation, including the applicant, except on the request of persons acting in their governmental capacities for purposes of the administration of justice.

There is a legitimate public interest justifying the relief sought in the present application. Those interests include maintaining the confidentiality of personal information in an applicant's application. Additionally, as the Superintendent of the State Police indicated in his summary of the proposed amendments to N.J.A.C. 13:54-1.15, which includes handgun purchaser permits and firearms purchaser identification cards as documents to be maintained as confidential,

> The proposed amendment will serve to protect the privacy of persons who obtain firearms by virtue of licenses, firearms identification cards, permits and registrations. Their names and addresses will not be subject to public disclosure absent legitimate need or legal requirement. More importantly, however, exempting permits, licenses, firearms identification cards and registrations from being

6

classified as public records will deny the criminal elements of our society the opportunity of obtaining "shopping lists" of names and addresses of persons who own firearms. As a result, these persons will not be targets for burglaries or thefts. In 1991 and 1992, the total number of firearms reported stolen in this State was approximately 2,800. Should the names and addresses of persons who obtain permits, licenses, firearms identification cards and registrations now be made public, that number could dramatically increase. The dangers inherent in such publication are not only applicable to those who may be victimized by burglaries and/or thefts, but are equally shared by the members of the public at large, who could also be victimized by persons who illegally obtain firearms from their rightful owners. [24 N.J.R. 3022]

The Superintendent further noted that "[t]his amendment reaffirms the long standing policy of the State Police and municipal police departments that such documents are not public records." Id.

The movant herein has a legitimate interest in having the documents sealed. The movant does not wish to run afoul of the regulations, which apply to it. Without a seal order, Hackensack, its officers, and the undersigned could be in violation of the law regarding the dissemination of such information as is regulated by the aforementioned provision of the code.

Less restrictive alternatives are not available to this party. The regulation does not permit the defendant to publish selected portions of the documents. The certification and

attachments relate solely or extensively to an individual applicant. Redaction would be impracticable.

No member of the public or news media, interested person, or party herein filed an objection to the motion to seal as permitted by L. Civ. R. 5.3 (c)(4) in the lower court. The motion was unopposed by the public in the lower court, so no public purpose or interest was advanced for access to the documents that were ultimately sealed.

## CONCLUSION

Good cause exists to maintain the confidential documents under seal in the within matter. The documents are not public. Further there is no asserted public interest in the within matter to make the same public, and the Appellant would violate the administrative regulation by publishing the documents. For the foregoing reasons, the undersigned requests that the court accept the documents under seal and permit an appendix by Hackensack.

                                    Respectfully submitted,

                                    /s Craig M. Pogosky

                                    CRAIG M. POGOSKY, ESQ. (5849)