# UNITED STATES COURT OF APPEALS
## *for the*
## THIRD CIRCUIT

Case No. 12-1624

ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC.,
a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE
A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S
LITTLE SPORT SHOP, INC., a New Jersey Corporation,

*Appellants,*

**v.**

CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey;
PAULA T. DOW, Attorney General of the State of New Jersey;
COLONEL RICK FUENTES, Superintendent, Division of New
Jersey State Police; WASHINGTON TOWNSHIP (Morris County);
CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP
and XYZ MUNICIPALITIES 1-535,

*Appellee.*

ON APPEAL FROM ORDERS ENTERED IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW JERSEY SITTING
IN TRENTON, NEW JERSEY
CIVIL ACTION NO. 3:10-CV-00271 (JAP)

## BRIEF ON BEHALF OF APPELLEE,
## CITY OF HACKENSACK

ZISA & HITSCHERICH
*Attorneys for Appellee,*
*City of Hackensack*
77 Hudson Street
Hackensack, NJ 07601
201-342-1103
cpogosky@zisa-law.com

*On the Brief:*
  CRAIG M. POGOSKY, ESQ.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.......................................iii

COUNTERSTATEMENT OF THE ISSUES............................ 1

COUNTER-STATEMENT OF THE CASE AND FACTS................... 2

STATEMENT OF RELATED CASES AND PROCEEDINGS................ 7

STATEMENT OF THE STANDARD OF REVIEW....................... 7

SUMMARY OF ARGUMENT....................................... 8

ARGUMENT.................................................. 9

    The District Court did not abuse its discretion in
declining to exercise supplemental jurisdiction to
retain an action in Federal Court solely against
Hackensack where only state claims were alleged......... 9

    Plaintiff's Motion should have been denied as the
Court had no subject matter jurisdiction to hear the
matter as there is no standing in the absence of any
injury caused by this Defendant........................14

    Should the Court find that there is standing, the
District Court was correct in dismissing the claims
against Hackensack as Appellant failed to state a
cause of action against Hackensack.....................17

    The claims against the City are moot...................17

    If the court determines that the Court abused its
discretion in failing to exercise supplemental
jurisdiction over Hackensack, plaintiffs' motion
should nevertheless have been denied and the matter
dismissed as Hackensack is entitled to the protections
afforded by Pennhurst State School & Hospital v.
Halderman, 465 U.S. 89 (1983)..........................19

CONCLUSION...............................................21

**Cases**

Aldinger v. Howard, 427 U.S. 1, 96 S.Ct. 2413,
    49 L.Ed.2d 276 (1976). . . . . . . . . . . . . . . .11, 12

Ambromovage v. United Mine Workers of America,
    726 F.2d 972 (3d Cir.1984). . . . . . . . . . . . . .  9

Board of Trustees of the University of Alabama
    v. Garrett, 531 U.S. 356 (2001). . . . . . . . . . . 19

Carlsbad Tech., Inc. v. HIF Bio, Inc.,
    556 U.S. 635 (2009). . . . . . . . . . . . . . . . . 11

Employer's Ass'n of New Jersey v. New Jersey,
    601 F.Supp. 232 (D.N.J.2003), aff'd 774
    F.2d 1151 (3d Cir.1985). . . . . . . . . . . . . . . 15

Figueroa v. Buccaneer Hotel, Inc., 188 F.3d.
    172 (3d. Cir. 1999). . . . . . . . . . . . . . . . .7, 12

Laird v. Tatum, 408 U.S. 1, 92 S.Ct. 2318,
    33 L.Ed.2d 154 (1972). . . . . . . . . . . . . . . . 15

Lujan v. Defenders of Wildlife, 504 U.S. 555
    (1992). . . . . . . . . . . . . . . . . . . . . . . 15

Osborn v. Haley, 549 U.S. 225, 127
    S.Ct. 881 (2007) . . . . . . . . . . . . . . . . . . 11

