GREENBAUM, ROWE, SMITH & DAVIS LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
Attorneys for Appellants

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## No. 12-1624

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE ) <br> AND PISTOL CLUBS, INC., et al. ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> GOVERNOR OF THE STATE OF ) <br> NEW JERSEY, ET AL. ; ) | **APPELLANTS' RESPONSE TO STATE APPELLEES' MOTION FOR RECONSIDERATION OF ORDER STRIKING STATE APPELLEES' BRIEF AND SUPPLEMENTAL APPENDIX** |

Appellants, by way of response to the State Appellees' motion for reconsideration of the order of this Court striking the State Appellees' Brief and Supplemental Appendix state as follows:

1.      Appellants have conducted this appeal with the utmost cooperation and courtesy afforded to Appellees in this matter.  This has involved, among other things, providing numerous consents to the multiple extensions of time sought by the State Appellees, including, consenting to the State Appellees' original request to file their brief out of time.  Appellants did this with the understanding that it is up to the Court to determine whether such extensions should be granted.

2.	Notwithstanding having consented to the original motion to file out of time, Appellants suggest that the current circumstances demonstrate compelling reasons why the State Appellees' motion for reconsideration should not be granted.  In addition to being technically defective (no certification or sworn statement), the motion asserts that there was a mere one day delay when in fact the Court has generously given the State Appellees numerous extensions, affording them a total of nearly 120 days.  Moreover, the State Appellees essentially argue that they are at liberty to disregard the Court's rules and orders when a matter is important enough or requires internal "review at the highest levels."  Additionally, the State's position will in fact be represented on appeal based on Judge Pisano's detailed opinion in Appellees' favor.  Finally, the matter has already been calendared and granting this motion will further disrupt the schedule.


## ARGUMENT

3.	The motion fails to demonstrate any valid basis for reconsideration.  A motion for reconsideration is not merely a vehicle to obtain a second bite at the apple because a litigant is unhappy with a result.  "The purpose of such a motion is to correct a clear error of law or to prevent a manifest injustice in the . . . original ruling."  U.S. v. Dupree, 617 F.3d 724 (3d Cir. 2010), citing Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669 (3d Cir. 1999).  Motions for reconsideration are to be "granted for 'compelling reasons,' such as a change in the law which reveals that an earlier ruling was erroneous, not for addressing arguments that a party should have raised earlier."  Id. quoting Solis v. Current Dev. Corp., 557 F.3d 772, 780 (7th Cir. 2009). "Though '[m]otions to reconsider empower the court to change course when a mistake has been made, they do not empower litigants ... to raise their arguments, piece by piece.'" Id.

4.	First, as a technical matter, the State's motion is allegedly supported by the Certification of Robert Lougy.  However, the document filed by Mr. Lougy is not certified to or sworn to in any way.   Thus, the State Appellees ask the Court to grant them relief in reliance on facts not properly of record.

5.	Second, the State's position boils down to the argument that in important matters, the State may disregard this Court's rules and orders.  The State acknowledges that the last extension order provided that there would be no further extensions.  Yet, the State argues that it need not have complied with that order because this case involves a "matter of public concern." Thus, the State suggests that in matters of public concern, the State may make its own rules and choose which orders of the Court it will follow and which it will not.  Further, the State's failure to comply with this Court's order reveals that the matter is not of such great public concern as is claimed.

6.	Third, the State claims that this represents only "one business day delay."  In reality the State had nearly 120 days to file its brief (June 4 to September 28, 2012).  This is not a one day delay.  It is hard to imagine how the State could not have filed its brief timely given nearly four months to do so.

7.	Fourth, the reasons stated for failing to timely file do not justify filing out of time, much less nearly 120 days to prepare and file a brief.  The State argues that the case involved significant constitutional and policy issues, requiring "review at the highest levels."  However, they do not demonstrate why that would require even more that the nearly 120 days they were already given by the Court, especially when Appellants dealt with the very same issues, plus the additional issues involving Appellee City of Hackensack, within the original time allotted pursuant to the Court's April 25, 2012 Briefing and Scheduling Order.  This is especially true

since the issues in the case are not new, and the State Appellee's have been part of the case from the very beginning in the District Court.

8.      Fifth, the need for "review at the highest levels" necessitating exceeding the nearly 120 days they had to file was surely known to the State Appellees when they made each of their prior applications for extensions of time.  Yet, they never factored that into their applications for extensions of time and only raised the issue with the Court <u>after</u> they were already untimely.  Further, if they needed yet another extension, they were obligated to file such a motion <u>prior</u> to the deadline, not after.

9.      Sixth, the State argues that the State's position will be unrepresented in the case unless they are excused from the Court's order.  However, the State's position is fully articulated in the opinion of District Judge Joel Pisano below.  Since the State Appellees prevailed below, this Court has the full benefit of the reasoning provided by the District Judge.

10.     Seventh, this matter is already calendared.  Reinstatement of the State's brief threatens to further alter the schedule.  Appellants have a reply brief due (for which Appellants have requested a short extension of time -- Appellants' <u>first</u> such request).  If the State's brief is reinstated, that will necessitate an even further extension of time or perhaps even leave to file a second reply brief.

11.     The State Appellees have identified no clear error of law, no manifest injustice, and no compelling reasons for reconsideration.  The timely filing of their brief was entirely within their own control, especially since they identify the need for <u>internal review</u>, not some substantial external factor beyond their control, as the reason why they were untimely.

12.     As a final matter, the State also seeks to file a Supplemental Appendix, which was also untimely.  Appellants did <u>not</u> consent to the filing of the Supplemental Appendix and do not

now consent.  In addition to the reasons set forth above, the Court should deny the motion for reconsideration as to the proposed Supplemental Appendix because it seeks to introduce into the record material not part of the record below.  The proposed Supplemental Appendix consists of the Governor's Firearms Advisory Task Force Initial Report.  This document was available to the State Appellees below but was never introduced into the record.  It is not law and therefore is not subject to judicial notice.  They offer no reason why it is appropriate to introduce new material into the record other than that they wish to introduce new arguments on appeal not presented below.

13.    For the foregoing reasons, Appellants submit that State Appellees' motion for reconsideration should be denied.

Respectfully submitted,
GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Appellants

By   /s/ DANIEL L. SCHMUTTER
        Daniel L. Schmutter, Esq.

Dated:  October 18, 2012