# United States Court of Appeals

*for the*

# Third Circuit

Case No. 12-1624

ASSOCIATION NEW JERSEY RIFLE AND PISTOL CLUBS,
a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A.
JOHNSON; BOBS LITTLE SPORT SHOP, a New Jersey Corporation;
VINCENT FURIO; STEVEN YAGIELLO,

*Appellants,*

– v. –

GOVERNOR OF THE STATE OF NEW JERSEY; ATTORNEY GENERAL
NEW JERSEY; COLONEL RICK FUENTES, Superintendent, Division of New
Jersey State Police; WASHINGTON TOWNSHIP, (Morris County); XYZ
MUNICIPALITIES 1-565; CITY OF HACKENSACK; LITTLE EGG HARBOR
TOWNSHIP; XYZ MUNICIPALITIES 1-563

ON APPEAL FROM ORDERS ENTERED IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW JERSEY, TRENTON
AT NO. 3:10-CV-00271 (JAP)

## REPLY BRIEF ON BEHALF OF APPELLANTS

GREENBAUM, ROWE, SMITH & DAVIS, LLP
*Attorneys for Appellants*
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
dschmutter@greenbaumlaw.com

*On the Brief:*
  DANIEL L. SCHMUTTER, ESQ.

# TABLE OF CONTENTS

SUPPLEMENTAL STATEMENT OF PROCEDURAL HISTORY ...........................................1

PRELIMINARY STATEMENT.........................................................................................2

ARGUMENT .................................................................................................................3

I.      APPELLANTS DO NOT DISPUTE THE DISTRICT COURT'S DECISION
        TO DECLINE SUPPLEMENTAL JURISDICTION AFTER HAVING
        DISMISSED ALL FEDERAL LAW CLAIMS, AND THEREFORE THERE
        IS NO ISSUE REGARDING SUPPLEMENTAL JURISDICTION BEFORE
        THIS COURT TO REVIEW. ...................................................................................3

II.     THE CLAIMS AGAINST HACKENSACK ARE NOT MOOT AND
        APPELLANTS DO HAVE STANDING TO ASSERT SUCH CLAIMS, AS
        THE RECORD DEMONSTRATES THAT HACKENSACK CONTINUED
        TO VIOLATE STATE PERMITTING LAW AS TO OTHER MEMBERS OF
        APPELLANT ANJRPC EVEN AFTER ISSUING PERMITS TO
        APPELLANT FURIO ...........................................................................................6

III.    PENNHURST STATE SCHOOL & HOSPITAL V. HALDERMAN DOES NOT
        APPLY TO HACKENSACK. ..................................................................................9

CONCLUSION .............................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89 (1983) .......... 3, 8, 9

**Statutes**

15 U.S.C. §5001(g)(ii) ................................................................................5

28 U.S.C. §1367(c) ....................................................................................4

**Regulations**

N.J.A.C. 13:54-1.4(h) ................................................................................5

SUPPLEMENTAL STATEMENT OF PROCEDURAL HISTORY

On or about June 4, 2012, Appellants filed their opening appellate brief. Pursuant to the Scheduling Order entered by the Court, the briefs of all of the Appellees were due to be filed on July 4, 2012. Appellee City of Hackensack ("Hackensack") obtained a verbal clerk's extension and filed its brief on or about July 23, 2012.

With regard to the State Appellees, Governor of New Jersey, Attorney General of New Jersey, and Superintendent of State Police, after multiple extensions of time granted by the Court, the Court entered an order providing: (1) that the brief of State Appellees was required to be filed no later than September 28, 2012; and (2) that there would be no further extensions. The State Appellees failed to file their brief on September 28, 2012 but instead filed their brief on October 1, 2012 along with a motion seeking leave to file their brief out of time.

On October 12, 2012, the Court denied the State Appellees' motion to file their brief out of time and ordered the brief stricken from the docket and the paper copies discarded. On October 17, 2012, the State Appellees' filed a motion for reconsideration of the denial of their motion to file their brief out of time. That motion is still pending as of the filing of this reply brief by Appellants.