Pennhurst State School & Hospital v. Halderman,
    465 U.S. 89 (1983) . . . . . . . . . . . . . . . . . 19

Praxis Properties, Inc. v. Colonial Savings Bank,
    S.L.A., 947 F.2d 49 (3d Cir. 1991) . . . . . . . . . 17

Presbytery of New Jersey of Orthodox Presbyterian
    Church v. Florio, 40 F.3d 1454; rehearing and
    rehearing denied; on remand 902 F. Supp. 492;
    affirmed Presbytery of New Jersey of Orthodox
    Presbyterian Church v. Whitman, 99 F. 3d 107,
    certification denied 117 S. Ct. 1334 . . . . . . . . 14, 15

Rivera v. Wyeth-Ayerst, 283 F.3d 315,

(5th Cir. 2002). . . . . . . . . . . . . . . . . . .   15

Shaffer v. Bd. Of Sch. Dirs. Of Albert Gallatin Area   8, 11
    Sch. Dist., 730 F.2d 910 (3d. Cir.1984) . . . . . .   12

Unalachtigo Band of the Nanticoke Lenni Lenape Nation
    v. Corzine, 606 F.3d 126 (3d. Cir. 2010). . . . . .   17

United Mine Workers of America v. Gibbs,
    383 U.S. 715, 86 S.Ct. 1130,                          9, 10
    16 L.Ed.2d 218 (1966) . . . . . . . . . . . . . . .   11

Weaver v. Marine Bank, 683 F.2d 744
    (3d Cir.1982). . . . . . . . . . . . . . . . . . . .   11

Whitmore v. Arkansas, 495 U.S. 149, 110 S.Ct. 1717,
    109 L.Ed.2d. 135 (1990) . . . . . . . . . . . . . .   15

**Statutes**

28 U.S.C. § 1367 . . . . . . . . . . . . . . . . . .   10,11,
                                                        13

28 U.S.C. § 1367(c) . . . . . . . . . . . . . . . .   10, 11

42 U.S.C § 1988. . . . . . . . . . . . . . . . . . .   3

N.J.S.A 2C:58-2 . . . . . . . . . . . . . . . . . .   1

N.J.S.A 2C:58-3 . . . . . . . . . . . . . . . . . .   1

N.J.S.A. 10:6-2(f) . . . . . . . . . . . . . . . . .   3

2009 N.J. Laws c. 168  . . . . . . . . . . . . . . .   3, 4

2009 N.J. Laws c. 186  . . . . . . . . . . . . . . .   3, 4

**Regulations**

N.J.A.C. 13:54-1.4(h). . . . . . . . . . . . . . . .   2, 5,
                                                        13, 16,
                                                        18

N.J.A.C. 13:54-1.12(a) . . . . . . . . . . . . . . .   13

**Rules**

Fed. R. Civ.P. 12(b) (1). . . . . . . . . . . . . . . .   2

Fed. R. Civ.P. 12(b) (6). . . . . . . . . . . . . . . .   2

**COUNTER-STATEMENT OF THE ISSUES**

Whether the District Court abused its discretion by refusing to exercise supplemental jurisdiction of solely state law claims against the City of Hackensack.

Whether the claims against Hackensack in the Second Amended Complaint should be dismissed for failure to state a claim and/or for lack of jurisdiction in the event federal claims are reinstated against the State Defendants.