Because the State Appellees' brief has been stricken and is not part of the appellate record as of the filing of this reply brief, Appellants have been advised by

the Clerk's office that they need not and should not address any portion of the State Appellees' brief in this reply brief. Accordingly, this reply brief addresses only those arguments presented by Hackensack in its brief and does not address any of State Appellees' issues. Appellants reserve their right to submit an additional reply brief addressing such issues should the State Appellees' motion for reconsideration be granted by the Court.[1]

P<small>RELIMINARY</small> S<small>TATEMENT</small>

Appellee Hackensack offers two arguments in its brief. First, Hackensack argues that the District Court correctly declined to exercise supplemental jurisdiction over the state law claims found in Counts V and VI of the Second Amended Complaint. However, this is not an issue on appeal, and Appellants have not even argued that the District Court should have retained jurisdiction after dismissing federal claims in Counts I through IV. All Appellants have argued is that if this Court reverses the decision below and reinstates the federal counts, the Court should also direct the District Court to resume jurisdiction of the state law claims and decide those claims on the merits. As such, the District Court's decision to decline supplemental jurisdiction is not on appeal and is not before this Court. Thus, Hackensack's argument in this regard is irrelevant to the appeal.

---

[1] In a telephone conversation with the Case Manager on November 5, 2012, Appellants' counsel was advised that if the State Appellees' motion is granted, and their brief is reinstated, Appellants will be afforded an opportunity to respond to the State Appellees' brief in writing.

Second, Hackensack offers several arguments as to why the District Court had no jurisdiction to hear the state law claims: first arguing that there is no injury to Defendant Vincent Furio, and therefore no standing to bring the claims; second that the state law claims are moot as to Hackensack, as Hackensack has already complied with the requirement of state law identified by Appellants; and third, that state law claims should have been dismissed under *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1983).

However, the merits of the state law claims are also not before this Court since the District Court did not decide those issues. Although Hackensack presented those arguments below, no decision on those arguments was rendered because the District Court declined to exercise supplemental jurisdiction over those claims once the federal law claims were dismissed. Therefore there is nothing on appeal for this Court to hear as to the state law claims. As such, this Court has nothing on which to rule with respect to the state law claims.

ARGUMENT

I.   APPELLANTS DO NOT DISPUTE THE DISTRICT COURT'S DECISION TO DECLINE SUPPLEMENTAL JURISDICTION AFTER HAVING DISMISSED ALL FEDERAL LAW CLAIMS, AND THEREFORE THERE IS NO ISSUE REGARDING SUPPLEMENTAL JURISDICTION BEFORE THIS COURT TO REVIEW

Fundamentally, this Court should recognize that there are no issues on appeal relating to Counts V and VI of the Second Amended Complaint (the "State

Law Claims"). Thus, Hackensack has no arguments to make before this Court. Nothing has been appealed with respect to the State Law Claims, and no relief has been requested of this Court with respect to the State Law Claims. Thus, as can be seen below, Hackensack's arguments are of no moment in this appeal.

First, Hackensack spends considerable time justifying the District Court's decision to decline supplemental jurisdiction over the State Law Claims once the federal claims had been dismissed. Yet, Appellants have not claimed that such decision by the District Court was incorrect, and thus such decision is not before this Court on appeal.

Further, the record reveals that Hackensack did not ask the District Court to decline supplemental jurisdiction on any other basis. Accordingly, that issue, similarly, is not before this Court.

Nevertheless, 28 U.S.C. §1367(c) makes it plain that if the federal claims are reinstated, there would be no basis for the District Court to decline supplemental jurisdiction. 28 U.S.C. §1367(c) provides that the District Court may decline supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of state law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Other than (3), none of the other grounds are present here. First, the claim does not raise a novel or complex issue of state law. In fact, all parties agree that Appellants' position on the question of state law is correct. The parties only differ as to the implications of Hackensack's misconduct and whether Hackensack's misconduct and continued violation of state law warrant relief from the Court.

Second, the State Law Claims do not substantially predominate over the federal claims. The primary claims in this action relate to the preemption of the One Gun Law by federal law, 15 U.S.C. §5001(g)(ii), and the manner in which the implementation of the One Gun Law violates federal due process in providing exemptions. The State Law Claims allege that various municipalities, including Hackensack, have violated N.J.A.C. 13:54-1.4(h) by refusing to issue multiple handgun purchase permits. Since that claim only indirectly arises as a result of the One Gun Law, it is clearly not the primary issue in the case.

Finally, Hackensack can identify no exceptional circumstances which provide compelling reasons for declining jurisdiction should the federal claims in the case be reinstated by this Court.

As such, although the issue of whether the District Court can and should decline supplemental jurisdiction under other circumstances is not before this Court, the record plainly revels that the District Court would not be warranted in declining supplemental jurisdiction if the federal law claims are reinstated.