**COUNTER-STATEMENT OF THE CASE AND FACTS**

Plaintiffs, Association of New Jersey Rifle and Pistol Clubs, Inc., Scott L. Bach, Kaare A. Johnson and Bob's Little Sport Shop's (collectively referred to as "Plaintiffs" or "Appellants"), filed a complaint on or about January 17, 2010. (A50) The original complaint did not name the City of Hackensack as a party. The complaint sought inter alia, declaratory and injunctive relief against Defendants, Governor of the State of New Jersey, the Attorney General of the State of New Jersey and the Superintendent of the New Jersey Division of the State Police (collectively the "State Defendants"), and asserted <u>inter alia</u>, amendments to N.J.S. 2C:58-2 and N.J.S. 2C:58-3 (commonly referred to as the One

Gun Law"), signed into law by the Governor on January 12, 2010, were unlawful, that they were federally preempted, and were violated rights under the U.S. and New Jersey Constitutions and New Jersey Administrative Code. On February 3, 2010, the plaintiffs filed a Motion for a Preliminary Injunction seeking to enjoin the restricting of permits issued for the purchase, sale or transfer of handguns within a thirty day period, the number of permits that may be applied for and received at one time and other relief. (A72)

On or about February 27, 2010, the State Defendants filed a Motion to Dismiss the complaint pursuant to Fed. R. Civ.P. 12(b)(1) and 12(b)(6).

On or about March 10, 2010, Plaintiffs filed an Amended Complaint naming the City of Hackensack ("Hackensack" or "City") as a Defendant. The Amended Complaint referred to the City of Hackensack in Counts 7 & 8 only. (A123). These counts alleged Hackensack violated N.J.A.C. 13:54-1.4(h), which allows applicants to apply for more than one firearm permit per application. Count 7 sought a preliminary and permanent injunction enjoining the City from restricting the number of handgun purchase permits an applicant may apply for at one time and the number of handgun purchase permits a licensing authority may issue at one time (Count 7, ¶ 95). Count 8 sought declaratory relief, declaring that the City's actions

violated N.J.A.C. 13:54-1.4(h). Plaintiffs again asked the court to enjoin defendants from restricting the number of permits an applicant may apply for and restricting the number of permits a licensing authority will issue at one time (Count 7, ¶ 97), and award reasonable attorneys fees and costs pursuant to 42 U.S.C § 1988 and N.J.S.A. 10:6-2(f). Specifically, plaintiffs alleged that on February 23, 2010, plaintiff Furio applied for three handgun purchase permits at the Hackensack Police Department (¶ 81) He was allegedly informed that the Department had conflicting information from the State Police regarding the issuance of more than one permit per month and that it would not issue more than one permit per month until it received direction from that State Police. (¶ 83-84).

On or about April 16, 2010, the City of Hackensack filed a motion to dismiss the Complaint and opposed the Plaintiff's motion for injunctive relief. (A173) On April 16, 2010, the Attorney General's office advised the court (DDE #32) that on April 6, 2010, the New Jersey Division of State Police ("State Police") had promulgated forms by which applicants could apply for exemptions from 2009 N.J. Laws c. 168 (approved January 3, 2010) and c. 186 (approved January 12, 2010) and that the State Police had sent to all municipalities having a Chief of

Police, a letter dated March 30, 2010, advising, in part, as follows:

> Please note, regardless of an applicant's submission or declination of submission for exemption to the recently enacted legislation, your agency is not authorized to, and cannot limit the number of permits to Purchase a Handgun to an applicant. Those applicants issued multiple permits without exemption are required to comply with the current law, more specifically the purchase of no more than one handgun in a thirty day period. (DDE# 32-1)

On or about May 17, 2010, the Attorney General's office apprised the court (DDE# 44) that on April 28, 2010, Legislative Counsel of the Office of Legislative Services proposed a harmonization of conflicting amendments, as there were clashes between 2009 N.J. Laws c. 168 and 186 and no formal codification had theretofore been achieved.

The Court heard oral argument on all the above referenced motions on May 25, 2010, and issued its opinion on June 14, 2010. (A1) The court refused to issue a preliminary injunction against the City, as Plaintiffs failed to show irreparable harm. [A9] The Court reserved decision with regard to the Defendants' motions to dismiss, but noted that some of the issues might be moot. The Court noted that this case was one that was continuing to develop during the litigation, and requested additional briefs. (A10, p.10) However, shortly thereafter, plaintiff sought to amend the complaint again and in light of the same, and with consent to

the amendment, the pending motions were dismissed. (DDE 54, A28, A198). A second amended complaint was filed on or about October 1, 2010. (A200) The complaint failed to assert a federal violation against Hackensack. The allegations remained the same against this defendant, but were now contained in Counts Five and Six rather than Seven and Eight as before.