II. THE CLAIMS AGAINST HACKENSACK ARE NOT MOOT AND APPELLANTS DO HAVE STANDING TO ASSERT SUCH CLAIMS, AS THE RECORD DEMONSTRATES THAT HACKENSACK CONTINUED TO VIOLATE STATE PERMITTING LAW AS TO OTHER MEMBERS OF APPELLANT ANJRPC EVEN AFTER ISSUING PERMITS TO APPELLANT FURIO

Again, Hackensack asserts an argument that is not actually on appeal. The District Court made no decision regarding mootness or standing. As such, those issues are not before this Court.

Nevertheless, Hackensack is incorrect in any event. Hackensack makes much of the idea that, after being sued in this action, Hackensack issued Appellant Vincent Furio his multiple handgun permits, and suggests that, therefore, the Court has no subject matter jurisdiction to hear the State Law Claims, arguing lack of standing and mootness. However, Hackensack misses the thrust of Appellants' arguments in this matter.

First, Hackensack ignores that Furio is not the only Appellant with claims against Hackensack. Appellant Association of New Jersey Rifle and Pistol Clubs ("ANJRPC") has organizational standing in this matter and has other members

who live in Hackensack who seek to apply for and obtain multiple handgun purchase permits. What the record below plainly shows, and Hackensack has never offered any evidence in the record to contradict this, is that Hackensack had and continues to have a policy and practice of denying multiple handgun permits to applicants other than Furio. The Supplemental Certification of Vincent Furio dated March 10, 2011, A250, reveals that on February 15, 2011, when Furio appeared at the Hackensack Police Department to apply for permits, nearly one year after Hackensack swore to the District Court that it had ceased the practice of denying multiple handgun permits, the Hackensack Police still had a sign on the wall advising that only one permit per application would be issued. A251-52; A254. Further, the clerk sitting at the desk was still advising people, including Furio, that only permit per application would be issued. A252.

It was only when Furio insisted that he had a right to multiple permits that he was permitted to apply for multiple permits. A252-53. That Hackensack continued and still continues to assert that it will not issue multiple permits to applicants other than Furio is amply evidenced by the fact that the applicant in line behind Furio had no idea that multiple permits could be applied for until Furio made his application. A253.

This, combined with Hackensack's outright and steadfast refusal to commit its alleged change in policy to writing, its refusal to enter into any agreement, and

its insistence that it will not enter into any type of consent order memorializing or compelling it to comply with the law makes it plain that other than with respect to Furio, Hackensack has no intention of complying with the legal requirement that it allow people to apply for multiple handgun purchase permits. Hackensack insists on flagrantly violating state law with respect to everyone who is not Furio, and the record reflects that Hackensack blatantly mislead the District Court with respect to its intention to comply with the law.

Finally, the Certification of Alejandro Alonso reflects that municipalities other than Hackensack, such as Harrison, continue to unlawfully limit the number of permits which may be applied for and obtained. As this litigation proceeds, Appellants continue to discover additional municipalities violating state law in this manner, demonstrating that only a judgment of a federal court will end these permitting abuses.

Accordingly, the record reflects that the claims against Hackensack are alive and well, and unless the District Court enters an order compelling it to comply with the law with respect to permitting, Hackensack (and others) will continue to deny everyone other than Furio, including other members of ANJRPC, the right to apply for multiple handgun purchase permits as provided by state law.

Thus, this is not a "potential future injury" or "the mere possibility of a future injury." This is an existing pattern and practice which currently and actually

injures ANJRPC members who live in Hackensack and other municipalities. In fact, there is nothing in the record to suggests that since this lawsuit started, Hackensack has ever issued multiple permits to anyone other than Furio.

As such, since this issue is not actually on appeal, this Court has nothing on which to rule with respect to standing and mootness regarding the State Law Claims. Nevertheless, Hackensack's arguments also fail on their merits.

III.    *PENNHURST STATE SCHOOL & HOSPITAL V. HALDERMAN* DOES NOT APPLY TO HACKENSACK.

Finally the District Court also did not rule on Hackensack's argument that the Eleventh Amendment and *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1983) warrant dismissal of the State Law Claims. Thus, that argument is also not before this Court. Nevertheless, this argument also fails on its merits.

In its brief, Hackensack acknowledges that the Eleventh Amendment and *Pennhurst* do not apply to municipalities such as Hackensack. Nevertheless, Hackensack argues that there is an exception to this rule "where the relief runs against the state."

However, no claim with respect to handgun purchase permit rationing has been asserted against the state, and there is no evidence in the record below that the where the New Jersey State Police are the appropriate issuing authority for

handgun purchase permits that they have been limiting the number of permits which may be applied for. In fact, all parties agree that the State Police issued a guidance specifically indicating that issuing authorities may *not* limit the amount of handgun purchase permits which may be applied for and obtained. Thus, the relief sought in this lawsuit has only been requested against, and only applies to, municipalities such as Hackensack in light of their unlawfully limiting the issuance of handgun purchase permits.