Pursuant to an order permitting the same, Hackensack filed a motion to dismiss the Second Amended Complaint for lack of jurisdiction and failure to state a claim on January 21, 2011. Plaintiffs filed opposition to same on or about March 11, 2011, and moved for summary judgment, alleging that the City violated Plaintiffs' rights, in violation of N.J.A.C. 13:54-1.4(h), by not allowing Plaintiff Furio to apply for multiple purchase permits simultaneously. (A224, ¶ 104) Plaintiffs' new allegation was that Plaintiff Furio had returned to Hackensack to apply for multiple permits and saw a sign that indicated, and he was told he could only apply for one permit per month. [A252] Notwithstanding, he admits that his application for multiple permits was accepted. Id. The City filed an affidavit of one of its police personnel, Mart Kobin, under seal, (due to the nature of its content and the supporting applications annexed thereto) [Hackensack Appendix, p.1, DDE 81-1]. That document indicated that Furio applied

for multiple permits on the alleged date, and on several occasions prior thereto, all of which were accepted in the form presented.

From the filing of the original complaint by Plaintiffs, until the filing of Hackensack's motion to dismiss the second amended complaint, plaintiff Furio had applied to Hackensack at least three more times for multiple permits, commencing March 23, 2010. On two occasions he was approved for all permits requested, and received his multiple handgun permits. The third application, made on or about February 15, 2011, also for multiple permits, was still pending at the time of the filing of the motions on the second amended complaint. (Hackensack Appendix, p.1) Plaintiff Furio alleged that in February 2011, he was advised by a clerk that he could not apply for more than one (1) permit. However, as he admits, he was able to apply for multiple permits at that time, as he did on the prior two occasions.(A252,¶8) Contrary to plaintiffs' assertion, the City is following the Superintendent's guidance, issued after the filing of the original motion for injunctive relief and accepting applications for multiple permits and issuing the same. Each application, prepared and completed by plaintiff, Furio, as well as of others, indicates the number of requested permits.(Hackensack Appendix, p.1, DDE 81-1) Annexed to Mart Kobin's certification in opposition to

the motion for summary judgment were copies of Furio's applications reflecting the number of permits requested. <u>Id.</u> This certification was filed under seal given the nature of its content and the supporting applications annexed thereto. [DDE 81-1] At a minimum, material questions of fact existed.

Oral argument was held on October 24, 2011. In its opinion, the court concluded that as it had discretion to decline to exercise supplemental jurisdiction over solely state law claims, and that it was dismissing the federal claims, there was no justification for retaining jurisdiction over the remaining claims. It indicated the dispute with Hackensack was a local one, well outside the jurisdiction of the federal court (A24). Plaintiffs appeal this dismissal.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

City of Hackensack is unaware of any related cases or proceedings that are in any way related, completed, pending, or about to be presented to this or any other court or agency, state or federal. This case has not previously been before this court.

## STATEMENT OF THE STANDARD OF REVIEW

The standard of review of a District Court's decision not to exercise supplemental jurisdiction is abuse of discretion. See <u>Figueroa v. Buccaneer Hotel, Inc.,</u> 188 F.3d. 172, 175 (3d.

Cir. 1999), <u>Shaffer v. Bd. Of Sch. Dirs. Of Albert Gallatin</u>
<u>Area Sch. Dist.,</u> 730 F.2d.910 (3d. Cir.1984).