Hackensack is raising a straw-man argument, suggesting that it might be compelled to do something that the state would not do. However, the record is clear that the state agrees with Appellants' position with respect to the state law issue and has also made it clear that limiting the issuance of such permits is not appropriate and not permissible by law. Accordingly, the idea that Hackensack would be subject to an injunction compelling it to conduct itself in a way that the state would not be required to conduct itself is simply ludicrous when the state has made it clear that it has been complying with state law in this regard and intends to do so in the future.

Accordingly, no Eleventh Amendment issue is before this Court. Nevertheless, on its merits, Hackensack is not entitled to Eleventh Amendment immunity and the claims against Hackensack should be permitted to proceed.

No issue relating to Hackensack is on appeal or before this Court. Thus, this Court should not rule on any issue raised in Hackensack's brief.

Appellants have not claimed that the District Court improperly declined supplemental jurisdiction when it dismissed all of the federal claims.

The District Court did not make any rulings with respect to mootness or standing. Nevertheless, the claims against Hackensack are not moot and Appellants have standing to assert them because the record below is uncontroverted that Hackensack has engaged in and continues to engage in a pattern and practice of violating state law by denying multiple handgun purchase permits to everyone other than Vincent Furio, and because Hackensack has demonstrated a steadfast unwillingness to commit in writing to comply with state law.

Finally, the District Court did not rule on any Eleventh Amendment issue below, and thus, that issue is not before the Court. Nevertheless, Hackensack is not entitled to a Eleventh Amendment immunity under *Pennhurst*, and therefore the claims against Hackensack remain valid.

Accordingly, Appellants respectfully request that this Court reverse the judgment below, and direct the District Court to enter the preliminary injunction requested and grant Appellants' motion for summary judgment.

Dated: November 7, 2012

/s/ Daniel L. Schmutter, Esq.
Daniel L. Schmutter, Esq.
GREENBAUM, ROWE, SMITH & DAVIS, LLP
P.O. Box 560
Woodbridge, New Jersey 07095-0988
(732) 549-5600 tel.
(732) 476-2541 fax
*dschmutter@greenbaumlaw.com*

## RULE 28.3(d) CERTIFICATION

Pursuant to L.A.R. 28.3(d), the undersigned hereby certifies that the attorney whose name appears on this brief, Daniel L. Schmutter, is admitted to practice before this Court.

/s/ Daniel L. Schmutter, Esq.
Daniel L. Schmutter, Esq.

## CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a) AND LOCAL RULE 31.1

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify the following:

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because this brief contains **2592** words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using the 2008 version of Microsoft Word in 14 point Times New Roman font.

This brief complies with the electronic filing requirements of Local Rule 31.1(c) because the text of this electronic brief is identical to the text of the paper copies, and the Vipre Virus Protection,  version 3.1 has been run on the file containing the electronic version of this brief and no viruses have been detected.

/s/ Daniel L. Schmutter, Esq.
Daniel L. Schmutter, Esq.

# AFFIDAVIT OF SERVICE

DOCKET NO. 12-1624

------------------------------------------------------------------------------X

Association New Jersey Rifle and Pistol Clubs

       vs.

Governor of the State of NJ

------------------------------------------------------------------------------X


      I, Elissa Matias , swear under the pain and penalty of perjury,  that according to law and being over the age of 18, upon my oath depose and say that:

      on November 7, 2012

      I served the **Reply Brief on behalf of Appellants** within in the above captioned matter upon:

Robert Lougy, Esq.
Office of the Attorney General of New Jersey
Division of Law Employment Litigation Section
25 Market Street
PO Box 112
Trenton NJ 08625
(609) 292-0690

Craig M. Pogosky, Esq.
Zisa & Hitscherich
77 Hudson Street
Hackensack NJ 07601
(201) 342-1103

via **electronic filing and electronic service**, as well as,  **Express Mail** by depositing  **2** copies of same, enclosed in a post-paid, properly addressed wrapper, in an official depository maintained by United States Postal Service

Unless otherwise noted, copies have been sent to the court on the same date as above for filing via Express Mail.


**Sworn to before me on November 7, 2012**


 **/s/ Robyn Cocho**

_____      /s/ Elissa Matias
Robyn Cocho                  Elissa Matias
Notary Public State of New Jersey
No. 2193491
Commission Expires January 8, 2017

                           Job # 244465