## SUMMARY OF ARGUMENT

The District Court appropriately declined to exercise
supplemental jurisdiction over claims against the City of
Hackensack, where it had dismissed all federal claims that
were the basis of its original jurisdiction. The issues were
clearly local in nature. No exceptional circumstances existed
to retain jurisdiction. Further, there was no injury suffered
by plaintiffs at the hands of Hackensack. It received all
applications for purchase permits submitted to it by
plaintiff, Furio, who has not suffered an actual injury in
fact. Accordingly, there was no basis to issue an injunction
(or grant summary judgment for that matter). The matter was
also moot when decided by the court, and so there was no case
or controversy. Finally, even if there were survivable
claims, the City would be entitled to a qualified immunity.
Accordingly, there are alternative grounds upon which the
matter should have been dismissed had the court not decided
the matter based upon supplemental jurisdiction, and upon
which this court should decline to reinstate the claims even
if claims are reinstated as to the State defendants.

**ARGUMENT**

The District Court did not abuse its discretion in declining to exercise supplemental jurisdiction to retain an action in Federal Court solely against Hackensack where only state claims were alleged.

As the District Court correctly observed, there were no viable federal claims against Hackensack. Because plaintiffs' claims against Hackensack were based on alleged violations of New Jersey state law, jurisdiction only existed if the court exercises its powers of pendent jurisdiction. Although plaintiffs alleged federal claims against the State defendants, these were also dismissed, such that there were no remaining cognizable federal claims. The court correctly declined to exercise pendent jurisdiction.

Pendent jurisdiction generally refers to a federal court's jurisdiction over the plaintiffs' nonfederal claims, as long as there is a federal claim which gives the court jurisdiction, Ambromovage v. United Mine Workers of America, 726 F.2d 972, 989 n. 48 (3d Cir.1984). A federal court may exercise its powers of pendent jurisdiction only if "[t]he state and federal claims ... derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The mere existence of the power of pendent jurisdiction does not,

however, mandate its use; district courts are given discretion when balancing the considerations of "judicial economy, convenience and fairness to litigants" in determining whether to invoke pendent jurisdiction. (See Gibbs, 383 U.S. at 726, noting that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right). A court must determine whether "the state issues substantially predominate," and thus have the matter dismissed, or if instead, "the state claim is so closely tied to questions of federal policy that the argument for the exercise of pendent jurisdiction is particularly strong." Id. at 726-727.

Under 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a claim which it had original jurisdiction "(1)if the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367.

While Federal courts may exercise supplemental jurisdiction with respect to specified state-law claims, their decision whether to exercise supplemental jurisdiction is

purely discretionary. See <u>Osborn v. Haley</u>, 549 U.S. 225, 245, 127 S.Ct. 881, (2007); <u>Carlsbad Tech., Inc. v. HIF Bio, Inc.</u>, 556 U.S. 635, 635-36 (2009) 28 U.S.C. § 1367. Federal courts do not need to exercise supplemental jurisdiction in every case in which it is found to exist. <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726, (1966).

District Courts have broad discretion in declining to exercise supplemental jurisdiction over remaining state law claims once the Court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c). However, jurisdiction over claims based on state law should be declined where the federal claims are no longer viable. <u>Shaffer v. Bd. Of Sch. Dirs. Of Albert Gallatin Area Sch. Dist.,</u> 730 F. 2d.910, 912 (3d. Cir. 1984). Strong policy exists in having state courts resolve state law issues. <u>Id</u>. This circuit has held that pendent jurisdiction should be declined where the federal claims are no longer viable, absent "extraordinary circumstances". <u>Id</u>., citing <u>Weaver v. Marine Bank</u>, 683 F.2d. 744, 746 (3d. Cir. 1982). The <u>Shaffer</u> court, citing <u>Weaver</u>, noted "that 'time already invested in litigating the state cause of action is an insufficient reason to sustain the exercise of pendent jurisdiction'". <u>Id.</u>

In <u>Aldinger v. Howard</u>, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the Supreme Court noted that while it's

not improper for courts to consider non-federal questions or claims which are connected with the federal claim upon which the parties were already in federal court, it was quite another thing to permit a non-federal claim in turn to be the basis for joining a party over whom no independent federal jurisdiction exists, simply because that claim derives from the "common nucleus of operative fact," giving rise to the dispute between the parties to the federal claim. Id. at 19.

This court should review the District Court's decision not to exercise supplemental jurisdiction for abuse of discretion. See Figueroa v. Buccaneer Hotel, Inc., 188 F.3d. 172, 175 (3d. Cir. 1999); Shaffer, supra at 913.

Appellant has cited no exceptional circumstances necessitating the exercise of supplemental jurisdiction. Here, there is no original jurisdiction as to Hackensack, which is a pendent party that plaintiff attempted to add to the suit. There were no pending federal claims against the City of Hackensack. A review of the second amended complaint, counts five and six, makes this clear. [A222-227]. Additionally, the Appellants implicitly concede in their argument that the court's decision was correct as Appellants assert no independent basis for reinstating the case against Hackensack in the absence of the reinstatement of the claims against the State defendants. They note, "Although the

District Court declined supplemental jurisdiction under 28 U.S.C. §1367 because all federal claims had been dismissed, upon reversal of the judgments below, on remand, this Court should order the District Court to reinstate Counts Five and Six which allege these State law claims." [App. Brief, p.25]

The District Court granted the State Defendants' motion to dismiss Plaintiffs' federal law claims on February 02, 2012. There were no surviving claims over which it had original jurisdiction. The Court declined to exercise supplemental jurisdiction over all remaining state law claims. The Court ruled that it had no "affirmative justification" for retaining supplemental jurisdiction over the state law claims against Hackensack, noting that the dispute is a local one which would be best resolved in a state forum. [A23-24]

The Court acted well within its discretionary authority when it declined to exercise supplemental jurisdiction. The claims against Hackensack are that it violated N.J.A.C. 13:54-1.4(h). While Hackensack denies the allegation, (see Kobin certification, Hackensack Appendix, p. 1), Nevertheless, N.J.A.C. 13:54-1.12(a) indicates that "Any person denied a firearms purchaser identification card or a permit to purchase a handgun may request a hearing in the Superior Court…." Clearly, the alleged remedy was with the Superior Court of New Jersey, and not the federal courts. The statutory scheme

suggests that jurisdiction to vindicate a denial of a right to the permit is with that court, not the federal courts.

The plaintiffs' main challenge is to the One Gun Law itself and its implementation. As the One Gun Law has only been enacted relatively recently, plaintiff's claims are novel as it appears no other state court has interpreted it. State courts are in the best position to interpret state law.

Plaintiff's Motion should have been denied as the court had no subject matter jurisdiction to hear the matter as there is no standing in the absence of any injury caused by this Defendant.

A litigant seeking the intervention of the Federal Court must demonstrated that he has (1) suffered an "injury in fact", which means "an invasion of a legally protected interest that is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical; (2) there is a causal relationship between the injury and challenged conduct; and (3) it must be likely that the injury will be redressed by a favorable decision, which means that prospect of obtaining relief from injury as a result of a favorable ruling is not too speculative. Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio, 40 F.3d 1454; rehearing and rehearing denied; on remand 902 F. Supp. 492;

affirmed _Presbytery of New Jersey of Orthodox Presbyterian Church v. Whitman_, 99 F. 3d. 107, certification denied 117 S. Ct. 1334. See also _Lujan v. Defenders of Wildlife_, 504 U.S. 555, 560-61 (1992). As part of its case or controversy requirement under Article III, parties are required to have suffered an injury or come into immediate danger of suffering an injury before.

The complainant must allege an injury to himself that is "distinct and palpable." _Whitmore v. Arkansas_, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). The injury must not be abstract or subjective. _Id._, see _Laird v. Tatum_, 408 U.S. 1, 13-14, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972). Allegations of a potential future injury, or the mere possibility of a future injury, will not establish probable cause. See _Whitmore_, 495 U.S. at 158; _Employer's Ass'n of New Jersey v. New Jersey_, 601 F.Supp. 232, 238 (D.N.J.2003), _aff'd_ 774 F.2d 1151 (3d Cir.1985). Similarly, a demand for damages, by itself, will not establish injury in fact. _See_ _Rivera v. Wyeth-Ayerst_, 283 F.3d 315, 320 (5th Cir. 2002).

The Plaintiff's allegations do not constitute an "injury in fact". Furio's alleged injury is hypothetical and conjectural. Plaintiff has not alleged any present injury. Plaintiff cannot seek a remedy for a harm that he has not actually or allegedly suffered.

Plaintiff Furio alleges that in February 2011, he was advised by a civilian clerk that he could not apply for more than one (1) permit, yet concedes that after he spoke with a Captain he was able to apply for multiple permits at that time. While Plaintiff tries to make much of this, these allegations are of no legal moment. Furio does not allege that Hackensack refused to accept an application for multiple permits on February 15, 2011; his pre-completed application was accepted and processed without change by the department.

Prior to this date, applications for multiple permits were accepted and granted on behalf of Furio and many others. His application for four (4) purchase permits was accepted by the police department on that date. Similarly, on September 28, 2010, his application for four (4) purchase permits was accepted and four (4) permits issued (see Affidavit of Mart Kobin). Plaintiff has not shown that this Defendant failed to comply with the language of N.J.A.C. 13:54-1.4(h), which states that applicants may apply for more than one (1) permit per application and that the number of permits requested shall be entered on the application. There was no injury to Plaintiff, Furio, on that date. Similarly, there is no indication that he was previously prevented from making application for multiple permits. Without harm to Furio, the only plaintiff who has made application to Hackensack, there

is no standing for this court to grant the requested relief and plaintiff's motion must fail. Further, the actions taken on Furio's recent applications, which were approved, were proper. No actual injury was suffered. As such, there is no basis for, much less need, for the broad prophylactic injunctive relief requested.

Should the Court find that there is standing, The District Court was correct in dismissing the claims against Hackensack as Appellant failed to state a cause of action against Hackensack.

The claims against the City are moot.

A case is ordinarily considered "moot" and hence non-justiciable if issues presented are no longer "live" or parties lack a legally cognizable interest in the outcome. Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A., 947 F.2d. 49 (3rd Cir. 1991). Article III extends federal court jurisdiction only to "cases" or "controversies," and federal courts have no power to proceed at all where it has no jurisdiction. See Unalachtigo Band of the Nanticoke Lenni Lenape Nation v. Corzine, 606 F.3d 126, 129 (3d. Cir. 2010). Nothing presented alters the conclusion that the matter is still moot.

Plaintiff sought prospective injunctive relief and declaratory judgment under state law. The claims are based on NJAC 13:54-1.4(h). A few months after the inception of this action, the State provided a detailed guidance letter to all municipalities advising that the One Gun Law does not restrict individuals from obtaining more than one permit in a 30-day period, and has promulgated forms for municipalities to rely upon in processing applications under the One Gun Law and it has specifically commented on how multiple applications should be handled. The time lapse between the initial few weeks following the effective date of the latest provisions afforded time for clarification and advice to the municipalities so that an injunction was warranted.

The District Court in correctly declining to issue a preliminary injunction against this defendant took note of the issuance of the guidance document by the State Police, and that new application forms had recently been promulgated during the infancy of the law. The court indicated that the matter appeared moot. (A10). The matter remains moot. Furio's applications over the past two years (as well as those of others), for multiple permits have been received, duly processed, and permits issued. There was proper compliance with the relevant regulations.

If the court determines that the Court abused its discretion in failing to exercise supplemental jurisdiction over Hackensack, plaintiffs' motion should nevertheless have been denied and the matter dismissed as Hackensack is entitled to the protections afforded by Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1983).

While it is the general rule that local governments are not afforded Eleventh Amendment immunity, Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001), the City is entitled to the same in this instance. In Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1983), the Supreme Court recognized an exception where there is a suit against officials of a local government entity, where the relief runs against the State. Pennhurst, supra, 465 U.S. at 124, n.34. Injunctive relief against local entities must be denied if it is clear that without the injunction against the state such an injunction would be "limited". Id. at 123. As the District Court did not enjoin the conduct of the State defendant, then an injunction against the City for similar conduct would be "limited". The local authority might be placed in the position of doing something the State would not do. As plaintiffs indicated in their complaint, the gun permitting process involves an interplay between local and

state officials that would require both to process permits in a similar fashion. Accordingly, Eleventh Amendment immunity should be afforded to the City. Under the circumstances, the City would not be liable for the alleged isolated actions of a member of the department.

## CONCLUSION

The District Court did not abuse its discretion in declining to exercise supplemental jurisdiction. It had dismissed all federal claims over which it had original jurisdiction, novel issues of State law existed, and no exceptional circumstances existed to exercise that jurisdiction, nor was there prejudice to plaintiffs. Nevertheless, there is no basis to reinstate the claims against Hackensack as plaintiffs' failed to prove that Hackensack caused any injury as it processed all the applications for multiple permits submitted to it. Furthermore, the court correctly noted that it appeared that the claims were moot, and it correctly exercised its discretion in denying any injunctive relief. Even if the court were to find a cognizable claim, the City is entitled to a qualified immunity and relief should not be granted against it.

/s/ Craig M. Pogosky
_____
Craig M. Pogosky, Esq. (5849)
Zisa & Hitscherich
77 Hudson Street
Hackensack, NJ 07601
(201) 342-1103
cpogosky@zisa-law.com

Dated: July 23, 2012

## CERTIFICATION OF BAR MEMBERSHIP

Pursuant to LAR 46.1(e), the undersigned hereby certifies that he is a member of the bar of this court.


/s/ Craig M. Pogosky
Craig M. Pogosky, Esq.

<u>CERTIFICATE OF COMPLIANCE WITH FRAP 32(a) AND LAR 31.1(c)</u>

This Brief has been prepared using twelve point, mono-spaced typeface, Courier New, created by Word 2003 and 2010.

This Brief complies with the type-volume limitations of the Federal Rules of Appellate Procedure and Local Appellate Rules because this exclusive of any corporate disclosure statement, table of contents, table of citations, statement with respect to oral argument, any addendum containing statutes, rules, or regulations, and the certificate of service, this Brief of Appellee, City of Hackensack contains Twenty-one (21) pages.

This Brief complies with the electronic filing requirements of Local Rule 31.1 (c) because the text is identical to the paper copies and Trend Micro Worry Free Business Security Agent v7.0/ AVG 2012 Anti-virus software has been run on the electronic version of this document and no viruses have been found.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.


<u>/s/ Craig M. Pogosky</u>
Craig M. Pogosky

## CERTIFICATE OF FILING AND SERVICE

I, Craig Pogosky, certify that on July 23, 2012, an electronic copy of the within Brief and Appendix was filed with the Clerk of the Court, court via electronic filing and service with the Third Circuit CM/ECF website and service upon counsel indicated below in accordance therewith, and upon the following attorneys with copies of said Brief and Appendix via pre-paid delivery by Federal Express as follows:

Daniel L. Schmutter, Esq.
GREENBAUM, ROWE, SMITH & DAVIS, LLP
P.O. Box 560
Woodbridge, New Jersey 07095-0988

Roshan Shah, Esq.
Office of the Attorney General of New Jersey
Division of Law
25 Market Street
PO Box 112
Trenton NJ 08625

Paper copies of the Brief and Appendix were sent to the court on the same date for filing via Federal Express.

I certify that the foregoing statements made by me are true and if willfully false, I am subject to punishment.

/s/ Craig M. Pogosky
Craig M. Pogosky

Dated: July 23, 2012